## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

JASON PAYNE,
3057 Nutley Street #131
Fairfax, VA 22031

        *Plaintiff*,

      v.

JOSEPH R. BIDEN, Jr.                  Civil Action No.: 1:21-cv-03077
President of the United States
1600 Pennsylvania Avenue, NW
Washington, DC 20500

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT
1900 E Street NW
Washington, DC 20415

KIRAN AHUJA, Director
United States Office of Personnel Management
1900 E Street NW
Washington, DC 20415

GENERAL SERVICES ADMINISTRATION
1800 F Street NW
Washington, DC 20405

ROBIN CARNAHAN, Administrator
General Services Administration
1800 F Street NW
Washington, DC 20405

OFFICE OF MANAGEMENT AND BUDGET
725 17th Street NW
Washington, DC 20503

SHALANDA YOUNG, Acting Director
Office of Management and Budget
725 17th Street NW
Washington, DC 20503

SAFER FEDERAL WORKFORCE TASK FORCE
c/o the General Services Administration
1800 F. Street NW
Washington, DC 20405

JEFFREY ZIENTS, Co-Chair
Safer Federal Workforce Task Force and COVID-19
Response Coordinator
c/o the General Services Administration
1800 F. Street NW
Washington, DC 20405

UNITED STATES DEPARTMENT OF DEFENSE
1400 Defense Pentagon
Washington, DC 20301

LLOYD J. AUSTIN, III, Secretary of the United States
Department of Defense
1400 Defense Pentagon
Washington, DC 20301

UNITED STATES DEPARTMENT OF THE NAVY
1000 Navy Pentagon
Washington, DC 20350

and

CARLOS DEL TORO, Secretary of the Navy
1000 Navy Pentagon
Washington, DC 20350

*Defendants.*

_____/

## **COMPLAINT**

1.     In the wake of his Administration's inability to end the COVID-19
pandemic, President Joseph R. Biden has decreed COVID-19 vaccination to be a
condition of federal civilian employment, even for workers who have natural

immunity to the virus. However, the Constitution does not give him this power, and no law passed by the Congress authorizes it.

2.      The plaintiff, Jason Payne, is a federal civilian worker. He has been a dedicated member of the civil service for more than two decades. Mr. Payne has recovered from COVID-19 and has natural immunity. He refuses vaccination. As a result, the defendants have promised he will lose his job.

3.      A vaccine mandate exceeds the President's lawful powers. Facially and as applied, it also violates Mr. Payne's fundamental Due Process rights and liberty interests, including his right to privacy and his right to be free from the forcible injection of unwanted and unnecessary medication. Accordingly, Mr. Payne brings this action to enjoin the defendants and to protect the rule of law.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702. Plaintiff has a cause of action in equity and under 28 U.S.C. § 1651 to declare unlawful and to enjoin Executive Branch action violating the Constitution. Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

## PARTIES

6.      The plaintiff Jason Payne is a federal civilian employee and resident of the Commonwealth of Virginia. In 2001, after earning a Bachelor of Science degree in Physics with a minor in Mathematics from Longwood College, and then a Master

of Engineering degree from the Mechanical Engineering department at the University of Virginia, Mr. Payne joined the federal civil service working for the Department of the Navy. He is currently employed as an engineer with the Office of Naval Research. Mr. Payne reasonably expects to continue working in this Office.

7.     Mr. Payne contracted COVID-19 and recovered, thereby acquiring natural immunity against the disease. According to a summary of clinical studies published on September 21, 2021, and subsequently cited by the Centers for Disease Control and Prevention, "natural immunity in COVID-recovered individuals is, at least, equivalent to the protection afforded by full vaccination of COVID-naïve populations", "vaccination of COVID-recovered individuals should be subject to clinical equipoise and individual preference", and "National policy should reflect the need for clinical equipoise and restraint in the decision to vaccinate [COVID-recovered] individuals by mandate." Mahesh B. Shenai, et al, *Equivalency of Protection from Natural Immunity in COVID-19 Recovered Versus Fully Vaccinated Persons: A Systematic Review and Pooled Analysis,* medRxiv, 2, 18 (2021) https://www.medrxiv.org/content/10.1101/2021.09.12.21263461v1.full-text;   Centers for Disease Control and Prevention, *Science Brief: SARS-CoV-2 Infection-induced and Vaccine-induced     Immunity*     at     fn.79     (Oct.     29,     2021) https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/vaccine-induced-immunity.html#print.

8.     Defendant Joseph R. Biden is the President of the United States. He is sued in his official capacity. Without legal authority and in violation of Mr. Payne's constitutional rights, he has mandated vaccination as a condition of federal civilian employment.

9.     Defendant the United States Office of Personnel Management ("OPM") is a federal agency. The OPM serves as the federal government's chief human resources and personnel policy manager. Without legal authority and in violation of Mr. Payne's constitutional rights, it is implementing defendant Biden's vaccine mandate.

10.     Defendant Kiran Ahuja is Director of the OPM and co-chair of defendant Safer Federal Workforce Task Force. Without legal authority and in violation of Mr. Payne's constitutional rights, she is implementing defendant Biden's vaccine mandate. She is sued in her official capacities.

11.     Defendant the General Services Agency ("GSA") is a federal agency established to manage and support the basic functioning of federal agencies. Without legal authority and in violation of Mr. Payne's constitutional rights, it is implementing defendant Biden's vaccine mandate.

12.     Defendant Robin Carnahan is the Administrator of the GSA and a co-chair of defendant Safer Federal Workforce Task Force. Without legal authority and in violation of Mr. Payne's constitutional rights, she is implementing defendant Biden's vaccine mandate. She is sued in her official capacities.

13.     Defendant the Office of Management and Budget ("OMB") is the largest office within the Executive Office of the President of the United States. Without legal authority and in violation of Mr. Payne's constitutional rights, it is implementing defendant Biden's vaccine mandate.

14.     Defendant Shalanda Young is the Acting Director of OMB. Without legal authority and in violation of Mr. Payne's constitutional rights, she is implementing defendant Biden's vaccine mandate. She is sued in her official capacity.

15.     Defendant the Safer Federal Workforce Task Force ("Task Force") was established January 20, 2021, by Executive Order 13,991, 86 Fed. Reg. 7045 (Jan. 20, 2021). Without legal authority and in violation of Mr. Payne's constitutional rights, the Task Force is implementing defendant Biden's vaccine mandate. Although Executive Order 13,991 cited 5 U.S.C. § 7902(c) as authorizing the Task Force's creation and activities, the statute does not do so, and all its activities are *ultra vires* and unlawful.

16.     Defendant Jeffrey Zients is co-chair of defendant Task Force and defendant Biden's COVID-19 "Response Coordinator." Without legal authority and in violation of Mr. Payne's constitutional rights, he is implementing defendant Biden's vaccine mandate. He is sued in his official capacity.

17.     Defendant the United States Department of Defense ("DOD") is a federal agency. Without legal authority and in violation of Mr. Payne's constitutional rights, it is implementing defendant Biden's vaccine mandate.

18.    Defendant Lloyd J. Austin, III is the Secretary of DOD. Without legal authority and in violation of Mr. Payne's constitutional rights, he is implementing defendant Biden's vaccine mandate. He is sued in his official capacity.

19.    Defendant the United States Department of the Navy ("Navy") is a military department within the DOD under the National Security Act Amendments of 1949, 63 Stat. 578. Without legal authority and in violation of Mr. Payne's constitutional rights, it is implementing defendant Biden's vaccine mandate.

20.    Defendant Carlos Del Toro is the Secretary of the Navy. Without legal authority and in violation of Mr. Payne's constitutional rights, he is implementing defendant Biden's vaccine mandate. He is sued in his official capacity.

## FACTS

21.    Before entering office, then-candidate Biden rejected the idea of mandatory vaccinations: "No I don't think [vaccines] should be mandatory." *See, e.g.*, Jacob Jarvis, *Fact Check: Did Joe Biden Reject Idea of Mandatory Vaccines in December 2020*, Newsweek (Sept. 10, 2021), https://www.newsweek.com/fact-check-joe-biden-no-vaccines-mandatory-december-2020-1627774.

22.    On January 20, 2021, defendant Biden issued Executive Order 13,991, 86 Fed. Reg. 7045 (Jan. 20, 2021) attached as Exhibit 1.

23.    Executive Order 13,991 established the Safer Federal Workforce Task Force ("Task Force"). It included the OPM Director (Co-Chair); the GSA Administrator (Co-Chair); the COVID-19 Response Coordinator (Co-Chair); the OMB

Director; the Federal Protective Service Director; the United States Secret Service Director; the Federal Emergency Management Agency Administrator; the Centers for Disease Control and Prevention Director; and any other agency heads that the Co-Chairs jointly or individually invite. Defendant GSA had funding and administrative support responsibilities. "[S]ection 7902(c) of title 5, United States Code" was the sole specific legal authority cited to support its creation and activities.

24.    This section, 5 U.S.C. § 7902(c), provides the President may: (1) "establish by Executive order a safety council composed of representatives of the agencies and of labor organizations representing employees to serve as an advisory body to the Secretary in furtherance of the safety program carried out by the Secretary [of Labor] under subsection (b) of this section" and (2) "undertake such other measures as he considers proper to prevent injuries and accidents to employees of the agencies."

25.    "[S]ubsection (b)," that is, 5 U.S.C. § 7902(b), authorizes the Secretary of Labor to carry out a "safety program" under 33 U.S.C. § 941(b)(1).

26.    Section 941(b)(1) authorizes the Secretary of Labor "to make studies and investigations with respect to safety provisions and the causes and prevention of injuries in employments covered by this chapter, and in making such studies and investigations to cooperate with any agency of the United States or with any State agency engaged in similar work."

8

27.    The referenced "chapter" is chapter 18 of title 33, United States Code. Chapter 18, title 33, United States Code is titled "Longshore and Harbor Workers' Compensation", and all its sections address this topic.

28.    In July 2021, the Biden Administration said that imposing a vaccine mandate was not the role of the federal government. (@Quicktake), Twitter (Jul. 23, 2021, 2:16 PM), https://mobile.twitter.com/Quicktake/status/1418636102643167235.

29.    But then President Biden changed his mind.

30.    On September 9, 2021, he said that his "patience [wa]s wearing thin," and told unvaccinated Americans that "your refusal [to get vaccinated] has cost us all." Morgan Chalfant, *Biden Blames Unvaccinated for COVID-19 Slog*, The Hill (Sept. 9, 2001), https://thehill.com/policy/healthcare/571593-biden-blames-unvaccinated-for-covid-19s-slog. On that day, he issued Executive Order No. 14,043, 86 Fed. Reg. 50989 (Sep. 14, 2021) attached as <u>Exhibit 2</u>.

31.    Executive Order 14,043 required all federal agencies to "implement . . . a program to requir[e] COVID-19 vaccinations for all of its federal employees, with exceptions only as required by law." It directed "the Task Force [to] issue guidance within 7 days of the date of this order on agency implementation of this requirement for all agencies covered by this order." However, this was *ultra vires* overreach and contrary to the express terms of 5 U.S.C. § 7902(c), the supposed authority for the Task Force's formation and operations under Executive Order 13,991.

32.    The Task Force was not a "safety council" under 5 U.S.C. § 7902(c)(1).

9

33.     The President did not have authority under 5 U.S.C. § 7902(c)(2) to order the Task Force to issue "guidance" for a vaccine mandate, his authority narrowly extended only to "injuries and accidents" within the federal workplace.

34.     In any event, Executive Order 14,043 did not cite 5 U.S.C. § 7902(c)(2), as authority for the federal civilian employee vaccine mandate. Rather, it cited only 5 U.S.C. §§ 3301, 3302, and 7301.

35.     Section 3301, titled "Civil Service; generally", does not clearly authorize a vaccine mandate. It provides:

> The President may—(1) *prescribe such regulations for the admission of individuals into the civil service* in the executive branch as will best promote the efficiency of that service; (2) ascertain the fitness of applicants as to age, health, character, knowledge, and ability for the employment sought; and (3) appoint and prescribe the duties of individuals to make inquiries for the purpose of this section.

5 U.S.C. § 3301 (emphasis added).

36.     Section 3302, titled "Competitive service; rules," does not clearly authorize a vaccine mandate by Executive Order. It provides:

> The President may *prescribe rules governing the competitive service*. The rules shall provide, as nearly as conditions of good administration warrant, for—(1) necessary exceptions of positions from the competitive service; and (2) necessary exceptions from the provisions of sections 2951, 3304(a), 3321, 7202, and 7203 of this title. Each officer and individual employed in an agency to which the rules apply shall aid in *carrying out the rules*.

5 U.S.C. § 3302 (emphasis added).

37.     Section 7301, titled "Presidential regulations," does not clearly authorize a vaccine mandate. It provides "The President may *prescribe regulations*

*for the conduct of employees in the executive branch.*" 5 U.S.C. § 7301 (emphasis added).

38.    Executive Order 14,043 was an unprecedented exercise of Executive authority. The Government had not previously claimed authority to mandate vaccines for all federal civilian employees as a condition of employment.

39.    On September 13, 2021, the Task Force published model "Safety Principles" setting November 22, 2021, as a deadline for federal employees to be "fully vaccinated." *See* Safer Federal Workforce, *COVID-19 Workplace Safety: Agency Model Safety Principles,* White House (Sept. 13, 2021) https://www.saferfederalworkforce.gov/downloads/updates%20to%20model%20safety%20principles%209.13.21.pdf attached as <u>Exhibit 3</u>. It did not cite competent or specific statutory authority for this action.

40.    On September 24, 2021, defendant Biden again attacked and stigmatized unvaccinated individuals for not "doing the right thing" and "causing a lot of damage" and alleged that their "refusal to get vaccinated has cost all of us." Counterfactually, defendant Biden said "this is a pandemic of the unvaccinated. And it's caused by the fact that[] . . . we still have over 70 million Americans who have failed to get a single shot." *Remarks by President Biden on the COVID-19 Response and the Vaccination Program*, WH.gov (Sept. 24, 2021), https://www.whitehouse.gov/briefing-room/speeches-remarks/2021/09/24/remarks-by-president-biden-on-the-covid-19-response-and-the-vaccination-program-8/.

41.     On or about October 1, 2021, the OPM issued *Memorandum for Heads of Executive Departments and Agencies*, *Guidance on Applying Coronavirus Disease 2019 Vaccination Requirements to New Hires – Executive Order 14043* (Oct. 1, 2021) https://www.opm.gov/policy-data-oversight/covid-19/director-memo-on-hiring-guidance-vaccine-requirements.pdf attached as <u>Exhibit 4</u>. The OPM's cited legal authority was "Executive Order (EO) 14043, titled, "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees", and "guidance" issued by "the Safer Federal Workforce Task Force, established by EO 13991 (January 20, 2021) … [specifying] that agencies should require all of their employees, with exceptions only as required by law, to be fully vaccinated by November 22, 2021."

42.     Although styled as guidance for new hires, under the heading "Current Federal Employees" the OPM specified a vaccination schedule. Pfizer-BioNTech vaccine subjects were to get their first dose by October 18 and their second dose by November 8; Moderna vaccine subjects were to get their first dose by October 11 and their second dose by November 8; and Johnson & Johnson/Janssen vaccine subjects were to get their one-and-only shot by November 8.

43.     For new hires, the OPM urged agencies to "require all new employees to be fully vaccinated prior to entering on duty" and to "clearly describe in their job opportunity the COVID-19 vaccination requirement", providing sample language for the agencies to use. The OPM advised unvaccinated people were subject to "action up

to and including rescinding the offer for an applicant or termination from service of a new employee (or removal for an employee who has accrued adverse action rights)."

44.    Also, on or about October 1, 2021, the OPM issued enforcement guidance "to assist agencies in implementing" Executive Order 14,043. *Guidance on Enforcement of Coronavirus Disease 2019 Vaccination Requirement for Federal Employees – Executive Order 14,043* at ¶ 1, https://www.opm.gov/policy-data-oversight/covid-19/enforcement-guidance-faqs.pdf attached as Exhibit 5.

45.    Here, the OPM directed agencies, as "part of the education process", to advise their workers that "failure to comply will result in disciplinary action up to and including removal or termination." *Id.* at ¶ 4. The given justification for discipline was "If an employee receives a direct order to receive a vaccine as required under EO 14043 and refuses, this is an act of misconduct." *Id.* at ¶ 9.

46.    Also on October 1, 2021, as "directed" by Executive Order 14,043, the DOD issued a vaccine mandate by memorandum. It required civilian employees, including Mr. Payne, to be "fully vaccinated" by November 22, 2021. It said, "Those with previous COVID-19 infection(s) or previous serology are not considered fully vaccinated on that basis for the purposes of this mandate." *See* Dep't of Defense, *Memorandum for Senior Pentagon Leadership, Commanders of the Combatant Commands, Defense Agency and DOD Field Activity Directors* at 1, 2 (Oct. 1, 2021) https://media.defense.gov/2021/Oct/04/2002867430/-1/-1/0/MANDATORY-CORONAVIRUS-DISEASE-2019-VACCINATION-OF-DOD-CIVILIAN-

EMPLOYEES-OSD008990-21-RESP-FINAL.PDF attached as <u>Exhibit 6</u>.

47.     On October 7, 2021, staff from the OPM, the OMB, and the GSA briefed Congress. The defendants told Congress there would be only an extremely few exceptions to or exemptions from the mandate. Specifically:

> [A]s represented to our staff, the Biden Administration may intend to allow medically-related exemptions only for those already proven to be allergic to available vaccines and those under other exemptions yet to be specified by the Centers for Disease Control and Prevention (CDC). The possibility of exemptions for those already possessing natural immunity to COVID-19 was not adequately addressed by the President's orders, and it was likewise inadequately addressed by the briefing. Yet, science is emerging that natural immunity may be as or more effective than vaccine-induced immunity. The scope of religious exemptions also was insufficiently addressed, and there as yet seems to be no room for exemptions based on personal reasons like those that would validly lead an employee, in consultation with their doctor, to decline vaccination.

*See* Letter from Rep. James Comer, Ranking Member, House Committee on Oversight and Reform, and Rep. Jody Hice, Ranking Member, House Subcommittee on Government Operations, to Director Kiran Ahuja, Administrator Robin Carnahan, and the Hon. Shalanda Young at 2 (Oct. 27, 2021) (*available at* https://republicans-oversight.house.gov/wp-content/uploads/2021/10/Letter-to-OPM-OMB-and-GSA-vaccine-mandate.pdf).

48.     The DOD's vaccine mandate generated "grave" Congressional concern and opposition. *See* Letter from Sen. James M. Inhofe, Ranking Member Senate Committee on Armed Services, to Sec. Lloyd J. Austin III (Oct. 18, 2021) (*available at* https://www.inhofe.senate.gov/newsroom/press-releases/inhofe-urges-dod-to-suspend-vaccine-mandate).

49.     On October 18, 2021, the DOD issued "Force Health Protection Guidance." *See* Dep't of Defense, *Memorandum for Senior Pentagon Leadership, Commanders of the Combatant Commands, Defense Agency and DOD Field Activity Directors: Force Health Protection Guidance* at 4-7, 17 (Oct. 18, 2021) https://media.defense.gov/2021/Oct/18/2002875550/-1/-1/1/FORCE-HEALTH-PROTECTION-GUIDANCE-SUPPLEMENT%2023-REVISION-1-DEPARTMENT-OF-DEFENSE-GUIDANCE-FOR-CORONAVIRUS-DISEASE-2019-VACCINATION-ATTESTATION-SCREENING-TESTING-AND-VACCINATION-VERIFICATION.PDF attached as <u>Exhibit 7</u>. Citing Executive Order 14,043 and the Task Force *Safety Principles*, it reaffirmed the vaccine mandate; decreed "Those with previous COVID-19 infection(s) or antibody test results are not considered fully vaccinated on that basis for the purposes of this memorandum"; and, complying with the OPM's enforcement guidance, promised "DoD civilian employees who refuse to be vaccinated, or to provide proof of vaccination, are subject to disciplinary measures, up to and including removal from Federal service" for failing to obey a direct order.

50.     On October 29, 2021, the DOD provided updated guidance, this time "for implementing additional force health protection and workplace safety measures directed by the White House Safer Federal Workforce Task Force." *See Memorandum for Senior Pentagon Leadership, Commanders of the Combatant Commands, Defense Agency and DOD Field Activity Directors: Force Health Protection Guidance* at 2, 7 (Oct. 29, 2021) https://media.defense.gov/2021/Nov/15/2002892852/-1/-1/0/FHP-

GUIDANCE-(SUPPLEMENT-23)-REV-2-DOD-GUIDANCE-FOR-COVID-19-

VACCINATION-ATTESTATION-SCREENING-TESTING-AND-VACCINATION-

VERIFICATION-CORRECTED-COPY.PDF attached as Exhibit 8. Again, the DOD

decreed "Those with previous COVID-I9 infection(s) or antibody test results are not

considered fully vaccinated on that basis for the purposes of this memorandum";

declared "*all DoD civilian employees must now be vaccinated against COVID-19 as a*

*condition of employment*, [and] exemptions will be granted in limited circumstances

and only where legally required" (emphasis added); and authorized discipline for

employees, including Mr. Payne, to commence on November 22, 2021.

51.    On November 5, 2021, the Assistant Secretary of the Navy issued a

memorandum directing supervisors to "follow the process outlined" in an attachment

titled *COVID-19 Mandatory Vaccination Plan for Civilian Employees* (Nov. 5, 2021)

(*Mandatory Vaccination Plan*) attached as Exhibit 9.

52.    Citing Executive Order 14,043 as authority, the November 5, 2021,

memorandum requires all civilian employees to be fully vaccinated by November 22,

2021. It provides employee discipline may begin as soon as November 22, 2021, unless

the employee has received an exemption, or the agency is considering an exemption

request. Exemptions are limited to "a medical condition or circumstance, or a

sincerely held religious belief, practice, or observance." However, the November 5

memorandum does not provide employees with fair notice of the standards that will

be used to grant or deny an exemption. Full time employees working remotely are not exempt. Natural immunity is not a basis for an exemption.

53.    Mr. Payne has not submitted the required form to his employer (DD 3175) indicating his vaccination status.

54.    Instead, he has advised his direct supervisors that he declines vaccination.

55.    Because of his natural immunity, Mr. Payne is at least similarly situated to vaccinated employees with respect to health risk and transmission. Shenai, at 2, 18; NIH Research Matters, *Lasting immunity found after recovery from COVID-19* (Jan. 26, 2021) ("The results provide hope that people receiving SARS-CoV-2 vaccines *will develop similar lasting immune memories after vaccination*") (emphasis added) https://www.nih.gov/news-events/nih-research-matters/lasting-immunity-found-after-recovery-covid-19.

56.    However, for refusing vaccination he has been improperly stigmatized by being forced to wear a mask when those who are vaccinated did not have to wear one; his official travel is subject to extra scrutiny and additional levels of approval; he is unable to have unrestricted access to his workplace and must produce a negative COVID-19 test for entry when vaccinated workers do not; he was forced to sign an acknowledgement that his failure to be fully vaccinated against COVID-19 by 22 November 2021, or to provide proof of vaccination, "negatively affects the agency's

ability to carry out its mission"; and he must personally bear the cost of COVID-19 testing.

57.     On or about Thursday, November 18, 2021, "dozens" of United States Department of State diplomats and workers in a cable to the agency's Director of Policy Planning, reportedly protested the vaccine mandate, objected to leadership's toleration both for shunning, bullying, and discrimination against unvaccinated colleagues and the failure to protect personally identifiable and health information, and warned that "The enforcement of this mandate will result in the loss of trained and experienced personnel throughout the federal government. Consequently, the progress of our mission will be impeded, [and] our national security will be at greater risk …." Lazar Berman, *U.S. diplomats blast Biden vaccine mandate in internal cable,* The Times of Israel (Nov. 19, 2021) https://www.timesofisrael.com/us-diplomats-blast-biden-vaccine-mandate-in-internal-cable/.

58.     Because the vaccine mandate has been unlawfully declared a "condition of [federal] employment, Mr. Payne and other similarly situated federal civilian employees will be disciplined, suspended without pay, and removed from Federal service for failing to follow a direct order.

59.     Facially and as applied, the vaccine mandate violates Mr. Payne's fundamental Fifth Amendment Due Process privacy and bodily integrity rights and liberty interests.

## CLAIMS FOR RELIEF

<u>First Claim for Relief</u>
*Violation of the Separation of Powers*

60.    Mr. Payne repeats paragraphs 1-59.

61.    The Constitution of the United States "divide[s] the federal government's powers into "three defined categories, Legislative, Executive, and Judicial." *INS v. Chadha*, 462 U.S. 919, 951 (1983). Congress holds the power to make laws as enumerated in Article I, while Article II vests the President with "[t]he executive Power" and assigns him the solemn responsibility to "take Care that the Laws be faithfully executed." U.S. Const. art. II, §§ 1, 3.

62.    Defendants may not impose a vaccine mandate on Mr. Payne and other federal civilian employees without a clear Congressional delegation of authority. Courts "expect Congress to speak clearly when authorizing an agency to exercise powers of 'vast economic and political significance'." *Alabama Assoc. of Realtors v. Dep't of Health and Human Servs.*, 141 S. Ct. 2485, 2489 (2021) (quoting *Utility Air Regulatory Group v. EPA*, 573 U.S. 302, 324 (2014)).

63.    The "economic and political significance" of the vaccine mandate is unmistakable. *Id.* The OPM estimates that the federal workforce comprises 2.1 million civilian employees. *See* Julie Jennings & Jared C. Nagel, *Federal Workforce Statistics Sources: OPM and OMB*, Cong. Research Serv., at 1 (June 24, 2021). The mandate prescribed by Executive Order 14,043 falls on all of them—along with their families and dependents. Only a few employees legally entitled to an exception based

19

on medical condition or religious objection escape its force. *See* 86 Fed. Reg. at 50,990 (declaring that "[e]ach [federal] agency shall implement, to the extent consistent with applicable law, a program to require COVID-19 vaccination for all of its Federal employees, with exceptions only as required by law."). And the mandate is a matter of serious political controversy.

64.   The significance of the vaccine mandate is also manifest by its "intru[sion] into an area that is the particular domain of state law," *id.*, since "[o]ur Constitution principally entrusts '[t]he safety and the health of the people' to the politically accountable officials of the States 'to guard and protect.'" *South Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613 (2020) (Roberts, C.J., concurring) (quoting *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905)).

65.   The Government's "claim of expansive authority" over the personal medical decisions of civilian personnel is literally "unprecedented." *Alabama Assoc. of Realtors*, 141 S. Ct. at 2489. Never has it claimed authority to compel non-emergency essential federal civilian workers to submit to the forcible injection of medication against their will as a condition of federal employment. And none of the laws cited in Executive Order 14,043, 5 U.S.C. §§ 3301, 3302, and 7301, clearly or otherwise, delegate the President authority to require COVID-19 vaccination (or any other vaccination) as a condition of employment in the federal civil service. *Alabama Assoc. of Realtors*, 141 S. Ct. at 2489.

66.     Congress has authorized mandatory vaccination for federal civilian employees who are deemed "emergency essential employees" with a duty to provide immediate and continuing support for combat operations or to support maintenance and repair of combat essential systems of the armed forces. *See* 10 U.S.C. §§ 1580, 1580a. It knows how to delegate vaccination authority. But while Congress has legislated, repeatedly and massively, in response to the COVID-19 pandemic, it has declined to delegate the defendants the authority to mandate vaccination as a condition of federal civilian employment. *Alabama Assoc. of Realtors*, 141 S. Ct. at 2489.

67.     Also, Executive Order 14,043 directed the Task Force to issue "guidance" on agency implementation of the vaccine mandate for all agencies. But even if Executive Order 14,043 was itself lawful, which it was not, the Task Force had no legal authority to do so.

68.     The Task Force's "guidance"—the *Safety Principles*—cited no legal authority other than Executive Order No. 13,391 and Executive Order No. 14,043.

69.     Executive Order 13,391, the Task Force's origin document, cites only 5 U.S.C. § 7902(c) for authority. Section 7902(c) has two subparagraphs. Neither one authorizes, clearly or otherwise, a "Task Force" with the power to issue "guidance" imposing a vaccine mandate as a condition of federal civilian employment.

70.     Section 7902(c)(1) provides "[t]he President may establish by Executive order a safety council." 5 U.S.C. § 7902(c)(1). But the Task Force cannot be such a

safety council for three reasons. First, a safety council must be "composed of representatives of the agencies and of labor organizations representing employees" while the Task Force consists only of agency heads. Second, a safety council only "serve[s] as an advisory body to the Secretary [of Labor]" while the Task Force "provide[s] ongoing guidance to heads of agencies on the operation of the Federal Government, the safety of its employees, and the continuity of Government functions during the COVID-19 pandemic." Third, a safety council exists to advise the Secretary of Labor "in furtherance of the safety program carried out by the Secretary" "under section 941(b)(1) of title 33." That section authorizes the Secretary of Labor "to make studies and investigations with respect to safety provisions and the causes and prevention of injuries in employments covered by this chapter", that is, chapter 18 of title 33, which regulates longshore and harbor workers' compensation. 33 U.S.C. 941(b)(1). The Task Force is not assisting, and has never assisted, the Secretary of Labor in making studies and investigations under chapter 18 of title 33, the Occupational and Health Safety Act, or anything else.

71.    Section 7902(c)(2) authorizes the President to "undertake such other measures as he considers proper to prevent injuries and accidents to employees of the agencies." But a virus is neither an "injury" nor an "accident" according to those terms' ordinary public meaning at the time of enactment. *Bostock v. Clayton Cty., Georgia,* 140 S. Ct. 1731, 1738 (2020); *BST Holdings, L.L.C. v. Occupational Safety & Health Admin., United States Dep't of Lab.*, 2021 WL 5279381 (5th Cir. 2021). And

the President's statutory power to "undertake such other measures as he considers proper to prevent injuries and accidents to employees of the agencies" is cabined by a Secretary of Labor "safety program" for federal workers under 33 U.S.C. § 941(b)(1). *Yates v. United States,* 574 U.S. 528, 537-38 (2015) (Ginsburg, J.). Congress does not hide an elephant the size of a vaccine mandate in a mousehole of this nature. *See Whitman v. Am. Trucking Ass'ns,* 531 U.S. 457, 468 (2001); *Banks v. Booth,* 3 F.4th 445, 449 (D.C. Cir. 2021).

72.   The defendants cite Executive Order 14,043 and the Task Force guidance as their authority for the vaccine mandate, and for the punishments promised to Mr. Payne and other federal civilian workers. However, neither is a competent and lawful authority. Therefore, the federal civilian employee vaccine mandate imposed by Executive Order 14,043 and the Task Force and agency actions in furtherance thereof, all as described herein, are *ultra vires* and violate the separation of powers under Article I, § 1 and Article II, §§ 1 and 3 of the Constitution.

<u>Second Claim for Relief</u>
*Violation of Mr. Payne's Constitutional Privacy Rights*

73.   Mr. Payne repeats paragraphs 1-72.

74.   The Fifth Amendment Due Process Clause guarantees Mr. Payne's right to and fundamental liberty interest in privacy and bodily integrity. *See Washington v. Glucksberg*, 521 U.S. 702, 720 (1997); *Rochin v. California*, 342 U.S. 165 (1952); *see also Planned Parenthood of SE Penn. v. Casey*, 505 U.S. 833, 849 (1992); *Roe v. Wade*, 410 U.S. 113, 153 (1973).

75.     The forcible injection of unwanted and unnecessary medication into Mr. Payne's body against his will is a substantial interference with his liberty. *Washington v. Harper*, 494 U.S. 210, 229 (1990).

76.     Mr. Payne refuses to accept the COVID-19 vaccination mandated by the defendants because he has natural immunity. As a result, plaintiffs have promised he will be disciplined and ultimately discharged from the federal civil service.

77.     The vaccine mandate imposed by Executive Order 14,043 and the agency actions in furtherance thereof, as described herein, violate Mr. Payne's fundamental Due Process rights and liberty interest of privacy and bodily integrity.

<u>Third Claim for Relief</u>
*For Imposing an Unconstitutional Condition on Fundamental Constitutional Rights*

78.     Mr. Payne repeats paragraphs 1-77.

79.     The defendants may not coerce Mr. Payne into giving up his constitutional rights, including his right to privacy and his fundamental liberty interest in bodily integrity, by unlawfully threatening to terminate his federal civilian employment. *Regan v. Taxation with Representation of Wash.*, 461 U.S. 540, 545 (1983).

80.     This principle vindicates constitutional rights "by preventing the government from coercing people into giving them up." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013).

81.     Among other things, it prevents the defendants from placing an unconstitutional condition on Mr. Payne's employment. *See, e.g., Rutan v. Republican*

*Party of Illinois*, 497 U.S. 62 (1990); *Perry v. Sindermann*, 408 U.S. 593, 597 (1972); *United Public Workers v. Mitchell*, 330 U.S. 75, 100 (1947).

82.   Courts have applied the unconstitutional conditions doctrine to safeguard constitutional rights under the First Amendment, *see Perry*, 408 U.S. at 597, and the Fifth Amendment, *see Koontz*, 570 U.S. at 604–05.

83.   The Fifth Amendment Due Process Clause guarantees Mr. Payne's fundamental right to bodily integrity, *see Glucksberg*, 521 U.S. at 720, including the freedom from the forcible injection of medication. *See Harper*, 494 U.S. at 229.

84.   Mr. Payne also has a significant property interest in his federal employment and benefits and in his professional reputation. *McCabe v. Barr*, 490 F.Supp.3d 98, 220-222 (D.D.C. 2020) (Moss, J.).

85.   Because of defendant Biden's campaign to wrongly stigmatize and smear unvaccinated individuals, including Mr. Payne, as the persons responsible for the COVID-19 pandemic, and because of the unconstitutional and *ultra vires* Executive Order 14,043 and the Task Force and agency actions taken to implement same, all as described herein, Mr. Payne faces reputational harm, discrimination, and discipline, up to and including removal from federal service, unless he submits to vaccination.

86.   The defendants' federal civilian employee vaccine mandate thus violates the unconstitutional conditions doctrine by promising to deprive Mr. Payne of public

employment unless he gives up his fundamental rights to and liberty interests in privacy and bodily integrity.

## RELIEF REQUESTED

Wherefore, Mr. Payne respectfully requests the following relief.

A.  A declaration that the federal civilian employee vaccine mandate imposed by Executive Order 14,043 and the various Task Force and agency actions taken in response thereto, all as described herein, are *ultra vires* and unenforceable.

B.  Permanent injunctive relief.

C.  Reasonable costs and attorney fees.

E.  Any other relief that the Court deems just and proper.

November 22, 2021                    Respectfully submitted,


                                    /s/ *Reed D. Rubinstein*
                                    REED D. RUBINSTEIN
                                    D.C. Bar No. 400153
                                    AMERICA FIRST LEGAL FOUNDATION
                                    600 14th Street, N.W.
                                    Fifth Floor
                                    Washington, D.C. 20005
                                    Tel.: (202) 964-3721
                                    E-mail: reed.rubinstein@aflegal.org
                                    *Counsel for Plaintiff*