## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JASON PAYNE,

     *Plaintiff,*

v.

JOSEPH R. BIDEN, et al,

     *Defendants.*

Case No.: 1:21-cv-03077-JEB

## MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING PLAINTIFF JASON PAYNE'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Unsatisfied with the disruptive effects of COVID-19 on the economy and the federal workforce, the President of the United States issued an extraordinary Executive Order mandating COVID-19 vaccinations for all federal civilian employees. Federal departments and agencies have acted to implement that Executive Order. But the Constitution does not empower the President unilaterally to take such unprecedented action, nor does any duly enacted law passed by Congress. And the President's dissatisfaction with the existence of a problem—no matter how severe— does not provide an independent source of authority upon which he can act.

Even if the President *did* have the authority to issue the federal vaccine mandate, he did not narrowly tailor his mandate to avoid intruding on the fundamental rights of federal employees who have natural immunity from COVID-

19, such as the plaintiff in this case. And neither the President, nor his departments and agencies, may impose an unlawful condition on public employment.

The outcome of this case does not depend on a balancing of interests or evaluating competing scientific conclusions. The President simply lacked authority to issue this vaccine mandate. And for that reason, this Court should grant Mr. Payne's motion for summary judgment, declare Executive Orders 13,991 and 14,043 *ultra vires* and unlawful, and permanently enjoin the defendants' vaccine mandate.

## BACKGROUND

President Biden issued Executive Order 13,991 on January 20, 2021. It created the Safer Federal Workforce Task Force (the "Task Force"). *See* <u>Exhibit 1</u>.

President Biden issued Executive Order 14,043 on September 9, 2021. It mandated COVID-19 vaccination for all federal civilian employees and directed the Task Force to issue "guidance" within seven days "on agency implementation." *See* <u>Exhibit 2</u>.

The defendant Task Force issued guidance in the form of "Safety Principles" on September 13, 2021, setting November 22, 2021, as the deadline for all federal civilian employees to be "fully vaccinated" except "in limited circumstances where an employee is legally entitled to a reasonable accommodation." *See* <u>Exhibit 3</u>.

The Office of Personnel Management (the "OPM") issued hiring guidance on October 1, 2021, specifying a vaccination schedule for existing federal civilian employees, and requiring vaccination to be described in job opportunities as a

condition of federal employment. It cited Executive Order 14,043 and the Task Force guidance as legal authority for these actions. *See* Exhibit 4.

The OPM also issued "enforcement guidance" on October 1, 2021, to "assist agencies in implementing" Executive Order 14,043. The OPM directed agencies to advise workers that failure to comply with the vaccination mandate "will result in disciplinary action" because refusing "is an act of misconduct." If "the individual continues to refuse to comply, the agency should pursue disciplinary measures, up to and including removal or termination from Federal service." *See* Exhibit 5.

Citing Executive Order 14,043, the defendant Department of Defense (the "DOD") issued a memorandum on October 1, 2021, mandating vaccination by November 22, 2021. It specified that individuals who had suffered a previous COVID-19 infection would not be considered "fully vaccinated" and would require injection. *See* Exhibit 6. However, the evidence strongly suggests previously infected individuals' immunity "is, at least, equivalent to the protection afforded by full vaccination of COVID-naïve populations." ECF No. 1 ¶¶ 7, 55 (citations omitted).

Also citing Executive Order 14,043 and the Task Force's guidance, the DOD issued vaccine mandate guidance on October 18, 2021. This memo reiterated that individuals who had suffered a previous COVID-19 infection would not be considered "fully vaccinated" and would require injection. It further pledged (as the OPM directed) that employees who refused to be vaccinated or to provide proof of vaccination "are subject to disciplinary measures, up to and including removal from Federal service" for failure to obey a direct order. *See* Exhibit 7.

On October 29, 2021, the DOD issued supplemental guidance, still citing Executive Order 14,043, the Task Force guidance, and its October 1, 2021, memorandum. Once more, it reaffirmed individuals who had suffered a previous COVID-19 infection would not be considered "fully vaccinated" and would require injection. In conformity with Executive Order 14,043, the Task Force guidance and the OPM hiring and enforcement guidance, the DOD's supplemental guidance explicitly specified all DOD civilian employees must be vaccinated "as a condition of employment," subject only to exemptions "in limited circumstances" for religious and medical reasons (other than prior COVID-19 infection). *See* Exhibit 8.

Citing Executive Order 14,043, the Task Force guidance, and the DOD memoranda, the defendant Department of the Navy issued a separate but substantively identical injection mandate to its civilian employees on November 5, 2021. *See* Exhibit 9.

The plaintiff, Jason Payne, is a full-time federal civilian employee, working for the Department of the Navy. *See* Affidavit of Jason Payne ("Payne Aff.") ¶ 4. He has worked in the federal service for over twenty years. *Id.* He contracted COVID-19 in September 2020 and has since fully recovered. *Id.* ¶ 5. He has not complied with the vaccine mandate and has not claimed an exemption based on religious conscience or medical condition. *Id.* ¶ 12; ECF No. 1 ¶¶ 53-54. Accordingly, the defendants have promised that Mr. Payne will suffer progressive discipline, including counseling, suspension without pay, and termination from the Federal service for refusing injection. *Id.* ¶ 15; ECF No. 1 ¶¶50-52; ECF Nos. 1-3, 1-4, 1-5, 1.6, 1-7, 1-8, 1-9. As a

result, Mr. Payne has suffered injuries and harm including stigma, burdensome masking and travel requirements, reputational injury, the violation of his privacy rights, and mental distress. Payne Aff. ¶¶ 13-17.

## STANDING AND RIPENESS

Mr. Payne has standing to bring this case, and it is ripe for adjudication.

Article III standing requires that the plaintiff have (1) suffered an injury in fact "that is concrete, particularized, and actual or imminent," *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021), (2) that is "fairly traceable" to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "When the suit is one challenging the legality of government action" and the plaintiff is himself an object of the action, "there is ordinarily little question" that the action has caused him injury, and that a judgment preventing the action will redress it. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561-62 (1992).

Mr. Payne has suffered "concrete" and "particularized" injury that is "imminent" or "actual," especially now that the November 22 compliance deadline has passed. His injuries are "fairly traceable" to the defendants' challenged conduct. It is "sufficient" that a party "sustains injury from an executive act that allegedly exceeds the official's authority." *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2196 (2020) (internal quotation marks and citation omitted). Finally, Mr. Payne's injury is redressable. The defendants might argue that this Court cannot issue relief against defendant Biden for an unlawful order. *See Chamber of Com. v. Reich*, 74

F.3d 1322, 1331 n.4 (D.C. Cir. 1995). However, there is also a long-established history of vindicating claims directed at a subordinate executive official. *Id.; see also Nat'l Treasury Emps. Union v. Nixon*, 492 F.2d 587, 602 (D.C. Cir. 1974); *TikTok Inc. v. Trump*, 507 F. Supp. 3d 92, 96 (D.D.C. 2020); *Gomez v. Trump*, 485 F. Supp. 3d 145, 165, 205 (D.D.C. 2020). And courts have repeatedly approved judgments against the President. *Clinton v. City of New York*, 524 U.S. 417, 425 n.9 (1998); *National Treasury Employees Union v. Nixon*, 492 F.2d 587, 616 (D.C. Cir. 1974); *CREW v. Trump*, 302 F. Supp. 3d 127, 139 n.5 (D.D.C. 2018). No federal official, from the highest to the lowest, is above the law. *United States v. Nixon*, 418 U.S. 683, 715 (1974); *United States v. Lee*, 106 U.S. 196, 220 (1882).

This case is ripe. Mr. Payne has alleged both existing and imminent injuries-in-fact. *See* Payne Aff. at ¶¶ 12-17; *Am. Petroleum Inst. v. E.P.A.*, 683 F.3d 382, 386 (D.C. Cir. 2012). As the Supreme Court said, "We normally do not require plaintiffs to 'bet the farm ... by taking the violative action' before 'testing the validity of the law', and we do not consider this a 'meaningful avenue of relief.'" *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 490-91 (2010).

## STANDARD OF REVIEW

A court grants summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). A "material" fact is one with potential to change the substantive outcome of the litigation. *See id.* at 248; *Holcomb v. Powell*, 433 F.3d 889,

895 (D.C. Cir. 2006). A dispute is "genuine" if a reasonable jury could determine that the evidence warrants a verdict for the nonmoving party. *See Liberty Lobby*, 477 U.S. at 248; *Holcomb*, 433 F.3d at 895; *Novartis Pharm. Corp. v. Espinosa, et al.*, 2021 WL 5161783, at *5 (D.D.C. Nov. 5, 2021).

For cases alleging *ultra vires* Executive action, courts should start with the plain text of the statutes in which delegated authority is said to reside, construed in accord with the ordinary public meaning of the terms at the time of enactment. *See Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1738 (2020); *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019); *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000). Authority must be clearly delegated, for Congress does not hide elephants in mouseholes. *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485, 2489 (2021); *Whitman v. Am. Trucking Ass'ns,* 531 U.S. 457, 468 (2001); *Banks v. Booth,* 3 F.4th 445, 449 (D.C. Cir. 2021). Finally, statutes must be construed as written, and in context, even if some other approach might be good policy. *Yates v. United States*, 574 U.S. 528, 537-38 (2015); *English v. Trump*, 279 F. Supp. 3d 307, 311 (D.D.C. 2018).

Mr. Payne's Due Process claims arise from the defendants' alleged infringement of his fundamental rights and liberties. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997); *Rochin v. California*, 342 U.S. 165, 172 (1952); *Planned Parenthood of Southeast Pennsylvania v. Casey*, 505 U.S. 833, 849 (1992); *Roe v. Wade*, 410 U.S. 113, 153 (1973); *Abigail All. for Better Access to Developmental Drugs v. von Eschenbach*, 495 F.3d 695, 702 (D.C. Cir. 2007) (citations omitted). Strict

scrutiny thus applies. The defendants therefore must demonstrate that denying him an accommodation or exception based on natural immunity advances factually specific governmental "interests of the highest order" and is narrowly tailored to achieve those interests. *Fulton v. City of Philadelphia, Pennsylvania*, 141 S. Ct. 1868, 1881 (2021); *Reno v. Flores*, 507 U.S. 292, 301–02 (1993).

<b>ARGUMENT</b>

## I.   THE VACCINE MANDATE VIOLATES THE SEPARATION OF POWERS AND IS *ULTRA VIRES*

The Constitution of the United States "divide[s] the federal government's powers into "three defined categories, Legislative, Executive, and Judicial." *INS v. Chadha*, 462 U.S. 919, 951 (1983). The President's power, if any, to issue an order must stem either from an act of Congress or from the Constitution itself. *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 585 (1952). President Biden may recommend laws he thinks wise and veto laws he thinks bad. But the opening section of Article I leaves no doubt that "All legislative Powers herein granted shall be vested in a Congress of the United States". U.S. Const. art I, § 1; *Youngstown Sheet & Tube Co.* 343 U.S. at 587-88.

Although courts sometimes defer to the President, judicial skepticism is high where, as here, the President claims to exercise some vast, newly discovered power to compel or regulate based on a cryptic delegation of authority. *See Alabama Ass'n of Realtors*, 141 S. Ct. at 2489; *Util. Air Regul. Grp. v. E.P.A.*, 573 U.S. 302, 324 (2014); *Brown & Williamson,* 529 U.S. at 160 (citations omitted). There is no express constitutional language granting President Biden the authority he has claimed in

this case. Therefore, the federal civilian worker vaccine mandate, a matter of very great economic, political, and Constitutional significance,[1] must be supported by a clear and direct Congressional authorization. *See* U.S. Const. art. I, § 1; *Alabama Assoc. of Realtors*, 141 S. Ct. at 2489; *Util. Air Regul. Grp.,* 573 U.S. at 324; *Youngstown Sheet & Tube*, 343 U.S. at 585; *BST Holdings, L.L.C. v. Occupational Safety & Health Admin., United States Dep't of Lab.*, ___ F.4th ___, 2021 WL 5279381 (5th Cir. Nov. 12, 2021).

Executive Order 14,043 claims 5 U.S.C. §§ 3301, 3302, and 7301 as authority for the vaccine mandate. Executive Order 13,991 claims 5 U.S.C. § 7902(c) as authority for the Task Force. The statutory text, however, does not support these claims. Rather, the President and his agencies have unlawfully jammed the broadest Executive power imaginable - the power to compel federal civilian workers to choose between unwanted injections and their careers and livelihoods - into the very smallest of statutory mouseholes. The defendants have exceeded their lawful authority. *See Whitman,* 531 U.S. at 468; *Banks,* 3 F.4th at 449; *see also BST Holdings, L.L.C.,* ___ F.4th at ___. 2021 WL 5279381 at *8 (separation of powers principles "case doubt" over the OSHA vaccine mandate) (citations omitted).

---

[1] The vaccine mandate is economically significant. Julie Jennings & Jared C. Nagel, *Federal Workforce Statistics Sources: OPM and OMB*, Cong. Research Serv., at 1 (June 24, 2021) (the OPM estimates that the federal civilian workforce includes 2.1 million employees); ECF No. 1 ¶ 63. It is politically significant. ECF No. 1 ¶¶ 47-48. And it affects federal civilian employees' constitutionally protected property right in their jobs and pensions. "Our precedents require Congress to enact exceedingly clear language if it wishes to significantly alter the balance between federal and state power and the power of the Government over private property." *United States Forest Service v. Cowpasture River Preservation Assn.*, 140 S. Ct. 1837, 1850 (2020).

A.   <u>The Executive Order 14,043 Vaccine Mandate Is *Ultra Vires*</u>

Executive Order 14,043 cites 5 U.S.C. §§ 3301, 3302, and 7301 as authority for

the vaccine mandate. Section 3301, titled "Civil Service; generally", provides:

> The President may—(1) prescribe such *regulations for the admission of individuals into the civil service* in the executive branch as will best promote the efficiency of that service; (2) ascertain the fitness of applicants as to age, health, character, knowledge, and ability for the employment sought; and (3) appoint and prescribe the duties of individuals to make inquiries for the purpose of this section.

5 U.S.C. § 3301 (emphasis added).

> Section 3302, titled "Competitive service; rules", provides:

> The President may *prescribe rules governing the competitive service*. The rules shall provide, as nearly as conditions of good administration warrant, for—(1) necessary exceptions of positions from the competitive service; and (2) necessary exceptions from the provisions of sections 2951, 3304(a), 3321, 7202, and 7203 of this title. Each officer and individual employed in an agency to which the rules apply shall aid in *carrying out the rules*.

5 U.S.C. § 3302 (emphasis added).

Section 7301, titled "Presidential regulations," provides "The President may

prescribe *regulations* for the *conduct* of employees in the executive branch." 5 U.S.C.

§ 7301 (emphasis added).

These statutes do not expressly authorize the President to decree and impose

a vaccine mandate on all federal civilian workers. Nor do they allow such a power to

be fairly implied. *Accord Alabama Assoc. of Realtors,* 141 S. Ct. at 2489; *Youngstown

Sheet & Tube,* 343 U.S. at 585. Indeed, no President has ever before claimed to have

such power.

Congress knows how to delegate the President lawful authority to make vaccination a condition of federal civilian employment. *See* 10 U.S.C. § 1580a (delegating the Secretary of Defense the power to "prescribe regulations" for a civilian employee anthrax vaccine mandate). Congress has legislated repeatedly and extensively on COVID-19, yet it has not seen fit to delegate the President similar authority for the COVID-19 vaccine. Therefore, Executive Order 14,043 is *ultra vires* and unconstitutional.

B.      The Task Force is *Ultra Vires* and Violates the Separation of Powers

Executive Order 13,991 created the Safer Federal Workforce Task Force, citing only Section 7902(c), Title 5, United States Code, 5 U.S.C. § 7902(c), as authority. Executive Order 14,043 directed the Task Force to issue the vaccine mandate guidance used by the OPM, the DOD, and the Navy, to direct, justify, and shape their actions in this case. *See* ECF No. 1 ¶¶ 31, 39, 41-46, 49-52. But the Task Force was unlawfully constituted, and, even if of lawful origin, it lacked legal authority to issue vaccine mandate guidance.

Section 7902(c) has two subparagraphs. Section 7902(c)(1) authorizes the President to "establish by Executive Order a safety council composed of representatives of the agencies and of labor organizations representing employees to serve as an advisory body to the Secretary in furtherance of the safety program carried out by the Secretary under subsection (b) of this section." 5 U.S.C. § 7902(c)(1). Section 7902(c)(2) authorizes the President to "undertake such other measures as he considers proper to prevent injuries and accidents to employees of the agencies."

Section 7902(c)(1) cannot be lawful authority for the Task Force's formation or for its binding vaccine mandate guidance. First, a safety council must include "representatives of the agencies and of labor organizations representing employees." The Task Force here includes only agency heads.

Second, a safety council serves only "as an advisory body to the Secretary [of Labor] in furtherance of the safety program carried out by the Secretary under subsection (b) of this section." Section 7902(b), provides "The Secretary of Labor shall carry out a safety program under section 941(b)(1) of title 33 covering the employment of each employee of an agency." Section 941 of title 33, 33 U.S.C. § 941, titled "Safety rules and regulations", provides:

> The Secretary, in enforcing and administering the provisions of this section, is authorized in addition to such other powers and duties as are conferred upon him-(1) to make studies and investigations with respect to safety provisions and the causes and prevention of injuries in employments covered by this chapter, and in making such studies and investigations to cooperate with any agency of the United States or with any State agency engaged in similar work ….

33 U.S.C. § 941(b)(1). The phrase "employments covered by this chapter" refers to chapter 18, title 33 of the United States Code, titled "Longshore and Harbor Workers Compensation". The Task Force, however, provides "ongoing guidance to heads of agencies on the operation of the Federal Government, the safety of its employees, and the continuity of Government functions during the COVID-19 pandemic." Exhibit 1, § 4(e). This is outside the statute's bounds.

Section 7902(c)(2) also cannot be lawful authority for the Task Force's formation or for its binding vaccine mandate guidance. First, it authorizes the President to "undertake such other measures as he considers proper to prevent

*injuries and accidents* to employees of the agencies." (Emphasis added.) But a virus is neither an "injury" nor an "accident." *See Bostock,* 140 S. Ct. at 1738; *BST Holdings, L.L.C.,* ___ F.4th at ___, 2021 WL 5279381 at *4-5.

Second, whatever power the President may have is cabined by statutory context. *Yates,* 574 U.S. at 537-38, 543. Here, that is § 7902(b)'s directive for "safety programs" carried out by the Secretary of Labor, perhaps supported by the "safety council" authorized under § 7902(c)(1), and § 7902(d)'s directive that "The head of each agency shall develop and support organized safety promotion to reduce accidents and injuries among employees of his agency, encourage safe practices, and eliminate work hazards and health risks." A vaccine mandate is not "organized safety promotion." *Bostock,* 140 S. Ct. at 1738; *Brown & Williamson,* 529 U.S. at 160; *Youngstown Sheet & Tube*, 343 U.S. at 585; *see also BST Holdings, L.L.C.,* ___ F.4th at ___, 2021 WL 5279381 at *4-5.

Section 7902(c)(2) does not expressly or impliedly authorize the President to empanel the Task Force or to order that it formulate and issue vaccine mandate guidance. Consequently, the road from § 7902(c)(2) to the Task Force, and then from the Task Force to the vaccine mandate, is a dead end.

## II.   THE DEFENDANTS HAVE VIOLATED MR. PAYNE'S DUE PROCESS RIGHTS

Mr. Payne's fundamental liberty interests include personal privacy and bodily integrity. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997); *Rochin v. California*, 342 U.S. 165, 172 (1952); *Planned Parenthood of Southeast Pennsylvania v. Casey*, 505 U.S. 833, 849 (1992); *Roe v. Wade*, 410 U.S. 113, 153 (1973); *Abigail All. for Better*

*Access to Developmental Drugs v. von Eschenbach*, 495 F.3d 695, 702 (D.C. Cir. 2007) (citations omitted). Coerced COVID-19 vaccination infringes them. *Washington v. Harper*, 494 U.S. 210, 229 (1990) ("The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty."); C*ruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278 (1990) ("a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment").

Government actions burdening the exercise of fundamental rights or liberty interests are subject to strict scrutiny and will be upheld only when they are narrowly tailored to a compelling governmental interest. *Glucksberg,* 521 U.S. at 720. The defendants must prove that their vaccine mandate advances federal interests of the highest order[2] and is narrowly tailored to achieve those interests, to impose it on Mr. Payne. *Fulton v. City of Philadelphia, Pennsylvania*, 141 S. Ct. 1868, 1881 (2021); *see also Reno v. Flores*, 507 U.S. 292, 301-02 (1993). Put another way, so long as the defendants can achieve their interests in a manner that does not burden Mr. Payne's fundamental liberty interests, they must do so. *Fulton*, 141 S. Ct. at 1881.

The sole question here is whether the defendants can show that they have they have a compelling interest in a "one-size-fits-all sledgehammer" mandate that makes no attempt to account for differences in federal workers or workplaces. *Accord BST Holdings, L.L.C.,* ___ F.4th at ___, 2021 WL 5279381 at *4. To date, the defendants

---

[2]As noted *supra*, defendants' claim of expansive authority over the personal medical decisions of federal civilian workers is unprecedented. *See e.g., Alabama Assoc. of Realtors*, 141 S. Ct. at 2489.

have not explained their compelling interest in forcing Mr. Payne, who has infection-acquired immunity, to choose between giving up his rights to privacy and bodily integrity and losing his federal civil service job, or in denying him the same rights and privileges as any vaccinated employee, much less non-vaccinated employees who will be granted religious exemptions or medical exceptions. *See* ECF No. 1 ¶ 47.[3] Since the defendants allow injection exemptions or exceptions for religious beliefs and medical conditions *other* than infection-acquired immunity, they obviously do not believe the vaccine mandate "can brook no departures." *Fulton*, 141 S. Ct. at 1882. Accordingly, the vaccine mandate fails strict scrutiny.

*Jacobson v. Massachusetts*, 197 U.S. 11 (1905) is not to the contrary. First, the Court held a vaccination mandate may not "contravene the Constitution of the United States, nor infringe any right granted or secured by that instrument." *Id.* at 25. Second, the case involved a state-mandated vaccine for smallpox, not a federal vaccine mandate for a coronavirus. In *Jacobson,* individuals could submit to the state, pay a fine, or identify a basis for exemption. *Id.* at 12, 14, 25. The defendants have

---

[3] There is research suggesting COVID-19 infection-acquired immunity is least as robust, durable, and long-lasting as that achieved through vaccination. *See* ECF No. 1 ¶¶ 7, 55; Nabin K. Shrestha, et al., *Necessity of COVID-19 Vaccination in Previously Infected Individuals*, MEDRXIV (June 5th, 2021), available at https://bit.ly/2TFBGcA (last visited Oct. 29, 2021). But the point now is not that there is conflicting science, it is that mandatory vaccination infringes fundamental Constitutional rights and liberty interests, and the defendants have failed to explain how they have tailored their mandate or why tailoring is impractical and constitutionally unnecessary.

left Mr. Payne with a clear binary choice: Submit or be removed from the federal civil service.[4] This violates Due Process.

## III.   THE VACCINE MANDATE IS AN UNCONSTITUTIONAL CONDITION

The defendants' vaccine mandate is invalid because it imposes an unconstitutional condition, specifically, termination of federal employment, because Mr. Payne is exercising his constitutional rights to privacy and bodily integrity. *See Regan v. Taxation with Representation of Wash.*, 461 U.S. 540, 545 (1983). The unconstitutional condition doctrine safeguards these rights "by preventing the government from coercing people into giving them up." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013). "What cannot be done directly cannot be done indirectly." *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325 (1866). Since the defendants cannot force Mr. Payne (and other similarly situated federal employees) to be vaccinated against their will, they cannot use the promise of termination from the federal service to achieve the same result.

In *United Public Workers of Am. (C.I.O) v. Mitchell*, 330 U.S. 75 (1947), the Supreme Court sustained the Hatch Act against a challenge by federal civil service employees and their union. But in concluding that federal employees could be precluded from partisan activities, the Court took pains to stress the limits of that

---

[4] In any event, *Jacobson* is not controlling or persuasive precedent. One hundred sixteen years have passed since the decision was issued and the Supreme Court has replaced the unguided consideration of a law's reasonableness with the modern tiers-of-scrutiny framework. For example, a vaccine mandate exception to the fundamental rights of privacy and bodily integrity cannot be honestly squared with the Court's current abortion authorities. *See Casey*, 505 U.S. at 849; *Roe*, 410 U.S. at 153.

authority. It affirmed that "federal employees are protected by the Bill of Rights and that Congress may not enact a regulation providing that no Republican, Jew or Negro shall be appointed to federal office, or that no federal employee shall attend Mass or take any active part in missionary work." *Id.* at 100. Later decisions have followed suit, concluding that the government may not condition public opinion on an employee's abandonment of a constitutional right. *See, e.g., Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990); *Perry v. Sindermann*, 408 U.S. 593, 597 (1972).

First Amendment rights of free speech and expression have been protected against unconstitutional conditions. *See Perry*, 408 U.S. at 597 (the government "may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech"). So have the rights to the free exercise of religion, *Sherbert v. Verner*, 374 U.S. 398, 404 (1963), and to just compensation for private property taken for public use. *Koontz*, 570 U.S. at 604-05.

The Fifth Amendment guarantees protection of Mr. Payne's fundamental privacy and bodily integrity rights and liberty interests, *see Glucksberg*, 521 U.S. at 720, including the freedom from the forcible injection of medication, *see Harper*, 494 U.S. at 229. These fundamental rights and liberty interests deserve the same protection as rights to freedom of speech and of religion.

Executive Order 14,043, and all the guidance and memoranda it has spawned, promise Mr. Payne that he will suffer discipline, including removal from federal service, unless he submits to injection. ECF No. 1 ¶¶ 38-39, 41-46, 49-52; ECF No. 1-1, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8. As explained in Section II, *supra*, however, the

defendants have neither offered nor shown a compelling interest in denying Mr. Payne the same rights and privileges as any vaccinated employee, much less non-vaccinated employees who will be granted religious exemptions or medical exceptions. Therefore, the defendants' vaccine mandate is an unconstitutional condition.

## CONCLUSION

This court should grant Mr. Payne's motion for summary judgment, declare Executive Orders 13,991 and 14,043 *ultra vires* and unlawful, and permanently enjoin the defendants' vaccine mandate.

November 24, 2021

Respectfully submitted,


*/s/ Reed D. Rubinstein*
Reed D. Rubinstein, D.C. Bar No. 400153
AMERICA FIRST LEGAL FOUNDATION
600 14th Street, N.W., Fifth Floor
Washington, DC 20005
Telephone: (202) 964-3721
reed.rubinstein@aflegal.org

Of Counsel:

Gene P. Hamilton*
Andrew J. Block*
AMERICA FIRST LEGAL FOUNDATION
600 14th Street, N.W., Fifth Floor
Washington, DC 20005
*Not admitted in the District of Columbia

R. Shawn Gunnarson**
Kirton McConkie
36 S. State Street, Ste. 1900
Salt Lake City, UT 84111
**Not admitted in the United States District
Court for the District of Columbia

# EXHIBIT 1

# Presidential Documents

Executive Order 13991 of January 20, 2021

## Protecting the Federal Workforce and Requiring Mask-Wearing

By the authority vested in me as President by the Constitution and the laws of the United States of America, including section 7902(c) of title 5, United States Code, it is hereby ordered as follows:

**Section 1**. *Policy.* It is the policy of my Administration to halt the spread of coronavirus disease 2019 (COVID–19) by relying on the best available data and science-based public health measures. Such measures include wearing masks when around others, physical distancing, and other related precautions recommended by the Centers for Disease Control and Prevention (CDC). Put simply, masks and other public health measures reduce the spread of the disease, particularly when communities make widespread use of such measures, and thus save lives.

Accordingly, to protect the Federal workforce and individuals interacting with the Federal workforce, and to ensure the continuity of Government services and activities, on-duty or on-site Federal employees, on-site Federal contractors, and other individuals in Federal buildings and on Federal lands should all wear masks, maintain physical distance, and adhere to other public health measures, as provided in CDC guidelines.

**Sec. 2**. *Immediate Action Regarding Federal Employees, Contractors, Buildings, and Lands.* (a) The heads of executive departments and agencies (agencies) shall immediately take action, as appropriate and consistent with applicable law, to require compliance with CDC guidelines with respect to wearing masks, maintaining physical distance, and other public health measures by: on-duty or on-site Federal employees; on-site Federal contractors; and all persons in Federal buildings or on Federal lands.

(b) The Director of the Office of Management and Budget (OMB), the Director of the Office of Personnel Management (OPM), and the Administrator of General Services, in coordination with the President's Management Council and the Coordinator of the COVID–19 Response and Counselor to the President (COVID–19 Response Coordinator), shall promptly issue guidance to assist heads of agencies with implementation of this section.

(c) Heads of agencies shall promptly consult, as appropriate, with State, local, Tribal, and territorial government officials, Federal employees, Federal employee unions, Federal contractors, and any other interested parties concerning the implementation of this section.

(d) Heads of agencies may make categorical or case-by-case exceptions in implementing subsection (a) of this section to the extent that doing so is necessary or required by law, and consistent with applicable law. If heads of agencies make such exceptions, they shall require appropriate alternative safeguards, such as additional physical distancing measures, additional testing, or reconfiguration of workspace, consistent with applicable law. Heads of agencies shall document all exceptions in writing.

(e) Heads of agencies shall review their existing authorities and, to the extent permitted by law and subject to the availability of appropriations and resources, seek to provide masks to individuals in Federal buildings when needed.

(f) The COVID–19 Response Coordinator shall coordinate the implementation of this section. Heads of the agencies listed in 31 U.S.C. 901(b) shall

update the COVID–19 Response Coordinator on their progress in imple-
menting this section, including any categorical exceptions established under
subsection (d) of this section, within 7 days of the date of this order and
regularly thereafter. Heads of agencies are encouraged to bring to the attention
of the COVID–19 Response Coordinator any questions regarding the scope
or implementation of this section.

**Sec. 3.** *Encouraging Masking Across America.* (a) The Secretary of Health
and Human Services (HHS), including through the Director of CDC, shall
engage, as appropriate, with State, local, Tribal, and territorial officials,
as well as business, union, academic, and other community leaders, regarding
mask-wearing and other public health measures, with the goal of maximizing
public compliance with, and addressing any obstacles to, mask-wearing and
other public health best practices identified by CDC.

(b) The COVID–19 Response Coordinator, in coordination with the Sec-
retary of HHS, the Secretary of Homeland Security, and the heads of other
relevant agencies, shall promptly identify and inform agencies of options
to incentivize, support, and encourage widespread mask-wearing consistent
with CDC guidelines and applicable law.

**Sec. 4.** *Safer Federal Workforce Task Force.*

(a) *Establishment.* There is hereby established the Safer Federal Workforce
Task Force (Task Force).

(b) *Membership.* The Task Force shall consist of the following members:
(i) the Director of OPM, who shall serve as Co-Chair;

(ii) the Administrator of General Services, who shall serve as Co-Chair;

(iii) the COVID–19 Response Coordinator, who shall serve as Co-Chair;

(iv) the Director of OMB;

(v) the Director of the Federal Protective Service;

(vi) the Director of the United States Secret Service;

(vii) the Administrator of the Federal Emergency Management Agency;

(viii) the Director of CDC; and

(ix) the heads of such other agencies as the Co-Chairs may individually
or jointly invite to participate.

(c) *Organization.* A member of the Task Force may designate, to perform
the Task Force functions of the member, a senior-level official who is a
full-time officer or employee of the member's agency. At the direction of
the Co-Chairs, the Task Force may establish subgroups consisting exclusively
of Task Force members or their designees, as appropriate.

(d) *Administration.* The General Services Administration shall provide
funding and administrative support for the Task Force to the extent permitted
by law and within existing appropriations. The Co-Chairs shall convene
regular meetings of the Task Force, determine its agenda, and direct its
work.

(e) *Mission.* The Task Force shall provide ongoing guidance to heads
of agencies on the operation of the Federal Government, the safety of its
employees, and the continuity of Government functions during the COVID–
19 pandemic. Such guidance shall be based on public health best practices
as determined by CDC and other public health experts, and shall address,
at a minimum, the following subjects as they relate to the Federal workforce:

(i) testing methodologies and protocols;

(ii) case investigation and contact tracing;

(iii) requirements of and limitations on physical distancing, including
recommended occupancy and density standards;

(iv) equipment needs and requirements, including personal protective
equipment;

(v) air filtration;

(vi) enhanced environmental disinfection and cleaning;

(vii) safe commuting and telework options;

(viii) enhanced technological infrastructure to support telework;

(ix) vaccine prioritization, distribution, and administration;

(x) approaches for coordinating with State, local, Tribal, and territorial health officials, as well as business, union, academic, and other community leaders;

(xi) any management infrastructure needed by agencies to implement public health guidance; and

(xii) circumstances under which exemptions might appropriately be made to agency policies in accordance with CDC guidelines, such as for mission-critical purposes.

(f) *Agency Cooperation.* The head of each agency listed in 31 U.S.C. 901(b) shall, consistent with applicable law, promptly provide the Task Force a report on COVID–19 safety protocols, safety plans, or guidance regarding the operation of the agency and the safety of its employees, and any other information that the head of the agency deems relevant to the Task Force's work.

**Sec. 5**. *Federal Employee Testing.* The Secretary of HHS, through the Director of CDC, shall promptly develop and submit to the COVID–19 Response Coordinator a testing plan for the Federal workforce. This plan shall be based on community transmission metrics and address the populations to be tested, testing types, frequency of testing, positive case protocols, and coordination with local public health authorities for contact tracing.

**Sec. 6**. *Research and Development.* The Director of the Office of Science and Technology Policy, in consultation with the Secretary of HHS (through the National Science and Technology Council), the Director of OMB, the Director of CDC, the Director of the National Institutes of Health, the Director of the National Science Foundation, and the heads of any other appropriate agencies, shall assess the availability of Federal research grants to study best practices for implementing, and innovations to better implement, effective mask-wearing and physical distancing policies, with respect to both the Federal workforce and the general public.

**Sec. 7**. *Scope.* (a) For purposes of this order:

(i) ''Federal employees'' and ''Federal contractors'' mean employees (including members of the Armed Forces and members of the National Guard in Federal service) and contractors (including such contractors' employees) working for the executive branch;

(ii) ''Federal buildings'' means buildings, or office space within buildings, owned, rented, or leased by the executive branch of which a substantial portion of occupants are Federal employees or Federal contractors; and

(iii) ''Federal lands'' means lands under executive branch control.

(b) The Director of OPM and the Administrator of General Services shall seek to consult, in coordination with the heads of any other relevant agencies and the COVID–19 Response Coordinator, with the Sergeants at Arms of the Senate and the House of Representatives and the Director of the Administrative Office of the United States Courts (or such other persons designated by the Majority and Minority Leaders of the Senate, the Speaker and Minority Leader of the House, or the Chief Justice of the United States, respectively), to promote mask-wearing, physical distancing, and adherence to other public health measures within the legislative and judicial branches, and shall provide requested technical assistance as needed to facilitate compliance with CDC guidelines.

**Sec. 8**. *General Provisions.* (a) Nothing in this order shall be construed to impair or otherwise affect:

(i) the authority granted by law to an executive department or agency, or the head thereof; or

(ii) the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) Independent agencies are strongly encouraged to comply with the requirements of this order.

(d) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

THE WHITE HOUSE,
*January 20, 2021.*

[FR Doc. 2021–01766
Filed 1–22–21; 11:15 am]
Billing code 3295–F1–P

# EXHIBIT 2

# Presidential Documents

Executive Order 14043 of September 9, 2021

## Requiring Coronavirus Disease 2019 Vaccination for Federal Employees

By the authority vested in me as President by the Constitution and the laws of the United States of America, including sections 3301, 3302, and 7301 of title 5, United States Code, it is hereby ordered as follows:

**Section 1**. *Policy*. It is the policy of my Administration to halt the spread of coronavirus disease 2019 (COVID–19), including the B.1.617.2 (Delta) variant, by relying on the best available data and science-based public health measures. The Delta variant, currently the predominant variant of the virus in the United States, is highly contagious and has led to a rapid rise in cases and hospitalizations. The nationwide public health emergency, first declared by the Secretary of Health and Human Services on January 31, 2020, remains in effect, as does the National Emergency Concerning the Coronavirus Disease 2019 (COVID–19) declared pursuant to the National Emergencies Act in Proclamation 9994 of March 13, 2020 (Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID–19) Outbreak). The Centers for Disease Control and Prevention (CDC) within the Department of Health and Human Services has determined that the best way to slow the spread of COVID–19 and to prevent infection by the Delta variant or other variants is to be vaccinated.

COVID–19 vaccines are widely available in the United States. They protect people from getting infected and severely ill, and they significantly reduce the likelihood of hospitalization and death. As of the date of this order, one of the COVID–19 vaccines, the Pfizer-BioNTech COVID–19 Vaccine, also known as Comirnaty, has received approval from the Food and Drug Administration (FDA), and two others, the Moderna COVID–19 Vaccine and the Janssen COVID–19 Vaccine, have been authorized by the FDA for emergency use. The FDA has determined that all three vaccines meet its rigorous standards for safety, effectiveness, and manufacturing quality.

The health and safety of the Federal workforce, and the health and safety of members of the public with whom they interact, are foundational to the efficiency of the civil service. I have determined that ensuring the health and safety of the Federal workforce and the efficiency of the civil service requires immediate action to protect the Federal workforce and individuals interacting with the Federal workforce. It is essential that Federal employees take all available steps to protect themselves and avoid spreading COVID–19 to their co-workers and members of the public. The CDC has found that the best way to do so is to be vaccinated.

The Safer Federal Workforce Task Force (Task Force), established by Executive Order 13991 of January 20, 2021 (Protecting the Federal Workforce and Requiring Mask-Wearing), has issued important guidance to protect the Federal workforce and individuals interacting with the Federal workforce. Agencies have also taken important actions, including in some cases requiring COVID–19 vaccination for members of their workforce.

Accordingly, building on these actions, and in light of the public health guidance regarding the most effective and necessary defenses against COVID–19, I have determined that to promote the health and safety of the Federal workforce and the efficiency of the civil service, it is necessary to require COVID–19 vaccination for all Federal employees, subject to such exceptions as required by law.

**Sec. 2**. *Mandatory Coronavirus Disease 2019 Vaccination for Federal Employees.* Each agency shall implement, to the extent consistent with applicable law, a program to require COVID–19 vaccination for all of its Federal employees, with exceptions only as required by law. The Task Force shall issue guidance within 7 days of the date of this order on agency implementation of this requirement for all agencies covered by this order.

**Sec. 3**. *Definitions.* For the purposes of this order:

(a) The term ''agency'' means an Executive agency as defined in 5 U.S.C. 105 (excluding the Government Accountability Office).

(b) The term ''employee'' means an employee as defined in 5 U.S.C. 2105 (including an employee paid from nonappropriated funds as referenced in 5 U.S.C. 2105(c)).

**Sec. 4**. *General Provisions.* (a) Nothing in this order shall be construed to impair or otherwise affect:

(i) the authority granted by law to an executive department or agency, or the head thereof; or

(ii) the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

(d) If any provision of this order, or the application of any provision to any person or circumstance, is held to be invalid, the remainder of this order and the application of any of its other provisions to any other persons or circumstances shall not be affected thereby.

THE WHITE HOUSE,
*September 9, 2021.*

[FR Doc. 2021–19927
Filed 9–13–21; 8:45 am]
Billing code 3295–F1–P

# EXHIBIT 3

**Safer Federal Workforce Task Force**

**COVID-19 Workplace Safety: Agency Model Safety Principles**

**Last Updated September 13, 2021 (Previously Updated July 29, 2021)**

**Recent Updates**

- Federal Executive Branch employees must be fully vaccinated, except in limited circumstances where an employee is legally entitled to a reasonable accommodation. Agencies must work expeditiously so that their employees are fully vaccinated as quickly as possible and by no later than November 22, 2021.
- With the government-wide adoption and implementation of these vaccination requirements, agencies are no longer required to establish a screening testing program for employees or onsite contractor employees who are not fully vaccinated, although they may do so.
- The President has announced that Federal contractor employees will be required to be vaccinated. Prior to being contractually required to be vaccinated, onsite contractor employees who are not fully vaccinated and are not part of an agency testing program must provide proof of a negative COVID-19 test from no later than the previous 3 days prior to entry to a Federal building.

**Purpose**

The purpose of this document is to provide model safety principles for executive departments and agencies (hereafter, "agency" and collectively, "agencies") for their COVID-19 workplace safety plans. In Executive Order No. 13991, President Biden established the Safer Federal Workforce Task Force to oversee the development and implementation of agency COVID-19 workplace safety plans across the Federal Government. In his Executive Order on *Requiring Coronavirus Disease 2019 Vaccination for Federal Employees* and his Executive Order on *Ensuring Adequate COVID Safety Protocols for Federal Contractors*, President Biden directed the Task Force to issue guidance on implementation of the requirements in those Orders.

Agencies should incorporate these model safety principles into their existing COVID-19 workplace safety plans.

Agencies with onsite contractor employees should address how the protocols below are applied to those individuals to promote Federal workplace safety in the context of COVID-19.

**Overview of Model Principles**

The Federal Government is committed to addressing essential work requirements consistent with best public health practices. The Administration's paramount concern is the health and safety of all Federal employees, onsite contractor employees, and individuals interacting with the Federal workforce.

The principles presented here are aligned with the latest guidance from the Centers for Disease Control and Prevention (CDC) for employers and for fully vaccinated people and the Occupational Safety and Health Administration (OSHA) on protecting workers, based on evolving understanding of the pandemic. These principles will be reassessed over time, as conditions warrant and as CDC guidelines are updated.

Where a locality has imposed additional pandemic-related requirements more protective than those set forth in these model safety principles, those requirements should be followed in Federal buildings and on Federal land in that locality.

**Goal**

The health and safety of the Federal workforce is the Administration's highest priority.

**Health and Safety**

*Vaccination*

To ensure the safety of the Federal workforce, Federal employees must be fully vaccinated, except in limited circumstances where an employee is legally entitled to a reasonable accommodation. Agencies must work expeditiously so that their employees are fully vaccinated as quickly as possible and by no later than November 22, 2021.

When a Federal employee is required to be vaccinated, the time the employee spends obtaining any COVID-19 vaccination (including travel time) is duty time; thus, there is no need for the employee to take administrative leave for such time during the employee's basic tour of duty. Employees may not be credited with administrative leave for time spent getting a vaccination. If, due to unforeseen circumstances, the employee is unable to obtain the vaccine during basic tour of duty hours the normal overtime hours of work rules apply.

Employees will receive paid time off to address any side effects. Employees will also receive paid time off to accompany a family member being vaccinated. For this purpose, a "family member" is an individual who meets the definition of that term in OPM's leave regulations (see 5 CFR 630.201).

Some contractor employees may not yet be subject to a contractual requirement to be vaccinated, and some visitors may not be fully vaccinated or decline to provide information on their vaccination status. Given the different safety protocols for individuals who are fully vaccinated and those who are not fully vaccinated, agencies need to ask about the vaccination status of visitors to Federal buildings and onsite contractor employees who are not yet contractually required to be vaccinated. Individuals must attest to the truthfulness of the response they provide. When an individual discloses that they are not fully vaccinated or declines to provide information on their vaccination status, agencies should treat that individual as not fully vaccinated for purposes of implementing safety measures, including with respect to mask wearing and physical distancing.

Onsite contractor employees who are not yet contractually required to be vaccinated and who are not fully vaccinated or who decline to provide information about their vaccination status must provide proof of a negative COVID-19 test from no later than the previous 3 days prior to entry to a Federal building— as noted below, if a contractor employee is regularly tested pursuant to an agency testing program, they do not need to provide proof of a negative COVID-19 test from no later than the previous 3 days prior to entry to a Federal building unless required to by the agency testing program.

Visitors to Federal buildings who are not fully vaccinated or who decline to provide information about their vaccination status must provide proof of a negative COVID-19 test from no later than the previous 3 days prior to entry to a Federal building. See the section below on Meetings, Events, and Conferences

for how visitor requirements apply to in-person participants in meetings, events, and conferences hosted by agencies.

These requirements related to the provision of information about vaccination and provision of proof of a recent negative COVID-19 test do not apply to members of the public entering a Federal building or Federal land to obtain a public service or benefit. If they are not fully vaccinated, these visitors must comply with all relevant CDC guidance, including wearing a mask and physically distancing from other people.

*Levels of Community Transmission*

For purposes of this guidance, when determining levels of community transmission in a given area, agencies should reference the CDC COVID-19 Data Tracker County View. Agencies can use discretion in determining the counties relevant to the determination of the level of community transmission in a given area for a given Federal facility. For example, agencies may consider the county in which an agency facility is located as well as the transmission levels of surrounding local counties from which employees commute to the facility.

*Telework and Remote Work*

Agencies should utilize telework and remote work consistent with the principles set forth in OMB Memorandum M-21-25 and agency plans for reentry and post-reentry.

*COVID-19 Coordination Team*

Each agency should maintain its COVID-19 Coordination Team, as detailed in OMB Memorandum M-21-15. This team should, at a minimum, include a representative from: each component agency (if applicable); the appropriate human resources office(s); occupational safety and health experts; executive leadership; legal counsel; and a public health expert. If such a public health expert does not exist at the agency, the Safer Federal Workforce Task Force will designate someone. The team should meet regularly to review compliance with agency COVID-19 workplace safety plans and protocols, consider potential revisions to agency COVID-19 workplace safety plans and protocols pursuant to guidance from the Safer Federal Workforce Task Force and current CDC guidelines, and evaluate any other operational needs related to COVID-19 workplace safety. The team should coordinate all decisions with Facility Security Committees, as appropriate. For privately owned facilities leased by the Federal Government, the team must coordinate with the General Services Administration (GSA), where appropriate, and the lessor's designated representative.

*Face Masks and Physical Distancing*

Federal employees must be fully vaccinated, except in limited circumstances where an employee is legally entitled to a reasonable accommodation. In addition, some contractor employees may not yet be subject to a contractual requirement to be vaccinated, and some visitors may not be fully vaccinated or decline to provide information on their vaccination status.

Individuals who are not fully vaccinated must wear a mask regardless of community transmission level. In areas of high or substantial transmission, fully vaccinated people must wear a mask in public indoor settings, except for limited exceptions discussed in this section.

In areas of low or moderate transmission, in most settings, fully vaccinated people generally do not need to wear a mask or physically distance in Federal buildings or on Federal land, except where required by Federal, State, local, Tribal, or territorial laws, rules, or regulations. Fully vaccinated individuals might choose to wear a mask regardless of the level of transmission for a variety of reasons. Nothing in CDC guidance precludes an employee from wearing a mask, if the employee so chooses. CDC's guidance for mask wearing and physical distancing in specific settings, including healthcare, transportation, correctional and detention facilities, and schools, should be followed, as applicable.

Individuals who are not fully vaccinated or who decline to provide their vaccination status—or who are in an area of substantial or high transmission—must wear a mask that covers their nose and mouth, and that is in accordance with current CDC guidance. CDC recommends the following: disposable masks, masks that fit properly (snugly around the nose and chin with no large gaps around the sides of the face), masks made with breathable fabric (such as cotton), masks made with tightly woven fabric (i.e., fabrics that do not let light pass through when held up to a light source), masks with two or three layers, and masks with inner filter pockets. Agencies should not allow novelty or non-protective masks, masks with ventilation valves, or face shields as a substitute for masks.

In addition to properly wearing a mask, individuals who are not fully vaccinated or who decline to provide information about their vaccination status must maintain distance. To the extent practicable, individuals who are not fully vaccinated or who decline to provide information about their vaccination status should maintain a distance of at least six feet from others at all times, consistent with CDC guidelines, including in offices, conference rooms, and all other communal and work spaces.

For individuals who are required to wear a mask:

- Appropriate masks should be worn consistently and correctly (over mouth and nose).

- Appropriate masks should be worn in any common areas or shared workspaces (including open floorplan office space, cubicle embankments, and conference rooms).

- In general, people do not need to wear masks when outdoors. However, consistent with CDC guidance, those who are not fully vaccinated should wear a mask in crowded outdoor settings or during outdoor activities that involve sustained close contact with other people who are not fully vaccinated.

- Agencies may provide for exceptions consistent with CDC guidelines, for example, when an individual is alone in an office with floor to ceiling walls and a closed door, or for a limited time when eating or drinking and maintaining distancing in accordance with CDC guidelines.

Masked individuals may be asked to lower their masks briefly for identification purposes in compliance with safety and security requirements.

Masks do not provide the same level of protection as respirators and should not replace personal protective equipment required or recommended at the workplace.

*Testing*

Agencies may establish a program to test Federal employees who are not fully vaccinated for COVID-19. Agencies may also test contractor employees working onsite who are not fully vaccinated as part of a

testing program—if contractor employees are tested as part of an agency testing program, they do not need to provide proof of a negative COVID-19 test from no later than the previous 3 days prior to entry to a Federal building unless required to by the agency testing program.

Agencies must have a process in place for employee diagnostic testing after a workplace exposure.

*Contact Tracing*

The agency's COVID-19 Coordination Team will collaborate with and support the contact tracing programs of local health departments to help identify, track, and manage contacts of COVID-19 cases.

The team will engage in coordination with facilities staff to implement infection control and workplace safety efforts once informed of a known or suspected case of COVID-19 (due either to specific symptoms or a positive test).

The team should ensure that the agency makes disclosures to local public health officials, as required or necessary, to provide for the health and safety of Federal employees, contractor employees, and the general public, in accordance with local public health mandates. If COVID-19 cases occur within a specific building or work setting, it will be the responsibility of that agency's COVID-19 Coordination Team (or a field office or agency component designee) to determine—in consultation with local public health officials—appropriate next steps. Agencies should be transparent in communicating related information to the workforce, as relevant and appropriate; disclosures must be consistent with Federal, State, and local privacy and confidentiality laws and regulations.

*Travel*

Federal employees should adhere strictly to CDC guidelines before, during, and after travel.

For Federal employees who are fully vaccinated, there are no Government-wide restrictions on travel (although agency travel policies still apply).

For the limited number of Federal employees who are not fully vaccinated, agencies should generally observe the following guidance, unless it is contrary to a reasonable accommodation to which an employee is legally entitled. Official domestic travel should be limited to only necessary mission-critical trips. International travel should also be avoided, if at all possible, unless it is mission critical (e.g., military deployments, COVID-19 response deployments or activities, diplomats traveling, high-level international negotiations that cannot occur remotely). Heads of agencies should issue specific guidance to account for the particulars of their agency's mission.

*Meetings, Events, and Conferences*

Should an agency intend to host an in-person meeting, conference, or event that will be attended by more than 50 participants—regardless of whether participants include members of the public—the agency must first seek the approval of its agency head, in consultation with the agency's COVID-19 Coordination Team.

In-person attendees at any meetings, conferences, and events hosted by an agency, regardless of size, must be asked to provide information about vaccination status. In requesting this information, agencies should comply with any applicable Federal laws, including requirements under the Privacy Act and the Paperwork Reduction Act. In-person attendees who are not fully vaccinated or decline to provide

information about their vaccination status must provide proof of a negative COVID-19 test completed no later than the previous 3 days and comply with masking and physical distancing requirements for individuals who are not fully vaccinated consistent with the requirements for visitors in the Face Masks and Physical Distancing section above. In-person attendees in areas of high or substantial transmission must wear a mask in public indoor settings regardless of vaccination status.

*Symptom Monitoring*

If Federal employees, onsite contractors, or visitors have symptoms consistent with COVID-19, they should not enter a Federal workplace.

Federal employees and contractor employees working on site should regularly complete virtual or in-person health checks (ask about symptoms, close contact with someone with SARS-CoV-2 infection, and SARS-CoV-2 testing and diagnosis status). The agency will use this information to assess the individual's risk level and to determine whether the individual should be allowed entry to the workplace. Visitors may be asked to complete symptom screening before entering a Federal facility. In developing these tools, agencies may adapt the one developed by CDC.

Any individual, regardless of vaccination status, who develops any symptoms consistent with COVID-19 during the workday must immediately isolate, wear a mask (if the individual is not already doing so and one is available), notify their supervisor, and promptly leave the workplace. Agencies should have processes in place to provide advice and support to supervisors on any related reporting or human resources requirements.

*Quarantine, Isolation, and Steps for Fully Vaccinated Individuals Following Exposure to Someone with Suspected or Confirmed COVID-19*

Any individual with a suspected or confirmed case of COVID-19 will be advised to isolate, pursuant to CDC guidelines, and in compliance with State, local, and Tribal laws and regulations. Personnel who are not fully vaccinated and who have had a close contact with someone who has tested positive for COVID-19 should follow CDC and State, local, and Tribal guidance for quarantine.

Individuals who have been fully vaccinated and have had close contact with someone with suspected or confirmed COVID-19 should get tested 3-5 days after exposure, even if they do not have symptoms. They should also wear a mask indoors in public for 14 days following exposure or until their test result is negative. If their test result is positive, they should isolate for 10 days.

*Confidentiality and Privacy*

All medical information collected from individuals, including vaccination information, test results, and any other information obtained as a result of testing and symptom monitoring, will be treated in accordance with applicable laws and policies on confidentiality and privacy, and will be accessible only to those with a need to know. Agencies should consult their Senior Agency Officials for Privacy on matters related to the handling of personally identifiable information and identify a point of contact for all questions relating to personal medical information.

**Workplace Operations**

*Occupancy*

Agencies may establish occupancy limits for specific workplaces as a means of facilitating physical distancing. Note that by reducing the number of people in a space, occupancy limits also increase the heating, ventilation, and air conditioning delivery of outdoor air per person.

*Environmental Cleaning*

Agencies should ensure regular cleaning of common use, high-touch, and high-density spaces, such as lobbies, restrooms, elevators, and stairwells. Office space that is in regular use is to be cleaned regularly, and in accordance with CDC guidelines. Wipes and other Environmental Protection Agency-approved disinfectants will be made available for use by individuals to wipe down workstations and related personal property. Physical barriers, such as plexiglass shields, may be installed, where appropriate.

In the event of a suspected or confirmed case of COVID-19 in the workplace, agencies should ensure enhanced environmental cleaning of the spaces that the individual occupied or accessed in accordance with CDC and, where applicable, GSA guidance, which provides as follows:

● If fewer than 24 hours have passed since the person who is sick or diagnosed with COVID-19 has been in the space, clean and disinfect the space.

● If more than 24 hours have passed since the person who is sick or diagnosed with COVID-19 has been in the space, cleaning is enough. You may choose to also disinfect depending on certain conditions or everyday practices required by your facility.

● If more than 3 days have passed since the person who is sick or diagnosed with COVID-19 has been in the space, no additional cleaning (beyond regular cleaning practices) is needed.

If enhanced cleaning is required, wait as long as possible (at least several hours) before cleaning and disinfecting. Extended wait periods allow increased opportunity for viral deactivation to occur naturally, while also allowing time for aerosols to settle, prior to surface disinfection.

The agency's COVID-19 Coordination Team will determine the appropriate scope of workplace closures needed—in some cases, it may be a suite or individual offices or part of a floor, in other cases, it may include an entire building.

*Hygiene*

Hand sanitizer stations are to be available at the building entrance and throughout workspaces. Hand sanitizers should contain at least 60% alcohol and be manufactured in accordance with the requirements of the U.S. Food and Drug Administration (FDA). Ingredients should be listed on a "Drug Facts" label. Agencies should ensure the hand sanitizer is not on the FDA's do not use list.

*Ventilation and Air Filtration*

Modifications to ventilation systems should be considered in accordance with CDC guidance, especially as building population density increases. To the maximum extent feasible, indoor ventilation will be optimized to increase the proportion of outdoor air and improve filtration. Deployment of portable high-efficiency particulate air (HEPA) cleaners should be considered for higher-risk spaces (e.g., health clinics).

*Collective Bargaining Obligations*

Consistent with President Biden's policy to support collective bargaining, agencies are reminded to satisfy applicable collective bargaining obligations under 5 U.S.C. Chapter 71 when implementing workplace safety plans, including on a post-implementation basis where necessary. Agencies are also strongly encouraged to communicate regularly with employee representatives on workplace safety matters.

# EXHIBIT 4



**UNITED STATES OFFICE OF PERSONNEL MANAGEMENT**
Washington, DC 20415

The Director

October 1, 2021

**MEMORANDUM FOR HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES**

**FROM:**        Kiran A. Ahuja
              Director

**SUBJECT:**   Guidance on Applying Coronavirus Disease 2019 Vaccination Requirements to
              New Hires – Executive Order 14043

On September 9, 2021, President Biden signed Executive Order (EO) 14043, titled, "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees." As stated in Section 1 of the EO, the President has determined that in order to promote the health and safety of the workforce and the efficiency of the civil service, it is necessary for all agencies to require COVID–19 vaccination for Federal employees covered by EO 14043, subject only to such exceptions as required by law.

As directed in the EO, the Safer Federal Workforce Task Force, established by EO 13991 (January 20, 2021) ("Task Force"), has issued guidance to assist agencies with implementing the vaccination requirement. That guidance specifies that agencies should require all of their employees, with exceptions only as required by law, to be fully vaccinated by November 22, 2021.

The U.S. Office of Personnel Management (OPM) is issuing this guidance on hiring actions to assist agencies in implementing the Executive Order and Task Force's guidance.

**Current Federal Employees**

People are considered fully vaccinated two weeks after their second shot in a two-dose series, or two weeks after a single-shot series. In order to have covered Federal employees vaccinated by November 22, 2021, agencies should inform employees of the following scheduling considerations, based on the type of vaccine they obtain:

- For Pfizer-BioNTech COVID-19 vaccine, individuals should get their second shot 3 weeks (or 21 days) after the first. This means that in order for Federal employees to meet a November 22 deadline, they should receive their first vaccination no later than October 18, and their second dose no later than November 8.

- For Moderna COVID-19 vaccine, individuals should get their second shot 4 weeks (or 28 days) after their first. This means that in order for Federal employees to meet a November 22 deadline, they should receive their first vaccination dose no later than October 11, and their second dose no later than November 8.

- Because the Johnson & Johnson/Janssen vaccine only has one shot, Federal employees must get that dose by November 8, in order to meet a November 22, 2021 deadline to be fully vaccinated.

Of course, it is advisable not to leave vaccinations to the last possible date, as other events often interfere with even well-laid plans.

**New Employees**

Agencies are urged to require all new employees to be fully vaccinated prior to entering on duty, subject to such exceptions as required by law. Agencies should address the vaccination requirement in their job opportunity announcements and in tentative and final offers of employment.

### 1. Job Opportunity Announcements

When advertising vacancies, agencies should clearly describe in their job opportunity announcements the COVID-19 vaccination requirement and, for positions with a duty location having an official government worksite, information about the agency's reentry plan, to the extent that plan has been finalized. Here is sample language agencies may wish to use or revise:

- As required by Executive Order 14043, Federal employees are required to be fully vaccinated against COVID-19 regardless of the employee's duty location or work arrangement (e.g., telework, remote work, etc.), subject to such exceptions as required by law. If selected, you will be required to be vaccinated against COVID-19 and submit documentation of proof of vaccination by November 22, 2021 or before appointment or onboarding with the agency, if after November 22. The agency will provide additional information regarding what information or documentation will be needed and how you can request of the agency a legally required exception from this requirement.

- Due to COVID-19, the agency is currently in an expanded telework posture. If selected, you may be expected to temporarily telework, even if your home is located outside the local commuting area. Once employees are permitted to return to the office, you will be expected to report to the duty station listed on this announcement within [X] days. At that time, you may be eligible to request to continue to telework one or more days a pay period depending upon the terms of the agency's telework policy.

When an individual fails to meet a requirement stated in the job opportunity announcement, the agency may take action up to and including rescinding the offer for an applicant or termination from service of a new employee (or removal for an employee who has accrued adverse action rights). Should an agency identify an urgent, mission-critical hiring need to onboard new staff prior to those new staff becoming fully vaccinated, the agency head may delay the vaccination requirement for selected job applicants, such that they do not need to be fully vaccinated against COVID-19 and submit documentation of proof of vaccination before appointment or onboarding with the agency. In the case of such limited delays, agencies are expected to require new hires to be fully vaccinated within 60 days of their start date and to follow safety protocols for not fully vaccinated individuals until they are fully vaccinated.

**2.  Tentative and Final Offer Letters**

Agencies should make offers of employment contingent on submission of documentation demonstrating compliance with the vaccination requirement in EO 14043.  Agencies should provide information about the vaccination requirement in tentative and final offer letters.  Here is sample language you may wish to use or revise in tentative and final offer letters:

- Tentative Offer – This is a tentative offer of employment.  If you receive a final offer, it will be contingent on you providing appropriate documentation of proof of COVID-19 vaccination by the date set in the final offer letter.  You can provide a copy of the record of immunization from a health care provider or pharmacy, a copy of the COVID-19 Vaccination Record Card, a copy of medical records documenting the vaccination, a copy of immunization records from a public health or state immunization information system, or a copy of any other official documentation containing required data points (type of vaccine administered, date(s) of administration, and the name of the health care professional(s) or clinic site(s) administering the vaccine(s)).  The agency will provide additional information regarding how you can request of the agency a legally required exception from this requirement.

- Final Offer – Documentation of proof of COVID-19 vaccination must be received by [insert date -November 22, 2021 or before EOD, if after November 22].  You can provide a copy of the record of immunization from a health care provider or pharmacy, a copy of the COVID-19 Vaccination Record Card, a copy of medical records documenting the vaccination, a copy of immunization records from a public health or state immunization information system, or a copy of any other official documentation containing required data points (type of vaccine administered, date(s) of administration, and the name of the health care professional(s) or clinic site(s) administering the vaccine(s)).  The agency will provide additional information regarding how you can request of the agency a legally required exception from this requirement.

For hiring actions currently underway, agencies should issue revised tentative and final offer letters to advise candidates of the new vaccination requirement.  You may wish to use the above sample language in such revised offer letters.

**Additional Information**

Guidance from the Task Force is available at: https://www.saferfederalworkforce.gov/overview/.

For more information, agency headquarters-level human resources offices may contact Ms. Roseanna Ciarlante by email at employ@opm.gov.  Component-level human resources offices must contact their agency headquarters for assistance.  Employees must contact their agency human resources for further information on this memorandum.

cc:    Chief Human Capital Officers (CHCOs)
       Deputy CHCOs
       Human Resources Directors

# EXHIBIT 5

**Guidance on Enforcement of Coronavirus Disease 2019 Vaccination Requirement for Federal Employees – Executive Order 14043**

1) **Why is OPM issuing this guidance?**

   On September 9, 2021, the President signed Executive Order (EO) 14043, titled, "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees." As reflected in Section 1 of the EO, the President has determined that in order to promote the health and safety of the workforce and the efficiency of the civil service, it is necessary to require COVID–19 vaccination for Federal employees, subject to such exceptions as are required by law. The U.S. Office of Personnel Management (OPM) is issuing this guidance to assist agencies in implementing this requirement for Federal employees subject to EO 14043 requirements.

2) **What agencies and employees are covered by the EO 14043 vaccination requirement?**

   Section 3 of EO 14043 defines which agencies and employees are covered by the vaccination requirement. Agencies should consult with their legal offices to determine agency and employee coverage under EO 14043.

3) **What is the deadline for federal employees to be fully vaccinated?**

   Safer Federal Workforce Task Force guidance specifies that agencies should require all of their employees, with exceptions only as required by law, to be fully vaccinated by November 22, 2021. That means employees must complete required vaccination dose(s) by November 8, as they will not become "fully vaccinated" until 2 weeks after their final dose (the second of 2 doses for Pfizer and Moderna, and the first dose for Johnson and Johnson). The only exception is for individuals who receive a legally required exception approved under established agency processes.

4) **What should an agency do to inform employees about the requirement to be fully vaccinated?**

   OPM recommends an agency should not delay in providing employees with information regarding the benefits of vaccination and ways to obtain the vaccine. Such information is available on the Centers for Disease Control and Prevention website. Agencies should consider a variety of methods to educate employees, such as providing information in employee town halls, posting of information on agency intranet sites, email communications directly to employees, and providing information in regular staff meetings.

   As part of the education process, agencies should inform employees of the requirement to be fully vaccinated in compliance with EO 14043 and that failure to comply will result in disciplinary action up to and including removal or termination. In addition, it is advisable for agencies to send to their workforce periodic reminders of this requirement and the consequences for non-compliance. To be fully vaccinated by November 22, 2021, employees must receive their final vaccination dose by November 8, 2021.

1

**5) When can an agency initiate the enforcement process for failure to comply with the requirement to be fully vaccinated?**

Agencies may initiate the enforcement process as soon as November 9, 2021, for employees who have not received their required vaccination dose by November 8, 2021, unless the employee has received an exception or the agency is considering an exception request from the employee.

**6) Is there a recommended approach to enforcement?**

Agencies must comply with all statutory, regulatory, and collective bargaining agreement requirements (where applicable). If the employee has not provided proof of vaccination by November 8, 2021, and has not received an exception and the agency is not considering an exception request from the employee, OPM recommends agencies initiate the enforcement process with counseling and education. Agencies should use the counseling period to remind the employee again of the vaccination requirement, emphasize that failure to comply will lead to discipline up to and including removal or termination, address any questions, and inform the employee that they will have a short period of time (e.g., 5 days) to submit documentation establishing either the initiation or completion of vaccination, as applicable, or request an exception.

If, after the recommended counseling and education period ends, the individual continues to refuse to comply, the agency should pursue disciplinary measures, up to and including removal or termination from Federal service. In pursuing any disciplinary action, the agency must provide the required procedural rights to an employee and follow normal processes, including any agency policies or collective bargaining agreement requirements concerning disciplinary matters. Employees generally should not be placed on administrative leave while the agency pursues disciplinary action for refusal to be vaccinated but will be required to follow safety protocols for employees who are not fully vaccinated when reporting to agency worksites. Agencies may wish to consult with counsel as to any other mechanisms that might be available to address the situation.

Agencies are reminded that generally the objective of discipline is to correct deficiencies in employee conduct. Discipline can deter misconduct and correct situations interfering with the efficiency of civil service. While the law and OPM adverse action regulations do not require progressive discipline, this is the preferred approach in the instance of non-compliance with the requirement to be vaccinated. With this in mind, agencies are strongly encouraged to consider whether lesser disciplinary penalties are adequate, as an initial matter, to encourage an employee to be vaccinated, such as a short suspension of 14 days or less under procedures established under 5 CFR 752.203[1] (or procedures for similar matters which arise under other personnel systems). If a short suspension proves inadequate in encouraging an employee to

---

[1] 5 CFR 752.203 does not apply to actions against Administrative Law Judges (ALJs) or employees in the Senior Executive Service (SES).  Please refer to Subchapter III, Chapter 75 of Title 5, United States Code, for adverse action procedures for ALJs and Subpart F of 5 CFR Part 752 for adverse action procedures for SES. Please note that suspensions of 14 days or less are not available for SES.

become vaccinated, agencies should then consider a greater disciplinary penalty, such as removal or termination from the Federal service, under procedures established under 5 CFR 752.404,[2] 5 CFR part 315, subpart H (for probationers), or procedures for similar matters which arise under other personnel systems.

Agencies should strive for similar penalties for similarly situated employees, where appropriate, within the same work unit. To facilitate this for larger organizations where actions may be necessary for multiple employees, an agency should consider designating one management official to be a proposing official and designating another management official to be a deciding official for all actions in the work unit.

**7) What should an agency do if, after initiating the disciplinary process by proposing to take an action, the agency is informed by the employee that the employee has received a vaccination?**

If, after November 8, 2021, and prior to the issuance of a decision during the disciplinary process, such as suspension or removal, an employee provides an agency with appropriate documentation that the employee is now fully vaccinated, the disciplinary process should end. If an employee provides an agency with appropriate documentation after November 8, 2021, that the employee has received the first dose in a 2-dose series vaccine, an agency may hold any disciplinary action in abeyance pending receipt of appropriate documentation that the employee has received the second dose within the designated 3 or 4-week interval depending on the vaccine received by the employee, even if this means the employee will not be fully vaccinated until after November 22, 2021. In these instances, the employee will be required to follow all appropriate safety protocols if reporting to an agency worksite. The employee should be provided a deadline for receiving the final dose of the vaccine and providing appropriate documentation.

**8) What should an agency do if an employee is serving a suspension and provides documentation to the agency that they are now fully vaccinated or have received the first dose in a 2-dose series vaccine?**

If, during the time period a suspension is being served by an employee, the employee provides an agency with appropriate documentation that the employee is now fully vaccinated, the agency may end the suspension. If, during the time period a suspension is being served by an employee, the employee provides an agency with appropriate documentation that the employee has received the first dose in a 2-dose series vaccine, an agency may hold the balance of the suspension in abeyance. The employee should be provided a deadline of no more than 5 weeks from the date of receiving the first dose for receiving the final dose of the vaccine and providing appropriate documentation. Additionally, the agency should advise employees that the suspension will continue and they

---

[2] 5 CFR 752.404 does not apply to actions against Administrative Law Judges (ALJs) or employees in the Senior Executive Service (SES).  Please refer to Subchapter III, Chapter 75 of Title 5, United States Code, for adverse action procedures for ALJs and Subpart F of 5 CFR Part 752 for adverse action procedures for SES. Please note that suspensions of 14 days or less are not available for SES.

may be subject to removal or termination if they fail to receive the final dose of the vaccine or fail to provide appropriate documentation by the new deadline.

**9) Why can an employee be disciplined for refusing to get vaccinated or refusing to provide documentation of vaccination?**

If an employee receives a direct order to receive a vaccine as required under EO 14043 and refuses, this is an act of misconduct. Any adverse actions for misconduct taken under 5 CFR Part 752 are taken for such cause as will promote the efficiency of the service. When taking an action under 5 CFR Part 752, agencies should consider relevant aggravating and mitigating factors when determining the penalty. See *Douglas v. Veterans Administration*, 5 MSPR 280 (1981). Agencies should consult with their human resources and legal offices in making these determinations.

There is precedent for taking an adverse action against a Federal employee for disobeying an order to be vaccinated. In *Mazares v. Department of Navy*, 302 F.3d 1382 (2002), for instance, two civilian Navy employees challenged their removals for refusing to receive an anthrax vaccination. The court found there was a clear and unjustified refusal to obey a lawful order of a superior.

**10) What should an agency do if the employee claims they are legally entitled to be excepted from the vaccination requirement?**

An agency should not initiate discipline if the employee claims a legally required exception as the reason proffered for not being vaccinated or providing proof of vaccination. If an employee claims a legally required exception, an agency should follow its ordinary process to review and consider what, if any, accommodation it must offer. All agency personnel designated to receive requests for accommodations should know how to handle requests consistent with any Federal employment nondiscrimination laws that may apply.

An employee whose request for an accommodation is denied should receive their first (or, if a one-dose series, only) dose within two weeks of the final determination to deny the accommodation. If receiving a two-dose series, the employee should receive the second dose within 6 weeks of receiving the first dose.

If the employee received a first dose of a two-dose series prior to seeking an accommodation, and their request for an accommodation is denied, they should receive their second dose within two weeks of the final determination to deny the accommodation or within a week of the earliest day by which they can receive their second dose, whichever is later.

If the employee does not comply with the requirement to become fully vaccinated, and has not been granted an exception and does not have a request under consideration, the agency may pursue disciplinary action, up to and including removal or termination from Federal service. If the accommodation request is denied, employees should be reminded again of the benefits of getting a COVID-19 vaccine and reminded that failure to comply with the vaccination requirement will result in disciplinary action, up to and including removal or termination from Federal service.

**11) How should agencies enforce the vaccination requirement of Executive Order 14043 for employees on extended leave of absence (e.g., due to a serious health condition of themselves or a family member, or due to utilizing paid parental leave)?**

Agencies should require employees on extended leave of absence (e.g., utilizing annual leave, sick leave, donated annual leave, military leave, leave without pay, paid parental leave, or unpaid leave under Family and Medical Leave) to submit documentation establishing that they are fully vaccinated (or request a legally required exception) prior to the employee returning to duty. Agencies should not require such employees to be vaccinated by a November 22, 2021 deadline, as long as they are on extended leave of absence and will not return to work until a later date.

**12) How should agencies enforce the vaccination requirement of Executive Order 14043 for employees on extended leave of absence due to receiving workers compensation as a result of sustaining an on-the-job injury or illness?**

Agencies should require employees on extended leave of absence due to receiving workers compensation to submit documentation establishing that they are fully vaccinated (or request a legally required exception) prior to the employee returning to duty. Agencies should not require such employees to be vaccinated by a November 22, 2021 deadline, as long as they are on extended leave of absence due to receiving workers compensation and will not return to duty until a later date.

**13) How should agencies enforce the vaccination requirement of Executive Order 14043 for seasonal employees who are not currently working for an agency under their seasonal appointment?**

Agencies should require seasonal employees to submit documentation establishing that they are fully vaccinated (or request a legally required exception) prior to the employee returning to duty. Agencies should not require such employees to be vaccinated by a November 22, 2021 deadline, as long as they will not return to duty until a later date.

**14) How should agencies enforce the vaccination requirement of Executive Order 14043 for student volunteers, interns, or other employees who are on an extended break in service (e.g., interns who worked for an agency this past summer, returned to school, and are expected to return to work for the agency after the school year ends)?**

Agencies should require student volunteers, interns, and other employees who are on an extended break to submit documentation establishing that they are fully vaccinated (or request a legally required exception) prior to returning to Federal service. Agencies should not require such persons to be vaccinated by a November 22, 2021 deadline, as long as they will not be reemployed until a later date.

**15) How should agencies enforce the vaccination requirement of Executive Order 14043 for employees who are on detail?**

Agencies should require employees who are on detail to another executive branch agency covered by EO 14043 to comply with the vaccination requirement of EO 14043. In accordance with the guidance issued by the Safer Federal Workforce Task Force, agencies should require detailed employees to be fully vaccinated by November 22, 2021. Detailed employees should follow the procedures of their home agency for submitting documentation to demonstrate their compliance with the vaccination requirement.

Agencies should require employees who are detailed to positions outside of an executive branch agency covered by EO 14043 to submit documentation establishing that they are fully vaccinated (or request a legally required exception) prior to the employee returning to duty at their home agency.

**16) How should agencies enforce the vaccine requirement of Executive Order 14043 for employees who are running down their leave in advance of departing federal service and do not intend to return to duty before leaving?**

If an employee has provided notice that they are leaving their position in the Executive Branch and are on leave until the date they depart, the agency should not enforce the vaccine requirement of EO 14043.

# EXHIBIT 6



**DEPUTY SECRETARY OF DEFENSE**
1010 DEFENSE PENTAGON
WASHINGTON, DC 20301-1010

OCT - 1 2021

MEMORANDUM FOR SENIOR PENTAGON LEADERSHIP
                              COMMANDERS OF THE COMBATANT COMMANDS
                              DEFENSE AGENCY AND DOD FIELD ACTIVITY DIRECTORS

SUBJECT:  Mandatory Coronavirus Disease 2019 Vaccination of DoD Civilian Employees

         To defend the Nation and protect the American people, we need a healthy and ready Total Force.  To accomplish this, the Secretary of Defense directed the mandatory vaccination of Service members against the coronavirus disease 2019 (COVID-19) by signing the memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members," on August 24, 2021.

         On September 9, 2021, the President of the United States directed Executive Branch agencies to implement a COVID-19 vaccination requirement for Federal employees to ensure the health and safety of the Federal workforce and members of the public with whom they interact by signing Executive Order 14043, "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees."

         All DoD civilian employees must be fully vaccinated by November 22, 2021, subject to exemptions as required by law.  Employees are considered fully vaccinated 2 weeks after completing the second dose of a two-dose COVID-19 vaccine or 2 weeks after receiving a single dose of a one-dose COVID-19 vaccine.

         New DoD civilian employees must be fully vaccinated by their entry on duty (start) date or November 22, 2021, whichever is later.

         To meet this requirement, individuals must be vaccinated with vaccines that are either fully licensed or authorized for emergency use by the Food and Drug Administration (FDA) (e.g., Comirnaty/Pfizer-BioNTech, Moderna, Johnson & Johnson/Janssen); listed for emergency use on the World Health Organization Emergency Use Listing (e.g., AstraZeneca/Oxford); or approved for use in a clinical trial vaccine for which vaccine efficacy has been independently confirmed (e.g., Novavax).  Those with previous COVID-19 infection(s) or previous serology are not considered fully vaccinated on that basis for the purposes of this mandate.

         Those who are not currently fully vaccinated must meet the following deadlines, if using vaccines that are fully licensed or authorized for emergency use by the FDA, in order to be fully vaccinated by November 22, 2021:

- October 11:  first dose deadline (if receiving the Moderna vaccine);

- October 18:  first dose deadline (if receiving the Comirnaty/Pfizer-BioNTech vaccine);



OSD008990-21/CMD011619-21

- November 8:  second dose deadline (if receiving the Moderna and Comirnaty/Pfizer-BioNTech vaccines); and

- November 8:  first (only) dose deadline (if receiving the Johnson & Johnson/Janssen vaccine).

In accordance with Deputy Secretary of Defense Memorandum, "Coronavirus Disease 2019 Vaccine Guidance," December 7, 2020, DoD civilian employees are eligible to receive the COVID-19 vaccine at any DoD vaccination site, including military medical treatment facilities.  They may also opt to receive the COVID-19 vaccine at locations other than DoD vaccination sites, including retail stores, private medical practices, and/or local and State public health department sites.  Employees, including those who have already received COVID-19 vaccines, must be prepared to provide a copy of their COVID-19 vaccine record in order to meet forthcoming procedures for DoD COVID-19 vaccination verification.

Additional guidance, including procedures for processing vaccination exemption requests, will be published by the Under Secretary of Defense for Personnel and Readiness (USD(P&R)). The USD(P&R) is authorized to rescind this memorandum as necessary for purposes of providing updated guidance.

Vaccinating DoD civilian employees against COVID-19 will save lives and allow for the defense of our Nation.  Thank you for your focus on this critical mission.

2

# EXHIBIT 7



PERSONNEL AND
READINESS

**UNDER SECRETARY OF DEFENSE**
**4000 DEFENSE PENTAGON**
**WASHINGTON, D.C. 20301-4000**

OCT 1 8 2021

MEMORANDUM FOR SENIOR PENTAGON LEADERSHIP
                    COMMANDERS OF THE COMBATANT COMMANDS
                    DEFENSE AGENCY AND DOD FIELD ACTIVITY DIRECTORS

SUBJECT:  Force Health Protection Guidance (Supplement 23) Revision 1 – Department of
               Defense Guidance for Coronavirus Disease 2019 Vaccination Attestation, Screening
               Testing, and Vaccination Verification

       This memorandum rescinds and replaces references (a) and (b),[1] and provides updated
guidance for implementing additional force health protection and workplace safety measures
directed by the White House Safer Federal Workforce Task Force (reference (c)) to reduce the
transmission of the virus that causes coronavirus disease 2019 (COVID-19).

       In accordance with references (c), (d), and (e), DoD civilian employees are now required
to be fully vaccinated by November 22, 2021, subject to exemptions as required by law.  For
purposes of this guidance, "DoD civilian employee," includes foreign nationals employed by
DoD outside the United States, to the maximum extent possible while respecting host nation
agreements and laws.  It also includes DoD civilian employees who are engaged in full-time
telework or remote work.  Additional information about the requirements for DoD civilian
employees can be found in Attachment 1.

       DoD contractor personnel and official visitors must attest to being fully vaccinated and, if
not fully vaccinated, present the results of a recent negative COVID-19 test as a condition of
physical access to DoD buildings and DoD-leased spaces in non-DoD buildings in which official
DoD business takes place (referred to jointly in this memorandum as "DoD facilities").  For
purposes of this physical access requirement, "contractor personnel" are those individuals issued
a credential by DoD that affords the individual recurring access to DoD facilities, classified
herein as "credentialed recurring access" (CRA) (e.g., Common Access Cardholders).  "Official
visitors" are non-DoD individuals seeking access, one time or recurring, in association with the
performance of official DoD business (e.g., to attend a meeting), but who do not have CRA.  The
COVID-19 vaccination status for all individuals with CRA and official onsite visitors will be
determined in accordance with Attachment 2.

       These vaccination and physical access requirements do not apply to personnel receiving
ad hoc access to DoD facilities (e.g., delivery personnel, taxi services); to individuals who have
access to the grounds of, but not the buildings on, DoD installations (e.g., contract
groundskeepers, fuel delivery personnel, household goods transportation personnel); to personnel
accessing DoD buildings unrelated to the performance of DoD business (e.g., residential
housing); or to personnel accessing DoD facilities to receive a public benefit (e.g., commissary;

---

[1] References are listed in Attachment 8.

exchange; public museum; air show; military medical treatment facility; Morale, Welfare, and Recreation resources).

In accordance with reference (f), Service members (members of the Armed Forces under DoD authority on Active Duty or in the Ready Reserve, including members of the National Guard) are required to be fully vaccinated against COVID-19. Service members' vaccination status will be validated utilizing their Military Service-specific Individual Medical Readiness (IMR) system. If a Service member has been vaccinated against COVID-19 outside the Military Health System, that Service member must show official proof of his or her COVID-19 vaccination status to update the IMR system. Once the applicable mandatory vaccination date has passed, COVID-19 screening testing as described in Attachment 5 is required at least weekly for Service members who are not fully vaccinated, including those who have an exemption request under review, or who are exempted from COVID-19 vaccination and are entering a DoD facility. Service members who are not on Active Duty and who also are DoD civilian employees or DoD contractor personnel must follow the applicable requirements in this memorandum for DoD civilian employees or DoD contractor personnel.

Individuals are considered fully vaccinated 2 weeks after completing the second dose of a two-dose COVID-19 vaccine or 2 weeks after receiving a single dose of a one-dose COVID-19 vaccine. Individuals must be vaccinated with vaccines that are either fully licensed or authorized for emergency use by the Food and Drug Administration (FDA) (e.g., Pfizer-BioNTech/COMIRNATY, Moderna, Johnson & Johnson/Janssen vaccines); listed for emergency use on the World Health Organization Emergency Use Listing (e.g., AstraZeneca/Oxford); or approved for use in a clinical trial vaccine for which vaccine efficacy has been independently confirmed (e.g., Novavax). Those with previous COVID-19 infection(s) or antibody test results are not considered fully vaccinated on that basis for the purposes of this memorandum.

All medical and other information collected from individuals will be maintained in a manner meeting the privacy requirements in Attachment 7.

Heads of DoD Components and the Director of Administration and Management (for the Office of the Secretary of Defense Components, the Office of the Chairman of the Joint Chiefs of Staff and the Joint Staff, the Defense Agencies, and DoD Field Activities) will publish any necessary supplemental instructions and ensure that all contract and associated funding implications are considered.

DoD Components should engage with DoD civilian employee unions as they develop supplemental guidance and otherwise satisfy any applicable collective bargaining obligations under the law at the earliest convenience, including on a post-implementation basis.

This memorandum and other COVID-19 guidance memoranda are centrally located at: **https://www .defense.gov/Explore/Spotlight/Coronavirus/Latest-DOD-Guidance/**.

Please direct any questions or comments to the following email address: ███████

Gilbert R. Cisneros, Jr.

Attachments:
1. ATTACHMENT 1:  Vaccination Requirements for DoD Civilian Employees
2. ATTACHMENT 2:  Requirements for DoD Contractor Personnel, Official Onsite Visitors, and Others Seeking Access to Facilities
3. ATTACHMENT 3:  DD Form 3175 – "DoD Civilian Employee Certification of Vaccination"
4. ATTACHMENT 4:  DD Form 3150 – "Contractor and Visitor Certification of Vaccination"
5. ATTACHMENT 5:  COVID-19 Screening Testing Requirements
6. ATTACHMENT 6:  Requirements for Obtaining Self-Collection Kits and Self-Tests
7. ATTACHMENT 7:  Privacy Requirements
8. ATTACHMENT 8:  References

**ATTACHMENT 1**
**Vaccination Requirements for DoD Civilian Employees**

1. **Vaccination Requirement**

   a. DoD civilian employees who are not currently fully vaccinated must meet the following deadlines, if using vaccines that are fully licensed or authorized for emergency use by the FDA, in order to be fully vaccinated by November 22, 2021:

      i. October 11: first dose deadline (if receiving the Moderna vaccine);

      ii. October 18: first dose deadline (if receiving the Pfizer-BioNTech/COMIRNATY vaccine);

      iii. November 8: second dose deadline (if receiving the Moderna and PfizerBioNTech/COMIRNATY vaccines);

      iv. November 8: first (only) dose deadline (if receiving the Johnson & Johnson/Janssen vaccine); and

      v. If DoD civilian employees use an authorized vaccine other than those listed above, they are responsible for being fully vaccinated by November 22, 2021.

   b. DoD civilian employees who are not fully vaccinated must comply with all DoD requirements for individuals who are not fully vaccinated, including those requirements related to masking, physical distancing, and travel. Regular COVID-19 testing is not required prior to November 22, 2021. After November 22, 2021, weekly COVID-19 testing is required for those DoD civilian employees who are not fully vaccinated, including those who have medical or religious exemptions. DoD civilian employees who telework or work remotely on a full-time basis are not subject to weekly testing, but must provide a negative result from a test performed within the prior 72 hours for entry into a DoD facility.

   c. DoD civilian employees are eligible to receive the COVID-19 vaccine at any DoD vaccination site, including military medical treatment facilities. They may also opt to receive the COVID-19 vaccine at locations other than DoD vaccination sites, such as retail stores, private medical practices, and/or local and State public health department sites.

   d. New DoD civilian employees must be fully vaccinated by their entry on duty (start) date or November 22, 2021, whichever is later.

      i. The DoD or Office of the Secretary of Defense (OSD) Component head may approve temporary exemptions in writing for up to 60 days after a DoD civilian employee's start date for urgent, mission-critical hiring needs in circumstances in which a DoD civilian employee could not have been fully vaccinated between the time the job opportunity announcement closes and the DoD civilian employee's start date. This authority may be delegated in writing to the DoD or OSD Component head's Principal Deputy (or equivalent) but no lower.

    ii. DoD Components must address the COVID-19 vaccination requirement in job opportunity announcements and tentative and final offer letters. For hiring actions currently underway, DoD Components must issue revised tentative and final offer letters. Sample language can be found in reference (g).

e. DoD civilian employees are authorized official duty time to receive vaccination doses. For employees who are unable to receive a COVID-19 vaccination within their duty hours, regular overtime rules are applicable.

f. DoD civilian employees are authorized administrative leave for purposes of taking a family member to get a vaccination and to recover from vaccination. Employees who experience an adverse reaction to a COVID-19 vaccination should be granted no more than 2 workdays of administrative leave for recovery associated with a single COVID-19 vaccination dose. DoD civilian employees should use the time and attendance code for "physical fitness" to record administrative leave for COVID-19 vaccination recovery time that prevents the employee from working or for taking a family member to be vaccinated for COVID-19. The type hour code is "LN" and the environmental/hazard/other code is "PF." Non-appropriated fund employers should code administrative leave related to COVID-19 in a way that can be easily reported.

## 2. Verification of Vaccination

a. DoD civilian employees who have received a dose of a one-dose vaccine, or both doses of a two-dose vaccine, must provide proof of vaccination to their supervisors. For purposes of the verification requirement, "supervisor" includes authorized human resources officials. Proof of vaccination may be submitted in hard copy or in an electronic format, and the proof may be a photocopy or photograph of the vaccination record, if it legibly displays the data points to be verified by supervisors. DoD civilian employees who are not fully vaccinated must provide proof of vaccination to their supervisors upon receipt of each required dose. Acceptable proof includes:

    i. A copy of the record of immunization from a health care provider or pharmacy;

    ii. A copy of the COVID-19 Vaccination Record Card (CDC Form MLS-319813_r, published on September 3, 2020);

    iii. A copy of medical records documenting the vaccination;

    iv. A copy of immunization records from a public health or State immunization information system; or

    v. A copy of any other official documentation containing the data points required to be verified by the supervisor.

b. In addition to providing proof of vaccination to their supervisors, DoD civilian employees also will complete Section A of DD Form 3175 (Attachment 3). DoD civilian employees with access to milConnect (**https://milconnect.dmdc.osd.mil/**) will complete the DD Form 3175 via milConnect; otherwise use of a hard copy[2] is

---

[2] **https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd3175.pdf**

acceptable.  DoD civilian employees using a hard copy will provide the hard copy to their supervisor.  DoD civilian employees are required to complete the DD Form 3175 even if they already completed the DD Form 3150 (Attachment 4).

c.  Upon receiving proof of vaccination, a DoD civilian employee's supervisor will verify that the information provided contains the following data points:

    i.  Type of vaccine administered
    ii.  Number of doses received
    iii.  Date(s) of administration; and
    iv.  Name of the health care professional(s) or clinic site(s) administering the vaccine(s).

d.  In addition to verifying that a DoD civilian employee's proof of vaccination includes the required data points, supervisors also will complete Section B of DD Form 3175 beginning on or about October 21, 2021 (or when activation of the form is completed for supervisor use).  Supervisors with access to milConnect (**https://milconnect.dmdc.osd.mil/**) will complete the DD Form 3175 via milConnect using the DoD civilian employee's Employee Identification Number; otherwise use of a hard copy is acceptable.

e.  Supervisors will retain DoD civilian employees' proof of vaccination in accordance with their DoD Component's recordkeeping requirements for DoD civilian employee medical records and the privacy requirements contained in Attachment 7.

f.  DoD civilian employees may not be required to use their own personal equipment for the purpose of submitting proof of vaccination or DD Form 3175.  DoD civilian employees who submit proof of vaccination or the DD Form 3175 in an electronic format are encouraged to use encrypted email or password protected files with DoD SAFE file transfer (**https://safe.apps.mil/**).

**3.  Enforcement of DoD Civilian Employee COVID-19 Vaccination Requirement:**

a.  DoD civilian employees who refuse to be vaccinated, or to provide proof of vaccination, are subject to disciplinary measures, up to and including removal from Federal service, unless the DoD civilian employee has received an exemption or the DoD civilian employee's timely request for an exemption is pending a decision.  DoD Components should generally follow the recommended guidelines in reference (h), subject to any applicable Component policy and collective bargaining agreements.

b.  Progressive enforcement actions include, but are not limited, to:

    i.  A 5-day period of counseling and education;
    ii.  A short suspension without pay, of 14 days or less, with an appropriate notice period.  Senior Executive Service members may only be suspended for more than 14 days;

      iii.    Removal from Federal service for failing to follow a direct order.

c.  During notice periods, DoD civilian employees generally should not be placed on administrative leave.  DoD Components should require DoD civilian employees to continue to telework or report to the worksite and follow all mitigation measures applicable to unvaccinated DoD civilian employees when reporting to the worksite.

d.  DoD Components will designate officials, at the appropriate organizational level, to handle the disciplinary process to ensure consistent application of disciplinary measures.  Such officials will decide each case with due regard to the facts and circumstances of that case.  DoD Components may begin enforcement action as soon as November 22, 2021, for DoD civilian employees who are not fully vaccinated and who do not have an exemption request approved or pending decision.

e.  Supervisors should contact their servicing human resources and legal offices to discuss options available to address individual situations regarding enforcement of this requirement.

f.  DoD Components are encouraged to identify an occupational health office, medical office, or other resource with whom a DoD civilian employee may consult during the period of counseling and education.

## 4.  Exemptions to DoD Civilian Employee COVID-19 Vaccination Requirement:

DoD civilian employees may request an exemption on the basis of a medical condition or circumstance or a sincerely held religious belief, practice or observance.  Exemptions will be granted in limited circumstances and only where legally required.  Further guidance on processing exemptions will be forthcoming from the Under Secretary of Defense for Personnel and Readiness.  In the meantime, DoD Components should take no action on any exemption requests received from DoD civilian employees.

**ATTACHMENT 2**
**Requirements for DoD Contractor Personnel, Official Onsite Visitors, and Others Seeking Access to Facilities**

1. **DoD Contractor Personnel**

   a. For DoD contractor personnel, the DoD civilian vaccination deadline of November 22, 2021, does not apply. Vaccination requirements for DoD contractor personnel will be in accordance with reference (i), as implemented by reference (j), as directed under Executive Order 14042 (reference (k)).

   b. DoD contractor personnel will complete the DD Form 3150, "Contractor and Visitor Certification of Vaccination" (Attachment 4), maintain a current completed DD Form 3150, and show it to authorized DoD personnel upon request. Failure to complete the DD Form 3150 may result in denying DoD contractor personnel access to the DoD facility to which access is sought.

   c. DoD contractor personnel who are not fully vaccinated against COVID-19 because they are not performing under a covered contract that requires COVID-19 vaccination, due to a legally required accommodation, or who decline to attest to their COVID-19 vaccination status will be subject to COVID-19 screening testing at least weekly as set forth in this guidance (Attachment 5). DoD contractor personnel who refuse required screening testing will be denied access to DoD facilities.

   d. In accordance with applicable contracts, DoD contractor personnel may be offered, but are not required to receive, COVID-19 vaccines at their DoD worksites.

2. **Official Onsite Visitors**

   a. Official onsite visitors will complete DD Form 3150, "Contractor and Visitor Certification of Vaccination"[3] (Attachment 4); and maintain a current completed DD Form 3150 and show it to authorized DoD personnel, upon request. Failure to complete the DD Form 3150 may result in denial of an official onsite visitor's access to the DoD facility to which access is sought.

   b. Official visitors who are not fully vaccinated against COVID-19, or who decline to volunteer their COVID-19 vaccination status, must show an electronic or paper copy of negative results from an FDA-authorized or approved COVID-19 test administered no earlier than 72 hours prior to their visit. If an official visitor is unable to show a negative COVID-19 test result, the visitor may be provided onsite self-testing, if available, or will be denied access to the DoD facilities to which access is sought. Service members who are not on Active Duty at the time of their official visit are subject to the requirements in this paragraph.

   c. Official visitors will follow applicable policies and procedures of both DoD and the

---

[3] https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd3150.pdf

Department or Agency they are visiting, if different from DoD.

### 3.  Others Seeking Access to Facilities

Individuals other than official visitors seeking access to facilities located on DoD installations, but operated by other Federal departments and agencies, will follow the policies and procedures of that other department or agency.

**ATTACHMENT 3**

**DD Form 3175 – "DoD Civilian Employee Certification of Vaccination"**

CUI (when filled in)

---

### DoD CIVILIAN EMPLOYEE CERTIFICATION OF VACCINATION

**PRIVACY ACT STATEMENT**

**Authority:** Pursuant to 5 U.S.C. chapters 11 and 79, and in discharging the functions directed under Executive Order 14043, Requiring Coronavirus Disease 2019 Vaccination for Federal Employees (Sept. 9, 2021), DoD is authorized to collect this information. Additional authorities for the systems of records associated with this collection of information also include: E.O. 13991, Protecting the Federal Workforce and Requiring Mask-Wearing; E.O. 12196, Occupational Safety and Health Program for Federal Employees; 10 U.S.C. 113, 10 U.S.C. 136, 10 U.S.C. 7013, 10 U.S.C. 8013, 10 U.S.C. 9013, 10 U.S.C. 2672; DoD Directive 5525.21; and DoD Instruction 6200.03. Providing this information is mandatory, and DoD is authorized to impose penalties for failure to provide the information pursuant to applicable Federal personnel laws and regulations.

**Principal Purpose:** This information is being collected and maintained to implement Coronavirus Disease 2019 (COVID-19) workplace safety plans, and ensure the safety and protection of the DoD workforce, workplace, and other DoD facilities and environments, consistent with the above-referenced authorities, the COVID-19 Workplace Safety: Agency Model Safety Principles established by the Safer Federal Workforce Task Force, and guidance from the Centers for Disease Control and Prevention and the Occupational Safety and Health Administration.

**Routine Use(s):** While the information requested on this form is intended to be used primarily for internal purposes, in certain circumstances it may be necessary to disclose this information externally, for example to disclose information to: a person, organization or governmental entity as necessary and relevant to notify them of, respond to, or guard against a public health emergency, or other similar crisis, including to comply with laws governing the reporting of communicable disease or other laws concerning health and safety in the work environment; adjudicative bodies (e.g., the Merit System Protection Board), arbitrators, and hearing examiners to the extent necessary to carry out their authorized duties regarding Federal employment; contractors, grantees, experts, consultants, students, and others as necessary to perform their duties for the Federal government; or agencies, courts, and persons as necessary and relevant in the course of litigation, and as necessary and in accordance with requirements for law enforcement; or to a person authorized to act on your behalf.

A complete list of routine uses may be found in the applicable System of Records Notice (SORN) associated with the collection of this information as follows: For most Federal civilian employees: OPM/GOVT-10, Employee Medical File System Records, 75 Fed. Reg. 35099 (Jun. 21, 2010), amended 80 Fed. Reg. 74815 (Nov. 30, 2015). For Federal civilian employees not covered by OPM/GOVT-10: DPR 39 DoD, DoD Personnel Accountability and Assessment System of Records, 85 Fed. Reg. 17047 (Mar. 26, 2020) (also available at https://dpcld.defense.gov/Portals/49/Documents/Privacy/SORNs/OSDJS/DPR-39-DoD.pdf).

**Consequences of Failure to Provide Information:** Providing this information is mandatory. Unless granted an exemption, all covered Federal civilian employees are required to be vaccinated against COVID-19. Employees are required to provide documentation concerning their vaccination status to their employing DoD Component. Failure to provide this information may subject you to disciplinary action, including and up to removal from Federal service.

---

**INSTRUCTIONS:** Section A of this form should be completed by DoD civilian employees only. Section B of this form should be completed by the DoD civilian employee's supervisor (or authorized human resources official). This form should be completed by DoD civilian employees only. Service members and employees of DoD contractors should not complete this form.

**SECTION A.** To be completed by DoD civilian employees.

| 1. CIVILIAN EMPLOYEE NAME *(Last, First, MI)*: | 2. CIVILIAN EMPLOYEE DoD ID NUMBER: |
|---|---|
| | |

**3. PLEASE CHECK ALL THAT COINCIDES WITH YOUR COVID-19 VACCINATION STATUS:**

☐ 3.a. I am fully vaccinated.
Individuals are considered "fully vaccinated" two weeks after completing the second dose of a two-dose COVID-19 vaccine or two weeks after receiving a single dose of a one-dose vaccine. Accepted COVID-19 vaccines are those which have received a license or emergency use authorization from the U.S. Food and Drug Administration and those COVID-19 vaccines on the World Health Organization Emergency Use Listing. "Fully vaccinated" also includes circumstances in which the individual was a participant in a U.S. site clinical trial and has received all recommended doses.

☐ 3.b. I have received one or more doses, but I am not yet considered fully vaccinated (in accordance with the definition of fully vaccinated above).

☐ 3.c. I have submitted proof of vaccination to my supervisor.
Proof of vaccination includes a copy of the record of immunization from a health care provider or pharmacy, a copy of the COVID-19 Vaccination Record Card, a copy of medical records documenting the vaccination, a copy of immunization records from a public health or state immunization information system, or a copy of any other official documentation. Employees may provide a digital copy of such records, including, for example, a digital photograph, scanned image, or PDF of such a record that is clear and legible.

☐ 3.d. I have not received any vaccination doses.

☐ 3.e. I have submitted a request for an exemption from vaccination and a decision is still pending.

☐ 3.f. I have an approved exemption from vaccination.

---

**DD FORM 3175, OCT 2021**   CUI (when filled in)   Controlled by: OUSD(P&R)
Controlled by: ASD(HA)
CUI Category: HLTH: PRVCY, OPSEC   Page 1 of 2
LDC: DL/DoD Only ███████████

CUI (when filled in)

| 4. EMPLOYEE VACCINE INFORMATION *(Employees checking block 3.a. should skip block 4 and go to block 5):* | |
|---|---|
| **4.a. VACCINE MANUFACTURER(S) OR VACCINE PRODUCT NAME(S):** <br><br> ☐ Pfizer-BioNTech/Comirnaty <br> ☐ Moderna <br> ☐ AstraZeneca/Oxford <br> ☐ Johnson and Johnson (J&J)/Janssen <br> ☐ Novavax <br> ☐ Other U.S. Food and Drug Administration licensed or authorized, World Health Organization Emergency Use listed vaccine or U.S. site clinical trial vaccine (provide name): | **4.b. DATE OF FIRST DOSE:** <br><br> **4.c. DATE OF SECOND DOSE** *(if two-dose vaccine):* <br><br> **4.d. DATE FULLY VACCINATED:** |

| 5. CERTIFICATION/KNOWLEDGE OF POSSIBLE ACTIONS FOR FALSE STATEMENTS |
|---|
| ☐ I certify that the information I have provided on this form and the proof of vaccination documentation I have submitted is true and correct. I understand that a knowing and willful false statement on this form can be punished by fine or imprisonment or both (18 U.S.C. 1001). I understand that making a false statement on this form could result in additional administrative action including an adverse personnel action up to and including removal from my position. |

| 6. CIVILIAN EMPLOYEE SIGNATURE: | 7. DATE: |
|---|---|
| | |

| SECTION B. To be completed by the supervisor of the DoD civilian employee completing section A (or an authorized human resources official) | |
|---|---|
| **8. SUPERVISOR PROOF OF VACCINATION REVIEW** <br><br> ☐ 8.a. Proof of vaccination not received. <br> ☐ 8.b. Proof of vaccination received and under review. <br> ☐ 8.c. Proof of vaccination received and reviewed. | **9. STATUS OF VACCINATION - EXEMPTION REVIEW** <br><br> ☐ 9.a. Exemption request received and pending disposition. <br> ☐ 9.b. Exemption request received and approved. <br> ☐ 9.c. Exemption request received and denied. <br> ☐ 9.d. Exemption request not received. |

| 10. SUPERVISOR / AUTHORIZED HR OFFICIAL NAME *(Last, First, MI):* | 11. SUPERVISOR / AUTHORIZED HR OFFICIAL DoD ID NUMBER: |
|---|---|
| | |

| 12. SUPERVISOR / AUTHORIZED HR OFFICIAL SIGNATURE: | 13. DATE: |
|---|---|
| | |

11

# ATTACHMENT 4
## DD Form 3150 – "Contractor Personnel and Visitor Certification of Vaccination"

### CUI (when filled in)

---

**CONTRACTOR PERSONNEL AND VISITOR CERTIFICATION OF VACCINATION**

OMB No. 0704-0613
Expiration  20220228

**AGENCY DISCLOSURE NOTICE**

The public reporting burden for this collection of information is estimated to average 2 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to the Department of Defense, Washington Headquarters Services, at whs.mc-alex.esd.mbx.dd-dod-informationcollections@mail.mil. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.

**PRIVACY ACT STATEMENT**

**Authority:** DoD is authorized to collect the information on this form pursuant to Executive Order (E.O.) 14042, Ensuring Adequate COVID Safety Protocols for Federal Contractors; E.O. 13991, Protecting the Federal Workforce and Requiring Mask-Wearing; and E.O. 12196, Occupational Safety and Health Program for Federal Employees; as well as 10 U.S.C. 113, 10 U.S.C. 136, 10 U.S.C. 7013, 10 U.S.C. 8013, 10 U.S.C. 9013, 10 U.S.C. 2672, 5 U.S.C. chapter 79, and DoD Instruction 6200.03.

**Principal Purpose:** This information is being collected to implement Coronavirus Disease 2019 (COVID-19) workplace safety plans, including DoD's COVID-19 testing programs, and to ensure the safety and protection of the DoD workforce, workplace, and other DoD facilities and environments, consistent with the above-referenced authorities, the COVID-19 Workplace Safety: Agency Model Safety Principles established by the Safer Federal Workforce Task Force, and guidance from the Centers for Disease Control and Prevention and the Occupational Safety and Health Administration.

**Routine Use(s):** While the information requested on this form is intended to be used primarily for internal purposes, in certain circumstances it may be necessary to disclose this information externally, for example to disclose information to: a person, organization, or governmental entity as necessary and relevant to notify them of, respond to, or guard against a public health emergency or other similar crisis, including to comply with laws governing the reporting of communicable disease or other laws concerning health and safety in the work environment; adjudicative or administrative bodies or officials when the records are relevant and necessary to adjudicative or administrative proceeding; contractors, grantees, experts, consultants, students, and others as necessary to perform their duties for the Federal government; agencies, courts, and persons as necessary and relevant in the course of litigation, and as necessary and in accordance with requirements for law enforcement; or to a person authorized to act on your behalf. A complete list of routine uses may be found in the applicable System of Records Notice (SORN) associated with the collection of this information from contractor personnel and DoD visitors: DPR 39 DoD, DoD Personnel Accountability and Assessment System of Records, 85 Fed. Reg. 17047 (Mar. 26, 2020) (also available at https://dpcld.defense.gov/Portals/49/Documents/Privacy/SORNs/OSDJS/DPR-39-DoD.pdf).

**Consequences of Failure to Provide Information:** Providing this information is voluntary. However, if you fail to provide this information, you will be treated as not fully vaccinated for purposes of implementing safety measures, including subject to COVID-19 screening testing and/or denied access to DoD facilities. Failure to provide such information may also hinder DoD's ability to implement COVID-19 workplace safety plans, thereby increasing the health or safety risk to DoD-affiliated personnel and DoD facilities.

**INSTRUCTIONS:** This form should be completed by DoD contractor personnel and official visitors in accordance with current DoD Force Health Protection Guidance. DoD civilian employees should not complete this form.

| 1. NAME *(Last, First, MI)*: | 2. DoD ID NUMBER: |
|---|---|

**3. PLEASE CHECK THE BOX BELOW THAT COINCIDES WITH YOUR COVID-19 VACCINATION STATUS :**

☐ I am fully vaccinated.
　Individuals are considered "fully vaccinated" two weeks after completing the second dose of a two-dose COVID-19 vaccine or two weeks after receiving a single dose of a one-dose vaccine. Accepted COVID-19 vaccines are those which have received a license or emergency use authorization from the U.S. Food and Drug Administration and those COVID-19 vaccines on the World Health Organization Emergency Use Listing. "Fully vaccinated" also includes circumstances in which the individual was a participant in a U.S. site clinical trial and has received all recommended doses.

☐ I am not yet fully vaccinated. I received only one dose of an accepted two-dose COVID-19 vaccine, or I received my final dose of an accepted COVID-19 vaccine less than two weeks ago.

☐ I have not been vaccinated.

☐ I decline to respond.

Individuals who choose not to complete the form will be assumed to be not fully vaccinated for purposes of application of the safety protocols. If you are not vaccinated due to medical or religious reasons, please check either "I have not been vaccinated" or "I decline to respond." Note that if you have already received one dose of a vaccine, but are not yet fully vaccinated, or if you received your final dose less than two weeks ago, then you will be treated as not fully vaccinated until you are at least two weeks past your final dose and resubmit your vaccination information.

☐ I certify that the information provided in this form is accurate and true to the best of my knowledge.

I understand that a knowing and willful false statement on this form can be punished by fine or imprisonment or both (18 U.S.C. 1001). Checking "I decline to respond" does not constitute a false statement. I understand that making a false statement on this form could result in additional administrative action including an adverse personnel action up to and including removal from my position.

| 4. DATE *(YYYYMMDD)* | 5. SIGNATURE *(Full Name)* |
|---|---|

**DD FORM 3150, OCT 2021**　　　CUI (when filled in)

Controlled by: OUSD(P&R)
Controlled by: ASD(HA)
CUI Category: HLTH: PRVCY, OPSEC
LDC: DL(DoD Only)

Page 1 of 1

**ATTACHMENT 5**
**COVID-19 Screening Testing Requirements**

1. To establish COVID-19 screening testing for individuals for whom screening testing is required, DoD Components will:

    a. Execute the screening testing requirement with COVID-19 self-collection kits or self-tests at least weekly (depending on the type of test kit used) that can be performed primarily onsite at the installation or facility with proper supervision and documentation of testing results.  If onsite COVID-19 screening testing is not feasible, as an alternative self-testing can be performed at home or in other locations (Note:  these COVID-19 self-tests do not require a health care provider's clinical care order and are, therefore, considered an over-the-counter test and do not require medical support to complete).  Screening testing will be conducted using an FDA-authorized or approved test;  and

    b. Procure and provide these COVID-19 self-tests and establish guidance for where and how these tests will be distributed and conducted and how results are to be reported.

        i. DoD civilian employees are responsible for providing documentation of negative COVID-19 test results, upon receipt, to the appropriate supervisor or authorized human resources official.  DoD civilian employees may not be required to use their own personal equipment for the purpose of documenting test results; offsite tests may not be used if there is not a means to document results using government equipment.  The supervisor is responsible for maintaining any COVID-19 test results provided by DoD civilian employees in accordance with the privacy protection measures in Attachment 7.

        ii. DoD contractor personnel with CRA will maintain their most recent COVID-19 test result and show such results to authorized DoD personnel upon request.

2. After COVID-19 screening testing procedures are established, the personnel identified in this memorandum as subject to screening testing are required to have a COVID-19 screening test with an FDA-authorized or approved test, and receive a negative COVID-19 screening test result for entry into a DoD facility.  If the COVID-19 screening test is administered offsite, the negative result must be from a test performed within the prior 72 hours.   If a COVID-19 screening test is administered onsite, the test will be administered immediately before or upon entry into the workplace.

3. DoD civilian employees and DoD contractor personnel with CRA who have positive COVID-19 screening tests will be required to remain away from the workplace in accordance with references (l) and (m).  DoD civilian employees and DoD contractor personnel with CRA with positive COVID-19 screening tests will be offered, but not required to take, confirmatory laboratory-based molecular (i.e., polymerase chain reaction) testing paid for by the relevant DoD Component.  Contact tracing and mitigation measures will be conducted in accordance with references (l) and (m).  If the confirmatory test is negative, the individual is not considered to be COVID-19 positive and will be allowed into the workplace.

4. For DoD civilian employees, COVID-19 screening testing is expected to take no more than 1 hour of regular duty time, per test, to complete required testing as directed by the DoD Component. This includes time for travel to the testing site, time to complete testing, and time to return to work. Laboratory-based confirmatory COVID-19 testing for initial positive screening test results is expected to take no more than 2 hours of duty time. Commanders and supervisors will monitor duty time usage and keep duty time used for testing within these parameters to the extent possible.

5. DoD Components may bar DoD civilian employees who refuse required screening testing from their worksites on the installation or facility to protect the safety of others, including while adverse action is pending. While barred from their worksites on the installation or facility, such employees may be required to telework, as appropriate.

**ATTACHMENT 6**
**Requirements for Obtaining Self-Collection Kits and Self-Tests**

COVID-19 self-tests must have Instructions for Use and FDA approval, 510(K) premarket clearance or have an FDA Emergency Use Authorization, and will be made available through the Defense Logistics Agency.  DoD Components are responsible for funding required COVID-19 screening tests.

1.  Cost reporting for the purchase of testing materials or reimbursement for member tests should be in accordance with reference (n).

2.  Funding for COVID-19 testing – If self-collection kits or self-tests are not available:

    a.  Each DoD Component will establish procedures to reimburse Service members and DoD civilian employees for COVID-19 screening tests that require payment for purposes of meeting the screening testing requirement (e.g., if the screening test is not available through the DoD Component and must be administered by a facility who charges for the test).

    b.  For COVID-19 testing of DoD contractor personnel with CRA, DoD Components will offer, if available, COVID-19 testing similar to that offered to DoD civilian employees at the DoD Component's expense and at no cost to the contractor personnel or the contractor.

## ATTACHMENT 7
## Privacy Requirements

Medical and other information collected from individuals, including vaccination information, test results, and vaccine exemption requests, will be treated in accordance with applicable laws and policies on privacy, including the Privacy Act of 1974 and DoD Instruction 5400.11, "DoD Privacy and Civil Liberties Programs," January 29, 2019 (reference (o)), the Rehabilitation Act of 1973, as amended ("Rehabilitation Act"), and 5 CFR part 293, subpart E. While such information may be sensitive and is to be safeguarded as described above, it is not covered by the Health Insurance Portability and Accountability Act (HIPAA) and the associated HIPAA Rules.

Medical information obtained from DoD civilian employees, including vaccination status, will be accessible only to those persons who have a need to access the information under the Rehabilitation Act, including immediate supervisors and authorized human resources officials who must access the information to implement the guidance in this memorandum. The Rehabilitation Act's requirements on confidentiality of medical information apply whether or not a DoD civilian employee has a disability.

DoD Components are advised to consult their Component Privacy Officer and servicing legal office if there is a need to share medical information with DoD personnel other than immediate supervisors and authorized human resources officials or individuals outside of DoD.

DoD personnel will use appropriate safeguards in handling and storing DoD civilian employee medical information, including a DoD civilian employee's proof of vaccination, the DD Form 3175, and COVID-19 test results. Appropriate safeguards may include encrypting emails and electronic files, and role-based access to electronic storage environments where this information is maintained. In the event the information is maintained in paper form, supervisors and other authorized DoD personnel must ensure DoD civilian employee medical information remains confidential and is maintained separately from other personnel files, e.g., stored in a separate, sealed envelope marked as confidential DoD civilian employee medical information and maintained in locked file cabinets or a secured room. DoD Components are advised to refer to applicable internal guidance on the handling and storage of DoD civilian employee medical records, and to consult their Component Privacy Officer as needed for further guidance.

## ATTACHMENT 8
### References

(a) Under Secretary of Defense for Personnel and Readiness Memorandum, "Force Health Protection Guidance (Supplement 23) – Department of Defense Guidance for Coronavirus Disease 2019 Vaccination Attestation and Screening Testing for Unvaccinated Personnel," September 7, 2021 (hereby rescinded)

(b) Acting Under Secretary of Defense for Personnel and Readiness Memorandum, "Administrative Leave for Coronavirus Disease 2019 Vaccination of Department of Defense Employees," April 14, 2021 (hereby rescinded)

(c) Safer Federal Workforce Task Force, "COVID-19 Workplace Safety:  Agency Model Safety Principles," September 13, 2021

(d) Executive Order 14043, "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees," September 9, 2021

(e) Deputy Secretary of Defense Memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of DoD Civilian Employees," October 1, 2021

(f) Secretary of Defense Memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members," August 24, 2021

(g) United States Office of Personnel Management Memorandum, "Guidance on Applying Coronavirus Disease 2019 Vaccination Requirements to New Hires – Executive Order 14043," October 1, 2021

(h) United States Office of Personnel Management Memorandum , "Guidance on Enforcing Coronavirus Disease 2019 Vaccination Requirement for Federal Employees – Executive Order 14043," October 1, 2021

(i) Safer Federal Workforce Task Force, "COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors," September 24, 2021

(j) Principal Director for Defense Pricing and Contracting Memorandum, "Class Deviation 2021-O0009—Ensuring Adequate COVID-19 Safety Protocols for Federal Contractors, October 1, 2021

(k) Executive Order 14042, "Ensuring Adequate COVID Safety Protocols for Federal Contractors," September 9, 2021

(l) Acting Under Secretary of Defense for Personnel and Readiness Memorandum, "Force Health Protection Guidance (Supplement 15) Revision 2 – Department of Defense Guidance for Coronavirus Disease 2019 Laboratory Testing Services," July 2, 2021

(m) Acting Under Secretary of Defense for Personnel and Readiness Memorandum, "Force Health Protection Guidance (Supplement 18) – Department of Defense Guidance for Protecting All Personnel in Department of Defense Workplaces During the Coronavirus Disease 2019 Pandemic," March 17, 2021

(n) Office of the Under Secretary of Defense (Comptroller)/Chief Financial Officer of the Department of Defense, "DoD Response to the Novel Coronavirus – Cost Reporting Guidance," April 13, 2020

(o) Department of Defense Instruction 5400.11, "DoD Privacy and Civil Liberties Programs," January 29, 2019 (as amended)

# EXHIBIT 8



**UNDER SECRETARY OF DEFENSE**
4000 DEFENSE PENTAGON
WASHINGTON, D.C. 20301-4000

OCT 2 9 2021

**PERSONNEL AND
READINESS**

MEMORANDUM FOR SENIOR PENTAGON LEADERSHIP
            COMMANDERS OF THE COMBATANT COMMANDS
            DEFENSE AGENCY AND DOD FIELD ACTIVITY DIRECTORS

SUBJECT: Force Health Protection Guidance (Supplement 23) Revision 2 – Department of
         Defense Guidance for Coronavirus Disease 2019 Vaccination Attestation, Screening
         Testing, and Vaccination Verification

This memorandum rescinds and replaces reference (a),[1] and provides updated guidance
for implementing additional force health protection and workplace safety measures directed by
the White House Safer Federal Workforce Task Force (reference (b)) to reduce the transmission
of the virus that causes coronavirus disease 2019 (COVID-19).

In accordance with references (b), (c), and (d), DoD civilian employees are now required
to be fully vaccinated by November 22, 2021, subject to exemptions as required by law.  For
purposes of this guidance, "DoD civilian employee," includes foreign nationals employed by
DoD outside the United States, to the maximum extent possible while respecting host nation
agreements and laws.  It also includes DoD civilian employees who are engaged in full-time
telework or remote work.  Additional information about the requirements for DoD civilian
employees can be found in Attachment 1.

DoD contractor personnel and official visitors must attest to being fully vaccinated and, if
not fully vaccinated, present the results of a recent negative COVID-19 test as a condition of
physical access to DoD buildings and DoD-leased spaces in non-DoD buildings in which official
DoD business takes place (referred to jointly in this memorandum as "DoD facilities").  For
purposes of this physical access requirement, "contractor personnel" are those individuals issued
a credential by DoD that affords the individual recurring access to DoD facilities, classified
herein as "credentialed recurring access" (CRA) (e.g., Common Access Cardholders).  "Official
visitors" are non-DoD individuals seeking access, one time or recurring, in association with the
performance of official DoD business (e.g., to attend a meeting), but who do not have CRA.  The
COVID-19 vaccination status for all individuals with CRA and official onsite visitors will be
determined in accordance with Attachment 2.

These vaccination and physical access requirements do not apply to personnel receiving
ad hoc access to DoD facilities (e.g., delivery personnel, taxi services); to individuals who have
access to the grounds of, but not the buildings on, DoD installations (e.g., contract
groundskeepers, fuel delivery personnel, household goods transportation personnel); to personnel
accessing DoD buildings unrelated to the performance of DoD business (e.g., residential
housing); or to personnel accessing DoD facilities to receive a public benefit (e.g., commissary;

---

[1] References are listed in Attachment 10.

exchange; public museum; air show; military medical treatment facility; Morale, Welfare, and Recreation resources).

In accordance with reference (e), Service members (members of the Armed Forces under DoD authority on active duty or in the Ready Reserve, including members of the National Guard) are required to be fully vaccinated against COVID-19. Service members' vaccination status will be validated utilizing their Military Service-specific Individual Medical Readiness (IMR) system. If a Service member has been vaccinated against COVID-19 outside the Military Health System, that Service member must show official proof of his or her COVID-19 vaccination status to update the IMR system. Once the applicable mandatory vaccination date has passed, COVID-19 screening testing as described in Attachment 7 is required at least weekly for Service members who are not fully vaccinated, including those who have an exemption request under review, or who are exempted from COVID-19 vaccination and are entering a DoD facility. Service members who are not on active duty and who also are DoD civilian employees or DoD contractor personnel must follow the applicable requirements in this memorandum for DoD civilian employees or DoD contractor personnel, as the case may be. Service members not on active duty must comply with any other applicable DoD or DoD Component guidance.

Individuals are considered fully vaccinated 2 weeks after completing the second dose of a two-dose COVID-19 vaccine or 2 weeks after receiving a single dose of a one-dose COVID-19 vaccine. Individuals must be vaccinated with vaccines that are either fully licensed or authorized for emergency use by the Food and Drug Administration (FDA) (e.g., Pfizer-BioNTech/COMIRNATY, Moderna, Johnson & Johnson/Janssen vaccines); listed for emergency use on the World Health Organization Emergency Use Listing (e.g., AstraZeneca/Oxford); or approved for use in a clinical vaccine trial for which vaccine efficacy has been independently confirmed (e.g., Novavax). Those with previous COVID-19 infection(s) or antibody test results are not considered fully vaccinated on that basis for the purposes of this memorandum.

All medical and other information collected from individuals will be maintained in a manner meeting the privacy requirements in Attachment 9.

The Secretaries of Military Departments and the Director of Administration and Management for all other DoD Components will publish any necessary supplemental instructions and ensure that all contract and associated funding implications are considered.

DoD Components should engage with DoD civilian employee unions as they develop supplemental guidance and otherwise satisfy any applicable collective bargaining obligations under the law at the earliest convenience, including on a post-implementation basis.

This memorandum and other COVID-19 guidance memoranda are centrally located at: **https://www.defense.gov/Spotlights/Coronavirus-DOD-Response/Latest-DOD-Guidance/**.

Please direct any questions or comments to the following email address:  dha.ncr.ha-support.list.policy-hrpo-kmc-owners@mail.mil.

Gilbert R. Cisneros, Jr.

Attachments:
1. ATTACHMENT 1:  Vaccination Requirements for DoD Civilian Employees
2. ATTACHMENT 2:  Requirements for DoD Contractor Personnel, Official Onsite Visitors, and Others Seeking Access to Facilities
3. ATTACHMENT 3:  DD Form 3175 – "DoD Civilian Employee Certification of Vaccination"
4. ATTACHMENT 4:  DD Form 3150 – "Contractor and Visitor Certification of Vaccination"
5. ATTACHMENT 5:  DD Form 3176 – "Request for a Medical Exemption or Delay to the COVID-19 Vaccination Requirement"
6. ATTACHMENT 6:  DD Form 3177 – "Request for a Religious Exemption to the COVID-19 Vaccination Requirement"
7. ATTACHMENT 7:  COVID-19 Screening Testing Requirements
8. ATTACHMENT 8:  Requirements for Obtaining Self-Collection Kits and Self-Tests
9. ATTACHMENT 9:  Privacy Requirements
10. ATTACHMENT 10:  References

**ATTACHMENT 1**
**Vaccination Requirements for DoD Civilian Employees**

1. **Vaccination Requirement**

   a.  DoD civilian employees who are not currently fully vaccinated must meet or have
       met the following deadlines, if using vaccines that are fully licensed or authorized for
       emergency use by the FDA, in order to be fully vaccinated by November 22, 2021:

       i.   October 11:  first dose deadline (if receiving the Moderna vaccine);
       ii.  October 18:  first dose deadline (if receiving the Pfizer-
            BioNTech/COMIRNATY vaccine);
       iii. November 8:  second dose deadline (if receiving the Moderna and
            PfizerBioNTech/COMIRNATY vaccines);
       iv.  November 8:  first (only) dose deadline (if receiving the Johnson &
            Johnson/Janssen vaccine); and
       v.   If DoD civilian employees use an authorized vaccine other than those listed
            above, they are responsible for being fully vaccinated by November 22, 2021.

   b.  DoD civilian employees who are not fully vaccinated must comply with all DoD
       requirements for individuals who are not fully vaccinated, including those
       requirements related to masking, physical distancing, and travel.  Regular COVID-19
       testing is not required prior to November 22, 2021.  On or after November 22, 2021,
       weekly COVID-19 testing is required for those DoD civilian employees who are not
       fully vaccinated, including those who have medical or religious exemptions.  DoD
       civilian employees who telework or work remotely on a full-time basis are not subject
       to weekly testing, but must provide a negative result from a test performed within the
       prior 72 hours for entry into a DoD facility.

   c.  DoD civilian employees are eligible to receive the COVID-19 vaccine at any DoD
       vaccination site, including military medical treatment facilities.  They may also opt to
       receive the COVID-19 vaccine at locations other than DoD vaccination sites, such as
       retail stores, private medical practices, and/or local and State public health
       department sites.

   d.  New DoD civilian employees must be fully vaccinated by their entry on duty (start)
       date or November 22, 2021, whichever is later.

       i.   The DoD or Office of the Secretary of Defense (OSD) Component head
            concerned may approve temporary exemptions in writing for up to 60 days
            after a DoD civilian employee's start date for urgent, mission-critical hiring
            needs in circumstances in which a DoD civilian employee could not have been
            fully vaccinated between the time the job opportunity announcement closes
            and the DoD civilian employee's start date.  This authority may be delegated
            in writing to the DoD or OSD Component head's Principal Deputy (or
            equivalent) but no lower.

ii. DoD Components must address the COVID-19 vaccination requirement in job opportunity announcements and tentative and final offer letters. For hiring actions currently underway, DoD Components must issue revised tentative and final offer letters. Sample language can be found in reference (f).

c. DoD civilian employees are authorized official duty time to receive vaccination doses. For DoD civilian employees who are unable to receive a COVID-19 vaccination within their duty hours, regular overtime rules are applicable.

f. DoD civilian employees are authorized administrative leave for purposes of taking a family member to get a vaccination and for themselves to recover from vaccination. DoD civilian employees who experience an adverse reaction to a COVID-19 vaccination should be granted no more than 2 workdays of administrative leave for recovery associated with a single COVID-19 vaccination dose. DoD civilian employees should use the time and attendance code for "physical fitness" to record administrative leave for COVID-19 vaccination recovery time that prevents the employee from working or for taking a family member to be vaccinated for COVID-19. The type hour code is "LN" and the environmental/hazard/other code is "PF". Non-appropriated fund employers should code administrative leave related to COVID-19 in a way that can be easily reported.

## 2. Verification of Vaccination

a. DoD civilian employees who have received a dose of a one-dose vaccine, or both doses of a two-dose vaccine, must provide proof of vaccination to their supervisors. For purposes of the vaccination data submission and verification requirements, "supervisor" includes authorized human resources officials. Proof of vaccination may be submitted in hard copy or in an electronic format, and the proof may be a photocopy or photograph of the vaccination record, if it legibly displays the data points to be verified by supervisors. DoD civilian employees who are not fully vaccinated must provide proof of vaccination to their supervisors upon receipt of each required dose. Acceptable proof includes:

i. A copy of the record of immunization from a health care provider or pharmacy;
ii. A copy of the COVID-19 Vaccination Record Card (CDC Form MLS-319813_r, published on September 3, 2020);
iii. A copy of medical records documenting the vaccination;
iv. A copy of immunization records from a public health or State immunization information system; or
v. A copy of any other official documentation containing the data points required to be verified by the supervisor.

b. In addition to providing proof of vaccination to their supervisors, DoD civilian employees also will complete Section A of DD Form 3175 (Attachment 3). DoD civilian employees with access to milConnect (**https://milconnect.dmdc.osd.mil/**)

will complete the DD Form 3175 via milConnect; otherwise use of a hard copy[2] is acceptable. DoD civilian employees who complete the DD Form 3175 via milConnect do not need to email or otherwise transmit a copy of the form to their supervisors. DoD civilian employees using a hard copy will provide the hard copy to their supervisor. DoD civilian employees are required to complete the DD Form 3175 even if they already completed the DD Form 3150 (Attachment 4).

c. Upon receiving proof of vaccination, a DoD civilian employee's supervisor will verify that the proof of vaccination provided contains the following data points:

    i.   Type of vaccine administered;
    ii.   Number of doses received;
    iii.   Date(s) of administration; and
    iv.   Name of the health care professional(s) or clinic site(s) administering the vaccine(s).

d. In addition to verifying that a DoD civilian employee's proof of vaccination includes the required data points, supervisors also will complete Section B of DD Form 3175 beginning on or about November 7, 2021 (or when activation of the form is completed for supervisor use). Supervisors with access to milConnect (**https://milconnect.dmdc.osd.mil/**) will complete the DD Form 3175 via milConnect using the DoD civilian employee's Employee Identification Number; otherwise use of a hard copy is acceptable.

e. Supervisors will retain DoD civilian employees' proof of vaccination and DD Form 3175 (for those DoD civilian employees not using milConnect) in accordance with their DoD Component's recordkeeping requirements for DoD civilian employee medical records and the privacy requirements contained in Attachment 9. Supervisors should not ask for copies of the DD Form 3175 from those employees who used milConnect to complete the form. Supervisors who receive completed copies of the DD Form 3175 from DoD civilian employees who completed the DD Form 3175 using milConnect shall not maintain the copy.

f. DoD civilian employees may not be required to use their own personal equipment for the purpose of submitting proof of vaccination or DD Form 3175. DoD civilian employees who submit proof of vaccination or the DD Form 3175 in an electronic format are encouraged to use encrypted email or password protected files with DoD SAFE file transfer (https://safe.apps.mil/).

3. **Enforcement of DoD Civilian Employee COVID-19 Vaccination Requirement:**

a. DoD civilian employees who refuse to be vaccinated, or to provide proof of vaccination, are subject to disciplinary measures, up to and including removal from Federal service, unless the DoD civilian employee has received an exemption or the DoD civilian employee's timely request for an exemption is pending a decision. DoD

---

[2] **https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd3175.pdf**

Components should generally follow the recommended guidelines in reference (g), subject to any applicable Component policy and collective bargaining agreements.

b. Progressive enforcement actions include, but are not limited, to:

    i. A 5 calendar-day period of counseling and education;

    ii. A short suspension without pay, generally 14 calendar days or less, with an appropriate notice period. Senior Executive Service members may only be suspended for more than 14 calendar days;

    iii. Removal from Federal service for failing to follow a direct order.

c. During the notice periods preceding adverse employment actions, DoD civilian employees generally should not be placed on administrative leave. DoD Components should require DoD civilian employees to continue to telework or report to the worksite and follow all mitigation measures applicable to not fully vaccinated DoD civilian employees when reporting to the worksite.

d. DoD Components will designate officials, at the appropriate organizational level, to handle the disciplinary process to promote consistent application of disciplinary measures. Such officials will decide each case with due regard to the facts and circumstances of that case. DoD Components may begin enforcement action as soon as November 22, 2021, for DoD civilian employees who are not fully vaccinated and who do not have an exemption request approved or a timely request pending decision.

e. Supervisors should contact their servicing human resources and legal offices to discuss options available to address individual situations regarding enforcement of this requirement.

f. DoD Components are encouraged to identify an occupational health office, medical office, or other resource with which a DoD civilian employee may consult during the period of counseling and education.

## 4. Exemptions to DoD Civilian Employee COVID-19 Vaccination Requirement:

DoD civilian employees may request an exemption on the basis of a medical condition or circumstance or a sincerely held religious belief, practice or observance. Because all DoD civilian employees must now be vaccinated against COVID-19 as a condition of employment, exemptions will be granted in limited circumstances and only where legally required. The information collected must be handled in accordance with the privacy requirements in Attachment 9.

a. Decision Authority. In establishing exemption processes, the Secretaries of Military Departments and the Director of Administration and Management for all other DoD Components will ensure that the management official(s) who are designated to make decisions concerning requests for exemption from the COVID-19 vaccination requirement make such decisions in coordination with the organization's servicing

legal office and are at an appropriate level within the organization to consider the impact, if any, of the volume of requests and to promote similar cases being handled in a consistent manner. Such officials will decide each case with due regard to the facts and circumstances of that case.

b. Employee Notice. DoD Components will inform DoD civilian employees how to make a request for an exemption and notify them that requests must be submitted no later than November 8, 2021, absent extenuating circumstances, to be considered timely.

c. Employee Requests. To make a request for exemption from vaccination, DoD civilian employees must provide an official statement which describes the medical or religious reason the employee objects to vaccination against COVID-19. Generally, such requests should be submitted in writing. DoD civilian employees may use DD Form 3176 (Attachment 5) or DD Form 3177 (Attachment 6) to submit their request. DoD civilian employees who make oral requests may be provided a sample written request format and/or be interviewed to develop the basis for the request. While the use of the DD Form 3176 and DD Form 3177 is optional for DoD civilian employees, when DoD civilian employees make a request, they must provide the following information.

    i. Medical.
- A description of the medical condition or circumstance that is the basis for the request for a medical exemption from the COVID-19 vaccination requirement;
- An explanation of why the medical condition or circumstance prevents the employee from being safely vaccinated against COVID-19;
- If it is a temporary medical condition or circumstance, a statement concerning when it will no longer be a medical necessity to delay vaccination against COVID-19; and
- Any additional information, to include medical documentation that addresses the employee's particular medical condition or circumstance, which may be helpful in resolving the employee's request for a medical exemption from the COVID-19 vaccination requirement.

    ii. Religious.
- A description of the religious belief, practice, or observance that is the basis for the request for a religious exemption from the COVID-19 vaccination requirement;
- A description of when and how the DoD civilian employee came to hold the religious belief or observe the religious practice;
- A description of how the DoD civilian employee has demonstrated the religious belief or observed the religious practice in the past;
- An explanation of how the COVID-19 vaccine conflicts with the religious belief, practice, or observance;
- A statement concerning whether the DoD civilian employee has previously raised an objection to a vaccination, medical treatment, or

8

medicine based on a religious belief or practice.  If so, a description of the circumstances, timing, and resolution of the matter; and

- Any additional information that may be helpful in resolving the DoD civilian employee's request for a religious exemption from the COVID-19 vaccination requirement.

d.  Minimum Requirements for Exemption Procedures.  The Secretaries of Military Departments and the Director of Administration and Management for all other DoD Components will ensure that exemption procedures require the following measures.

  i.  Development of a written factual record that includes the following:
  - The basis for the claim;
  - The nature of the DoD civilian employee's job responsibilities; and
  - The reasonably foreseeable effects on the agency's operations, including protecting other agency employees and the public from COVID-19, if the civilian employee remains unvaccinated.

  ii.  Designation of the DoD civilian employee's supervisor for completing Section B of the DoD civilian employee's DD Form 3175, as the proper recipient for a DoD civilian employee's request for exemption.  For purposes of exemption request procedures, "supervisor" includes authorized human resources officials.  Upon receipt, the supervisor will update the DD Form 3175 to indicate a request for exemption determination is pending and forward the request to the office supporting the designated decision maker.

  iii.  A process for the decision maker to obtain any reasonably necessary additional information (for example, medical documentation, an interview of the DoD civilian employee, or a supervisor statement) and to consult with, as appropriate, subject matter experts within DoD such as occupational health personnel, public health personnel, equal employment opportunity advisors, chaplains, and human resources personnel.

  iv.  A written determination, including the reason(s) for that determination, by the decision maker.  In cases where the exemption is temporary or denied, the determination must specify a date by which the DoD civilian employee must be fully vaccinated against COVID-19.  In specifying that date, DoD civilian employees must be given a minimum period of 14 days to receive their first (or only) dose of a COVID-19 vaccine.

  v.  Provision of the written determination to the DoD civilian employee's supervisor, who, in turn, provides the DoD civilian employee with a copy of the written determination, updates the DD Form 3175, and informs the DoD civilian employee of next steps.

e.  Additional Guidance.

  i.  Requests for medical exemption will be treated as medical records to be maintained separately from other personnel files.  Both medical and religious exemption requests will be maintained in accordance with the privacy requirements at Attachment 9.

9

ii. A DoD civilian employee's failure to submit a timely request for exemption is not a basis to deny a request but may be relevant in evaluating the request.

iii. Discipline for failure to meet the COVID-19 vaccination requirement will not be initiated against a DoD civilian employee while a timely request for a medical or religious exemption from the COVID-19 vaccination requirement is pending determination.  If a DoD civilian employee submits a request after discipline is initiated, disciplinary measures may be held in abeyance where appropriate.

iv. DoD civilian employees who are not fully vaccinated but who have a pending request for exemption from vaccination are required to comply with any mitigation measures that are applicable to all DoD civilian employees in the worksite who are not fully vaccinated (for example, screening testing (Attachment 7), masking, and physical distancing).  Requests for reasonable accommodation related to those mitigation measures may be analyzed separately from requests for exemption from vaccination.

v. A DoD civilian employee who receives an exemption from the vaccination requirement may, because of the exemption, be unable to perform the duties and responsibilities of the position without a change in working conditions. Such matters will be referred to the reasonable accommodation process.

vi. Requests for exemption from candidates for employment will be handled consistent with the provisions in this attachment, except for those in paragraph 4.b.

vii. Unless responsibility is otherwise established in a written support agreement, the Combatant Command Support Agent identified in reference (h) is responsible for administration of exemption processes applicable to DoD employees assigned, detailed, or otherwise deployed to a Combatant Command area of responsibility.

**ATTACHMENT 2**
**Requirements for DoD Contractor Personnel, Official Onsite Visitors, and Others Seeking Access to Facilities**

1. **DoD Contractor Personnel**

   a. For DoD contractor personnel, the DoD civilian vaccination deadline of November 22, 2021, does not apply.  Vaccination requirements for DoD contractor personnel will be in accordance with reference (i), as implemented by reference (j), as directed under Executive Order 14042 (reference (k)).

   b. DoD contractor personnel will complete the DD Form 3150, "Contractor and Visitor Certification of Vaccination" (Attachment 4), maintain a current completed DD Form 3150, and show it to authorized DoD personnel upon request.  Failure to complete the DD Form 3150 may result in denying DoD contractor personnel access to the DoD facility to which access is sought.

   c. DoD contractor personnel who are not fully vaccinated against COVID-19 because they are not performing under a covered contract that requires COVID-19 vaccination, due to a legally required accommodation, or who decline to attest to their COVID-19 vaccination status will be subject to COVID-19 screening testing at least weekly as set forth in this guidance (Attachment 7).  DoD contractor personnel who refuse required screening testing will be denied access to DoD facilities.

   d. In accordance with applicable contracts, DoD contractor personnel may be offered, but are not required to receive, COVID-19 vaccines at their DoD worksites.

2. **Official Onsite Visitors**

   a. Official onsite visitors will complete DD Form 3150, "Contractor and Visitor Certification of Vaccination"[3] (Attachment 4); and maintain a current completed DD Form 3150 and show it to authorized DoD personnel, upon request.  Failure to complete the DD Form 3150 may result in denial of an official onsite visitor's access to the DoD facility to which access is sought.

   b. Official visitors who are not fully vaccinated against COVID-19, or who decline to volunteer their COVID-19 vaccination status, must show an electronic or paper copy of negative results from an FDA-authorized or approved COVID-19 test administered no earlier than 72 hours prior to their visit.  If an official visitor is unable to show a negative COVID-19 test result, the visitor may be provided onsite self-testing, if available, or will be denied access to the DoD facilities to which access is sought.  Service members who are not on active duty at the time of their official visit are subject to the requirements in this paragraph.

---

[3] **https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd3150.pdf**

c. Official visitors will follow applicable policies and procedures of both DoD and the Department or Agency they are visiting, if different from DoD.

**3. <u>Others Seeking Access to Facilities</u>**

Individuals other than official visitors seeking access to facilities located on DoD installations, but operated by other Federal departments and agencies, will follow the policies and procedures of that other department or agency.

# ATTACHMENT 3
## DD Form 3175 – "DoD Civilian Employee Certification of Vaccination"
CUI (when filled in)

---

### DoD CIVILIAN EMPLOYEE CERTIFICATION OF VACCINATION

#### PRIVACY ACT STATEMENT

**Authority:** Pursuant to 5 U.S.C. chapters 11 and 79, and in discharging the functions directed under Executive Order 14043, Requiring Coronavirus Disease 2019 Vaccination for Federal Employees (Sept. 9, 2021), DoD is authorized to collect this information.  Additional authorities for the systems of records associated with this collection of information also include: E.O. 13991, Protecting the Federal Workforce and Requiring Mask-Wearing; E.O. 12196, Occupational Safety and Health Program for Federal Employees; 10 U.S.C. 113, 10 U.S.C. 136, 10 U.S.C. 7013, 10 U.S.C. 8013, 10 U.S.C. 9013, 10 U.S.C. 2672; DoD Directive 5525.21; and DoD Instruction 6200.03.  Providing this information is mandatory, and DoD is authorized to impose penalties for failure to provide the information pursuant to applicable Federal personnel laws and regulations.

**Principal Purpose:**  This information is being collected and maintained to implement Coronavirus Disease 2019 (COVID-19) workplace safety plans, and ensure the safety and protection of the DoD workforce, workplace, and other DoD facilities and environments, consistent with the above-referenced authorities, the COVID-19 Workplace Safety: Agency Model Safety Principles established by the Safer Federal Workforce Task Force, and guidance from the Centers for Disease Control and Prevention and the Occupational Safety and Health Administration.

**Routine Use(s):**  While the information requested on this form is intended to be used primarily for internal purposes, in certain circumstances it may be necessary to disclose this information externally, for example to disclose information to:  a person, organization or governmental entity as necessary and relevant to notify them of, respond to, or guard against a public health emergency, or other similar crisis, including to comply with laws governing the reporting of communicable disease or other laws concerning health and safety in the work environment; adjudicative bodies (e.g., the Merit System Protection Board), arbitrators, and hearing examiners to the extent necessary to carry out their authorized duties regarding Federal employment; contractors, grantees, experts, consultants, students, and others as necessary to perform their duties for the Federal government; or agencies, courts, and persons as necessary and relevant in the course of litigation, and as necessary and in accordance with requirements for law enforcement; or to a person authorized to act on your behalf.

A complete list of routine uses may be found in the applicable System of Records Notice (SORN) associated with the collection of this information as follows:  For most Federal civilian employees: OPM/GOVT-10, Employee Medical File System Records, 75 Fed. Reg. 35099 (Jun. 21, 2010), amended 80 Fed. Reg. 74815 (Nov. 30, 2015).  For Federal civilian employees not covered by OPM/GOVT-10:  DPR 39 DoD, DoD Personnel Accountability and Assessment System of Records, 85 Fed. Reg. 17047 (Mar. 26, 2020) (also available at https://dpcld.defense.gov/Portals/49/Documents/Privacy/SORNs/OSDJS/DPR-39-DoD.pdf).

**Consequences of Failure to Provide Information:**  Providing this information is mandatory.  Unless granted an exemption, all covered Federal civilian employees are required to be vaccinated against COVID-19.  Employees are required to provide documentation concerning their vaccination status to their employing DoD Component.  Failure to provide this information may subject you to disciplinary action, including and up to removal from Federal service.

---

**INSTRUCTIONS:** Section A of this form should be completed by DoD civilian employees only.  Section B of this form should be completed by the DoD civilian employee's supervisor (or authorized human resources official).  This form should be completed by DoD civilian employees only.  Service members and employees of DoD contractors should not complete this form.

---

**SECTION A. To be completed by DoD civilian employees.**

| 1. CIVILIAN EMPLOYEE NAME *(Last, First, MI)*: | 2. CIVILIAN EMPLOYEE DoD ID NUMBER: |
|---|---|
| | |

**3. PLEASE CHECK ALL THAT COINCIDES WITH YOUR COVID-19 VACCINATION STATUS:**

☐ 3.a. I am fully vaccinated.
Individuals are considered "fully vaccinated" two weeks after completing the second dose of a two-dose COVID-19 vaccine or two weeks after receiving a single dose of a one-dose vaccine. Accepted COVID-19 vaccines are those which have received a license or emergency use authorization from the U.S. Food and Drug Administration and those COVID-19 vaccines on the World Health Organization Emergency Use Listing. "Fully vaccinated" also includes circumstances in which the individual was a participant in a U.S. site clinical trial and has received all recommended doses.

☐ 3.b. I have received one or more doses, but I am not yet considered fully vaccinated (in accordance with the definition of fully vaccinated above).

☐ 3.c. I have submitted proof of vaccination to my supervisor.
Proof of vaccination includes a copy of the record of immunization from a health care provider or pharmacy, a copy of the COVID-19 Vaccination Record Card, a copy of medical records documenting the vaccination, a copy of immunization records from a public health or state immunization information system, or a copy of any other official documentation. Employees may provide a digital copy of such records, including, for example, a digital photograph, scanned image, or PDF of such a record that is clear and legible.

☐ 3.d. I have not received any vaccination doses.

☐ 3.e. I have submitted a request for an exemption from vaccination and a decision is still pending.

☐ 3.f. I have an approved exemption from vaccination.

---

**DD FORM 3175, OCT 2021**     CUI (when filled in)

Controlled by: OUSD(P&R)
Controlled by: ASD(HA)
CUI Category: HLTH, PRVCY, OPSEC
LDC: DL(DoD Only)
POC: osd.pentagon.ousd-p-r.mbx.forms@mail.mil

Page 1 of 2

CUI (when filled in)

**4. EMPLOYEE VACCINE INFORMATION** *(Employees checking block 3.a. should skip block 4 and go to block 5)*:

**4.a. VACCINE MANUFACTURER(S) OR VACCINE PRODUCT NAME(S):**

| | Pfizer-BioNTech/Comirnaty
| | Moderna
| | AstraZeneca/Oxford
| | Johnson and Johnson (J&J)/Janssen
| | Novavax
| | Other U.S. Food and Drug Administration licensed or authorized, World Health Organization Emergency Use listed vaccine or U.S. site clinical trial vaccine (provide name):

**4.b. DATE OF FIRST DOSE:**

**4.c. DATE OF SECOND DOSE** *(if two-dose vaccine)*:

**4.d. DATE FULLY VACCINATED:**

**5. CERTIFICATION/KNOWLEDGE OF POSSIBLE ACTIONS FOR FALSE STATEMENTS**

| | I certify that the information I have provided on this form and the proof of vaccination documentation I have submitted is true and correct. I understand that a knowing and willful false statement on this form can be punished by fine or imprisonment or both (18 U.S.C. 1001). I understand that making a false statement on this form could result in additional administrative action including an adverse personnel action up to and including removal from my position.

**6. CIVILIAN EMPLOYEE SIGNATURE:**

**7. DATE:**

**SECTION B. To be completed by the supervisor of the DoD civilian employee completing section A (or an authorized human resources official)**

**8. SUPERVISOR PROOF OF VACCINATION REVIEW**

| | 8.a. Proof of vaccination not received.
| | 8.b. Proof of vaccination received and under review.
| | 8.c. Proof of vaccination received and reviewed.

**9. STATUS OF VACCINATION - EXEMPTION REVIEW**

| | 9.a. Exemption request received and pending disposition.
| | 9.b. Exemption request received and approved.
| | 9.c. Exemption request received and denied.
| | 9.d. Exemption request not received.

**10. SUPERVISOR / AUTHORIZED HR OFFICIAL NAME** *(Last, First, MI)*:

**11. SUPERVISOR / AUTHORIZED HR OFFICIAL DoD ID NUMBER:**

**12. SUPERVISOR / AUTHORIZED HR OFFICIAL SIGNATURE:**

**13. DATE:**

**DD FORM 3175, OCT 2021**
PREVIOUS EDITION IS OBSOLETE.

CUI (when filled in)

Page 2 of 2

**ATTACHMENT 4**

**DD Form 3150 – "Contractor Personnel and Visitor Certification of Vaccination"**

CUI (when filled in)

| CONTRACTOR PERSONNEL AND VISITOR CERTIFICATION OF VACCINATION | OMB No. 0704-0613 Expiration: 20220228 |
|---|---|

**AGENCY DISCLOSURE NOTICE**

The public reporting burden for this collection of information is estimated to average 2 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to the Department of Defense, Washington Headquarters Services, at whs.mc-alex.esd.mbx.dd-dod-informationcollections@mail.mil. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.

**PRIVACY ACT STATEMENT**

**Authority:** DoD is authorized to collect the information on this form pursuant to Executive Order (E.O.) 14042, Ensuring Adequate COVID Safety Protocols for Federal Contractors; E.O. 13991, Protecting the Federal Workforce and Requiring Mask-Wearing; and E.O. 12196, Occupational Safety and Health Program for Federal Employees; as well as 10 U.S.C. 113, 10 U.S.C. 136, 10 U.S.C. 7013, 10 U.S.C. 8013, 10 U.S.C. 9013, 10 U.S.C. 2672, 5 U.S.C. chapter 79, and DoD Instruction 6200.03.

**Principal Purpose:** This information is being collected to implement Coronavirus Disease 2019 (COVID-19) workplace safety plans, including DoD's COVID-19 testing programs, and to ensure the safety and protection of the DoD workforce, workplace, and other DoD facilities and environments, consistent with the above-referenced authorities, the COVID-19 Workplace Safety: Agency Model Safety Principles established by the Safer Federal Workforce Task Force, and guidance from the Centers for Disease Control and Prevention and the Occupational Safety and Health Administration.

**Routine Use(s):** While the information requested on this form is intended to be used primarily for internal purposes, in certain circumstances it may be necessary to disclose this information externally, for example to disclose information to: a person, organization, or governmental entity as necessary and relevant to notify them of, respond to, or guard against a public health emergency or other similar crisis, including to comply with laws governing the reporting of communicable disease or other laws concerning health and safety in the work environment; adjudicative or administrative bodies or officials when the records are relevant and necessary to an adjudicative or administrative proceeding; contractors, grantees, experts, consultants, and others as necessary to perform their duties for the Federal government; agencies, courts, and persons as necessary and relevant in the course of litigation, and as necessary and in accordance with requirements for law enforcement; or to a person authorized to act on your behalf. A complete list of routine uses may be found in the applicable System of Records Notice (SORN) associated with the collection of this information from contractor personnel and DoD visitors: DPR 39 DoD, DoD Personnel Accountability and Assessment System of Records, 85 Fed. Reg. 17047 (Mar. 26, 2020) (also available at https://dpcld.defense.gov/Portals/49/Documents/Privacy/SORNs/OSDJS/DPR-39-DoD.pdf).

**Consequences of Failure to Provide Information:** Providing this information is voluntary. However, if you fail to provide this information, you will be treated as not fully vaccinated for purposes of implementing safety measures, including subject to COVID-19 screening testing and/or denied access to DoD facilities. Failure to provide such information may also hinder DoD's ability to implement COVID-19 workplace safety plans, thereby increasing the health or safety risk to DoD-affiliated personnel and DoD facilities.

**INSTRUCTIONS:** This form should be completed by DoD contractor personnel and official visitors in accordance with current DoD Force Health Protection Guidance. DoD civilian employees should not complete this form.

| 1. NAME (Last, First, MI): | 2. DoD ID NUMBER: |
|---|---|

**3. PLEASE CHECK THE BOX BELOW THAT COINCIDES WITH YOUR COVID-19 VACCINATION STATUS :**

☐ I am fully vaccinated.
Individuals are considered "fully vaccinated" two weeks after completing the second dose of a two-dose COVID-19 vaccine or two weeks after receiving a single dose of a one-dose vaccine. Accepted COVID-19 vaccines are those which have received a license or emergency use authorization from the U.S. Food and Drug Administration and those COVID-19 vaccines on the World Health Organization Emergency Use Listing. "Fully vaccinated" also includes circumstances in which the individual was a participant in a U.S. site clinical trial and has received all recommended doses.

☐ I am not yet fully vaccinated. I received only one dose of an accepted two-dose COVID-19 vaccine, or I received my final dose of an accepted COVID-19 vaccine less than two weeks ago.

☐ I have not been vaccinated.

☐ I decline to respond.

Individuals who choose not to complete the form will be assumed to be not fully vaccinated for purposes of application of the safety protocols. If you are not vaccinated due to medical or religious reasons, please check either "I have not been vaccinated" or "I decline to respond." Note that if you have already received one dose of a vaccine, but are not yet fully vaccinated, or if you received your final dose less than two weeks ago, then you will be treated as not fully vaccinated until you are at least two weeks past your final dose and resubmit your vaccination information.

☐ I certify that the information provided in this form is accurate and true to the best of my knowledge.

I understand that a knowing and willful false statement on this form can be punished by fine or imprisonment or both (18 U.S.C. 1001). Checking "I decline to respond" does not constitute a false statement.

| 4. DATE (YYYYMMDD) | 5. SIGNATURE (Full Name) |
|---|---|

| DD FORM 3150, OCT 2021 | CUI (when filled in) | Controlled by: OUSD(P&R) Controlled by: ASD(HA) CUI Category: HLTH; PRVCY; OPSEC LDC: DL(DoD Only) POC: osd.pentagon.ousd-p-r.mbx.forms@mail.mil | Page 1 of 1 |

# ATTACHMENT 5
## DD Form 3176 – "Request for a Medical Exemption or Delay to the COVID-19 Vaccination Requirement"

CUI (when filled in)

| REQUEST FOR A MEDICAL EXEMPTION OR DELAY TO THE COVID-19 VACCINATION REQUIREMENT | OMB No. 0704-0619 Exp. 20220430 |
|---|---|

The public reporting burden for this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to the Department of Defense, Washington Headquarters Services, at whs.mc-alex.esd.mbx.dd-dod-informationcollections@mail.mil. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.

### PRIVACY ACT STATEMENT

**Authority:** DoD is authorized to collect the information on this form pursuant to 29 U.S.C. 794, 42 U.S.C. Chapter 21, Subch. VI; Executive Order (E.O.) 14043, Requiring Coronavirus Disease 2019 Vaccination for Federal Employees; E.O. 13163, Increasing the Opportunities for Individuals with Disabilities to be Employed in the Federal Government; E.O. 13164, Requiring Federal Agencies to Establish Procedures to Facilitate the Provision of Reasonable Accommodation; 29 CFR 1614.203, Rehabilitation Act; DoD Directive 1020.1, Nondiscrimination on the Basis of Handicap in Programs and Activities Assisted or Conducted by the Department of Defense; as well as 10 U.S.C. 113, 10 U.S.C. 136, 10 U.S.C. 7013, 10 U.S.C. 8013, 10 U.S.C. 9013, 10 U.S.C. 2672, 5 U.S.C. chapter 79, and DoD Instruction 6200.03.

**Principal Purpose:** The information on this form is being collected so that DoD may determine whether to grant your request for a medical exemption from the COVID-19 vaccination requirement for federal employees, pursuant to Executive Order 14043 and in furtherance of COVID-19 workplace safety plans.

**Routine Use(s):** While the information requested on this form is intended to be used primarily for internal purposes, in certain circumstances it may be necessary to disclose this information externally. For example, disclosure of medical condition or history information to authorized government officials for the purpose of conducting an investigation into DoD's compliance with the Rehabilitation Act of 1973; disclosure of medical condition or history information to first aid and safety personnel in the event an employee's medical condition might require emergency treatment or special procedures; to Federal agencies/entities participating in the DoD Computer/Electronic Accommodations Program (CAP) to permit the agency to carry out its responsibilities under the program; A complete list of routine uses may be found in the applicable System of Records Notice (SORN) associated with the collection of this information: DoD 0007, Defense Reasonable Accommodations and Assistive Technology Records, 86 Fed. Reg. 38692 (July. 22. 2010) (available at https://www.govinfo.gov/content/pkg/FR-2021-07-22/pdf/2021-15601.pdf).

**Consequences of Failure to Provide Information:** Providing this information is voluntary and use of this form is optional. Failure to provide the information requested on this form may impact DoD's ability to evaluate or act upon a request for a medical exemption from the COVID-19 vaccination requirement. Any intentional misrepresentation to the Federal Government may result in legal consequences, including termination or removal from Federal Service.

**Instructions:** Part 1 is to be completed by DoD civilian employees. Part 2 is to be completed by a licensed health care provider. Provide narrative responses where applicable (Blocks 8-10, 15-17). If additional space is needed, proceed on the appropriate continuation block (Block 11 or 20) by annotating the Section and Line number and continue your narrative response. Signing this form constitutes a declaration that the information you provide is, to the best of your knowledge and ability, true and correct. Any intentional misrepresentation to the Federal Government may result in legal consequences, including removal from Federal Service.

### PART 1. TO BE COMPLETED BY THE DOD CIVILIAN EMPLOYEE

| 1. Employee Name (Last, First, Middle Initial) | | 2. DoD ID Number |
|---|---|---|

| 3. Office Symbol | | 4. Date of Request (YYYYMMDD) |
|---|---|---|

| 5. Position/Title | 6. Supervisor Name | 7. Supervisor Phone Number |
|---|---|---|

8. Please provide a description of the medical condition or circumstance that is the basis for the request for a medical exemption from the COVID-19 vaccination requirement.

9. Please provide an explanation of why the medical condition or circumstance prevents you from being vaccinated.

10. Please provide any additional information, that addresses your particular medical condition or circumstance, which may be helpful in resolving your request for a medical exemption or delay from the COVID-19 vaccination requirement. If you have medical documentation (in addition to Part 2 of this Form) that addresses your particular medical condition or circumstance you may submit the documentation to your supervisor along with this form.

**DD FORM 3176, OCT 2021**
PREVIOUS EDITION IS OBSOLETE.

CUI (when filled in)

Controlled by: OUSD(P&R)
CUI Category: HLTH, PRVCY, OPSEC
LDC: DL(DoD Only)
POC: dodhra.mc-alex.dhra-hq.mbx.forms@mail.mil

Page 1 of 2

CUI (when filled in)

| 11. Continuation |
| --- |
| |

I declare to the best of my knowledge and ability that the foregoing is true and correct.

| 12. Date *(YYYYMMDD)* | 13. Signature |
| --- | --- |
| | |

**PART 2. COMPLETED BY EMPLOYEE'S HEALTH CARE PROVIDER**

| 14. Employee Name |
| --- |
| |

**MEDICAL CERTIFICATION FOR COVID-19 VACCINE EXEMPTION OR DELAY**

Dear Health Care Provider:

The Department of Defense requires its employees to be fully vaccinated against COVID-19, pursuant to Executive Order of the President of the United States. As indicated in Part 1, the individual named above is seeking a medical exemption to the requirement for COVID-19 vaccination or a delay because of a temporary condition or medical circumstance. Please complete this form to assist the Department in its review process.

Please provide at least the following information, where applicable, and use the continuation block as needed:

**15.** Please identify any contraindication(s) or precaution(s) for COVID-19 vaccination that are applicable to the individual, and for each contraindication or precaution, indicate:
   (a) whether it is recognized by the U.S. Centers for Disease Control and Prevention pursuant to its guidance; and
   (b) whether it is listed in the package insert or Emergency Use Authorization fact sheet for each of the COVID-19 vaccines authorized or approved for use in the United States.

**16.** Please provide a statement detailing how the individual's condition and medical circumstances are such that COVID-19 vaccination is not considered safe. Please explain the specific nature of the medical condition or circumstance that contraindicates immunization with a COVID-19 vaccine or might increase the risk for a serious adverse reaction.

**17.** Please provide any other medical information that would limit the employee from receiving any COVID-19 vaccine.

| 18. The condition described above is: | 19. If the employee is seeking a delay due to a temporary medical condition or circumstance, please indicate when the employee would be able to safely receive a COVID-19 vaccination - provide details if limited to specific COVID-19 vaccine(s) or type(s) of COVID-19 vaccine. |
| --- | --- |
| ☐ Temporary | |
| ☐ Long-Term/Permanent | |

| 20. Continuation |
| --- |
| |

| 21. Health Care Provider Name/Title |
| --- |
| |

| 22. Date *(YYYYMMDD)* | 23. Medical Provider Signature |
| --- | --- |
| | |

**DD FORM 3176, OCT 2021**
PREVIOUS EDITION IS OBSOLETE.

CUI (when filled in)

Page 2 of 2

## ATTACHMENT 6
## DD Form 3177 – "Request for a Religious Exemption to the COVID-19 Vaccination Requirement"

### CUI (when filled in)

---

**REQUEST FOR A RELIGIOUS EXEMPTION TO THE COVID-19 VACCINATION REQUIREMENT**

**PRIVACY ACT STATEMENT**

**Authority:** DoD is authorized to collect the information on this form pursuant to Executive Order (E.O.) 14043, Requiring Coronavirus Disease 2019 Vaccination for Federal Employees; 42 U.S.C. Chapter 21, Subchapter VI; 42 U.S.C. Chapter 21B; as well as 10 U.S.C. 113, 10 U.S.C. 136, 10 U.S.C. 7013, 10 U.S.C. 8013, 10 U.S.C. 9013, 10 U.S.C. 2672, 5 U.S.C. chapter 79, and DoD Instruction 6200.03.

**Principal Purpose:** The information on this form is being collected so that DoD may determine whether to grant your request for a religious exemption from the COVID-19 vaccination requirement for federal employees, pursuant to Executive Order 14043 and in furtherance of COVID-19 workplace safety plans. Consistent with the Religious Freedom Restoration Act of 1993, 42 U.S.C. Chapter 21B, and Title VII of the Civil Rights Act, 42 U.S.C. Chapter 21, Subchapter VI, individuals seeking a religious exemption from the vaccination requirement will submit to DoD supporting information about their religious beliefs or practices in order for DoD to evaluate the exemption request.

**Routine Use(s):** While the information requested on this form is intended to be used primarily for internal purposes, in certain circumstances it may be necessary to disclose this information externally. For example to disclose information to: a person, organization, or governmental entity as necessary and relevant to notify them of, respond to, or guard against a public health emergency or other similar crisis, including to comply with laws governing the reporting of communicable disease or other laws concerning health and safety in the work environment; adjudicative or administrative bodies or officials when the records are relevant and necessary to an adjudicative or administrative proceeding; contractors, grantees, experts, consultants, students, and others as necessary to perform their duties for the Federal government; agencies, courts, and persons as necessary and relevant in the course of litigation, and as necessary and in accordance with requirements for law enforcement; or to a person authorized to act on your behalf. A complete list of routine uses may be found in the applicable System of Records Notices (SORN) associated with the collection of this information: DPR 39 DoD, DoD Personnel Accountability and Assessment System of Records, 85 Fed. Reg. 17047 (Mar. 26, 2020) (also available at https://dpcld.defense.gov/Portals/49/Documents/Privacy/SORNs/OSD/JS/DPR-39-DoD.pdf).

**Consequences of Failure to Provide Information:** Providing this information is voluntary and use of this form is optional. Failure to provide the information requested on this form may impact DoD's ability to evaluate or act upon a request for a religious exemption from the COVID-19 vaccination requirement. Any intentional misrepresentation to the Federal Government may result in legal consequences, including removal from Federal Service.

---

**Instructions:** To be completed by DoD civilian employees. Provide narrative responses where applicable (Blocks 8-11, 12.b, 12.c, 13). If additional space is needed, proceed on the continuation block (Block 14) by annotating the Section and Line number and continue your narrative response. Signing this form constitutes a declaration that the information you provide is, to the best of your knowledge and ability, true and correct. Any intentional misrepresentation to the Federal Government may result in legal consequences, including removal from Federal Service.

---

| 1. Employee Name *(Last, First, Middle Initial)* | | 2. DoD ID Number |
|---|---|---|
| | | |
| 3. Office Symbol | | 4. Date of Request *(YYYYMMDD)* |
| | | |
| 5. Position/title | 6. Supervisor Name | 7. Supervisor Phone Number |
| | | |

8. Please describe the religious belief, practice, or observance that is the basis for your request for a religious exemption from the COVID-19 vaccination requirement.

9. Please describe when and how you came to hold the religious belief or observe the religious practice.

10. Please describe how you have demonstrated the religious belief or observed the religious practice in the past.

11. Please explain how the COVID-19 vaccines conflict with your religious belief, practice, or observance.

---

**DD FORM 3177, OCT 2021**
PREVIOUS EDITION IS OBSOLETE.

**CUI (when filled in)**

Controlled by: OUSD(P&R)
CUI Category: HLTH, PRVCY, OPSEC
LDC: DL(DoD Only)
POC: dodhra.mc-alex.dhra-hq.mbx.forms@mail.mil

Page 1 of 2

CUI (when filled in)

**12.a** Have you previously raised an objection to a vaccination, medical treatment, or medicine based on a religious belief or practice.

☐ Yes  ☐ No

**12.b** If Yes, please provide a description of the circumstances, timing, and resolution of the matter.

**12.c** If No, please provide an explanation as to why your objection is limited to the particular COVID-19 vaccines.

**13.** Please provide any additional information that may be helpful in resolving your request for a religious exemption from the COVID-19 vaccination requirement. You may submit additional documentation in support of this request to your supervisor along with this form.

**14.** Continuation

I declare to the best of my knowledge and ability that the foregoing is true and correct.

| 15. Date *(YYYYMMDD)* | 16. Signature |
|---|---|
|  |  |

**DD FORM 3177, OCT 2021**
PREVIOUS EDITION IS OBSOLETE.

CUI (when filled in)

Page 2 of 2

**ATTACHMENT 7**
**COVID-19 Screening Testing Requirements**

1. To establish COVID-19 screening testing for individuals for whom screening testing is required, DoD Components will:

   a. Execute the screening testing requirement with COVID-19 self-collection kits or self-tests at least weekly (depending on the type of test kit used) that should be performed primarily onsite at the installation or facility with proper supervision and documentation of testing results.  If onsite COVID-19 screening testing is not feasible, as an alternative self-testing may be performed at home or in other locations (Note: these COVID-19 self-tests do not require a health care provider's clinical care order and are, therefore, considered an over-the-counter test and do not require medical support to complete).  Screening testing will use those tests authorized by Attachment 8; and

   b. Procure and provide these COVID-19 self-tests and establish guidance for where and how these tests will be distributed and conducted and how results are to be reported.

      i. DoD civilian employees are responsible for providing documentation of negative COVID-19 test results, upon receipt, to the appropriate supervisor. For purposes of screening testing requirements, "supervisor" includes authorized human resources officials.  DoD civilian employees may not be required to use their own personal equipment for the purpose of documenting test results; offsite tests may not be used if there is not a means to document results using government equipment.  The supervisor is responsible for maintaining any COVID-19 test results provided by DoD civilian employees in accordance with the privacy protection measures in Attachment 9.

      ii. DoD contractor personnel with CRA will maintain their most recent COVID-19 test result and show such results to authorized DoD personnel upon request.

2. After COVID-19 screening testing procedures are established, the personnel identified in this memorandum as subject to screening testing are required to have a COVID-19 screening test using a test authorized by Attachment 8, and receive a negative COVID-19 screening test result for entry into a DoD facility.  If the COVID-19 screening test is administered offsite, the negative result must be from a test performed within the prior 72 hours.  If a COVID-19 screening test is administered onsite, the test will be administered before DoD civilian employees and contractor personnel go to their work areas.  In accordance with reference (l) and CDC guidance, personnel who have recovered from a recent COVID infection and who remain asymptomatic are exempted from regular screening testing for 90 days following their documented date of recovery.  Documented proof of this recovery shall be provided upon request.

3. DoD civilian employees and DoD contractor personnel with CRA who have positive COVID-19 screening tests will be required to remain away from the workplace in accordance

20

with references (l) and (m).  DoD civilian employees and DoD contractor personnel with CRA with positive COVID-19 screening tests will be offered, but not required to take, confirmatory laboratory-based molecular (i.e., polymerase chain reaction) testing paid for by the relevant DoD Component.  Contact tracing and mitigation measures will be conducted in accordance with references (l) and (m).  If the confirmatory test is negative, the individual is not considered to be COVID-19 positive and will be allowed into the workplace.

4. For DoD civilian employees, COVID-19 screening testing is expected to take no more than one hour of regular duty time, per test, to complete required testing as directed by the DoD Component.  Laboratory-based confirmatory COVID-19 testing for initial positive screening test results is expected to take no more than two hours of duty time.  This includes time for travel to the testing site, time to complete testing, and time to return to work. Commanders and supervisors will monitor duty time usage and keep duty time used for testing within these parameters to the extent possible.

5. DoD Components may bar DoD civilian employees who refuse required screening testing from their worksites on the installation or facility to protect the safety of others, including while any progressive disciplinary actions are pending.  While barred from their worksites on the installation or facility, such DoD civilian employees may be required to telework, as appropriate.

**ATTACHMENT 8**
**Requirements for Obtaining Self-Collection Kits and Self-Tests**

COVID-19 self-tests must have Instructions for Use and FDA approval, 510(K) premarket clearance or have an FDA Emergency Use Authorization, and will be made available through the Defense Logistics Agency.  DoD Components are responsible for funding required COVID-19 screening tests.

Funding for COVID-19 testing, if self-collection kits or self-tests are not available:

a.  Each DoD Component will reimburse Service members and DoD civilian employees for COVID-19 screening tests that require payment for purposes of meeting the screening testing requirement (e.g., if the screening test is not available through the DoD Component and must be administered by a facility who charges for the test).

b.  For COVID-19 testing of DoD contractor personnel with CRA, DoD Components will offer, if available, COVID-19 testing similar to that offered to DoD civilian employees at the DoD Component's expense and at no cost to the contractor personnel or the contractor.

## ATTACHMENT 9
## Privacy Requirements

Under this guidance memorandum, the DoD may collect and maintain sensitive and private information about individuals, including medical information.  Consistent with the Religious Freedom Restoration Act of 1993, 42 U.S.C. chapter 21B, and Title VII of the Civil Rights Act, 42 U.S.C. chapter 21, subchapter VI, individuals seeking a religious exemption from the vaccination requirement will submit to DoD supporting information about their religious beliefs and practices in order for DoD to evaluate the exemption request.  Information collected from individuals under this guidance, including vaccination information, test results, and medical or religious information supporting vaccine exemption requests, will be treated in accordance with applicable laws and policies on privacy, including the Privacy Act of 1974 and DoD Instruction 5400.11, "DoD Privacy and Civil Liberties Programs," January 29, 2019 (reference (n)), the Rehabilitation Act of 1973, as amended ("Rehabilitation Act"), and 5 CFR Part 293, subpart E.  While such information may be sensitive and is to be safeguarded, it is not covered by the Health Insurance Portability and Accountability Act (HIPAA) and the associated HIPAA Rules.

Information gathered under this guidance may be shared with immediate supervisors, authorized human resources officials, designated decision makers, and, in appropriate cases, subject matter experts, who must access the information to implement the guidance.  DoD Components are advised to consult their Component Privacy Officer and servicing legal office if there is a need to share medical or religious information collected under this guidance with DoD personnel beyond what this guidance permits or with individuals outside of DoD.  Religious information will be accessible only to those persons who have a role in carrying out the procedures outlined in this memorandum.  Medical information obtained from DoD civilian employees, including vaccination status, will be accessible only to immediate supervisors, authorized human resources officials, and, for exemption requests, designated decision makers and subject matter experts, who must access the information to implement the guidance in this memorandum.  The Rehabilitation Act's requirements on confidentiality of medical information apply whether or not a DoD civilian employee has a disability.

DoD personnel will use appropriate safeguards in handling and storing DoD civilian employee medical information, including a DoD civilian employee's proof of vaccination, the DD Form 3175, COVID-19 test results, and exemption requests.  Appropriate safeguards may include encrypting emails and electronic files, and role-based access to electronic storage environments where this information is maintained.  In the event the information is maintained in paper form, supervisors and other authorized DoD personnel must ensure DoD civilian employee medical information remains confidential and is maintained separately from other personnel files (e.g., stored in a separate, sealed envelope marked as confidential DoD civilian employee medical information and maintained in locked file cabinets or a secured room).  DoD Components are advised to refer to applicable internal guidance on the handling, storage, and disposition of DoD civilian employee medical records, and to consult their Component Privacy Officer as needed for further guidance.

## ATTACHMENT 10
### References

(a) Under Secretary of Defense for Personnel and Readiness Memorandum, Force Health Protection Guidance (Supplement 23) Revision 1 – Department of Defense Guidance for Coronavirus Disease 2019 Vaccination Attestation, Screening Testing, and Vaccination Verification, October 18, 2021 (hereby rescinded)

(b) Safer Federal Workforce Task Force, "COVID-19 Workplace Safety:  Agency Model Safety Principles," September 13, 2021

(c) Executive Order 14043, "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees," September 9, 2021

(d) Deputy Secretary of Defense Memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of DoD Civilian Employees," October 1, 2021

(e) Secretary of Defense Memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members," August 24, 2021

(f) United States Office of Personnel Management Memorandum, "Guidance on Applying Coronavirus Disease 2019 Vaccination Requirements to New Hires – Executive Order 14043," October 1, 2021

(g) United States Office of Personnel Management Memorandum, "Guidance on Enforcing Coronavirus Disease 2019 Vaccination Requirement for Federal Employees – Executive Order 14043," October 1, 2021

(h) Department of Defense Directive 5100.03, "Support of the Headquarters of Combatant and Subordinate Unified Command" February 9, 2011, Incorporating Change 1, September 7, 2017

(i) Safer Federal Workforce Task Force, "COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors," September 24, 2021

(j) Principal Director for Defense Pricing and Contracting Memorandum, "Class Deviation 2021-O0009—Ensuring Adequate COVID-19 Safety Protocols for Federal Contractors, October 1, 2021

(k) Executive Order 14042, "Ensuring Adequate COVID Safety Protocols for Federal Contractors," September 9, 2021

(l) Acting Under Secretary of Defense for Personnel and Readiness Memorandum, "Force Health Protection Guidance (Supplement 18) – Department of Defense Guidance for Protecting All Personnel in Department of Defense Workplaces During the Coronavirus Disease 2019 Pandemic," March 17, 2021

(m) Acting Under Secretary of Defense for Personnel and Readiness Memorandum, "Force Health Protection Guidance (Supplement 15) Revision 2 – Department of Defense Guidance for Coronavirus Disease 2019 Laboratory Testing Services," July 2, 2021

(n) Department of Defense Instruction 5400.11, "DoD Privacy and Civil Liberties Programs," January 29, 2019

# EXHIBIT 9



**THE ASSISTANT SECRETARY OF THE NAVY**
(MANPOWER AND RESERVE AFFAIRS)
1000 NAVY PENTAGON
WASHINGTON, D.C. 20350-1000

NOV 0 5 2021

MEMORANDUM FOR ASSISTANT SECRETARIES OF THE NAVY
GENERAL COUNSEL
COMMANDANT OF THE MARINE CORPS
CHIEF OF NAVAL OPERATIONS

Subject:  Mandatory Coronavirus Disease 2019 Vaccination of Department of Navy
Civilian Employees

Ref: (a) Force Health Protection (FHP) Guidance (Supplement 23) Revision 2,
October 29, 2021
(b) Department of the Navy (DON) COVID-19 Mandatory Vaccination Plan for Civilian
Employees, November 2021

In support of the President's efforts to protect the health of the force and ensure
warfighting readiness, the Department of Defense (DoD) published reference (a) on October 29,
2021.  To ensure consistent implementation of the Force Health Protection, Supplement 23,
Revision 2, across the DON, Commands and Organizations shall follow the process outlined in
the DON COVID-19 Mandatory Vaccination Plan for Civilian Employees, issued November 5,
2021, a copy of which is attached to this guidance.

Our goal is to ensure the guidance provides an overarching framework to safeguard our
most important asset, our people, within federal facilities.  The guide was established to ensure
clear communication at every level, deliver flexibility when needed, and provide managers and
supervisors with the tools they need to communicate effectively with employees during the
compliance process.

While the DON COVID-19 Mandatory Vaccination Plan for Civilian Employees will
serve to meet these goals, please recognize that we are operating in a dynamic environment.  You
should expect the plan to be adjusted as necessary to align with DoD or other relevant guidance
as updates occur.

I appreciate the team effort and hard work everyone has invested during the rollout of the
vaccination mandate.  We still have a lot of work to do and questions to answer, but I am
confident in the collective ability of our force to meet future challenges.  Questions may be
directed to Ms. Christina Lhamon, Director, Workforce Relations and Compensation, at
christina.lhamon@navy.mil.

*Robt. D. Hogue*

Robert D. Hogue
Acting

Subject:  Mandatory Coronavirus Disease 2019 Vaccination of Department of Navy
          Civilian Employees

Attachment:
As Stated

Distribution:
ASN (EI&E)
ASN (FM&C)
ASN (M&RA)
ASN (RD&A)
GC
ACMC
VCNO
DUSN
AUDGEN
CHINFO
CNR
DMCS
DNS
JAG
DON CIO
NAVIG
NCIS
OLA
OSBP
Echelon 1 and 2 Commands

# COVID-19 Mandatory Vaccination Plan

# for Civilian Employees

# Department of the Navy

Updated: November 5, 2021





COVID-19 CIVILIAN MANDATORY VACCINATION PLAN

# Table of Contents

REFERENCES ...........................................................................................................................2

1. BACKGROUND...................................................................................................................2

2. APPLICABILITY .................................................................................................................3

3. VACCINATIONS.................................................................................................................3

4. TIMELINES.........................................................................................................................4

5. LEAVE  - *UPDATED* .......................................................................................................5

6. DOCUMENTATION  - *PENDING ADDITIONAL GUIDANCE - UPDATED* ..................6

7. CONFIDENTIALITY OF INFORMATION .........................................................................7

8. PRIOR TO BEING FULLY VACCINATED .......................................................................8

9. HIRING................................................................................................................................8

10. EXEMPTIONS - *PENDING ADDITIONAL GUIDANCE - UPDATED* ............................9

11. ENFORCEMENT...............................................................................................................10

12. COLLECTIVE BARGAINING ..........................................................................................11

13. CIVILIAN EMPLOYEE ASSISTANCE PROGRAM - *UPDATED* .................................12

14. FACILITIES ......................................................................................................................12

15. WORKERS' COMPENSATION - *UPDATED*..................................................................13

16. TRAVEL TO OBTAIN REQUIRED VACCINATION ......................................................13

17. TESTING - *PENDING ADDITIONAL GUIDANCE - NEW*...........................................13

APPENDIX A: DD FORM 3176, MEDICAL EXEMPTION.....................................................14

APPENDIX B: DD FORM 3177, RELIGIOUS EXEMPTION...................................................16



## References

a) Deputy Secretary of Defense Memorandum, "Coronavirus Disease 2019 Vaccine Guidance" December 7, 2020

b) DoD Instruction 5400.11, "DoD Privacy and Civil Liberties Programs," Change 1, December 8, 2020

c) Executive Order 14043, "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees" September 9, 2021

d) DoD Coronavirus Task Force Diagnostics and Testing Lead Memorandum, "Optimization of Coronavirus Disease 2019 (COVID-19) Testing Resources," March 8, 2021

e) Acting Under Secretary of Defense for Personnel and Readiness Memorandum, "Force Health Protection Guidance (Supplement 18) – Department of Defense Guidance for Protecting All Personnel in Department of Defense Workplaces During the Coronavirus Disease 2019 Pandemic," March 17, 2021

f) Office of the Under Secretary of Defense (Comptroller)/Chief Financial Officer of the Department of Defense, "DoD Response to the Novel Coronavirus – Cost Reporting Guidance," April 13, 2020

g) Acting Under Secretary of Defense for Personnel and Readiness Memorandum, "Force Health Protection Guidance (Supplement 15) Revision 2 – Department of Defense Guidance for Coronavirus Disease 2019 Laboratory Testing Services," July 2, 2021

h) Acting Under Secretary of Defense for Personnel and Readiness Memorandum, "Force Health Protection Guidance (Supplement 22) – Department of Defense Guidance for Coronavirus Disease 2019 Surveillance and Screening Testing," July 21, 2021

i) Safer Federal Workforce Task Force "COVID-19 Workplace Safety: Agency Model Safety Principles," July 29, 2021

j) Secretary of Defense Memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members," August 24, 2021

k) Executive Order 14043, "Requiring Coronavirus Disease 2019 Vaccination for Federal Employees," September 9, 2021

l) Director, OPM Memorandum for the Heads of Executive Departments and Agencies, October 1, 2021

m) OPM Guidance on Enforcement of Coronavirus Disease 2019 Vaccination Requirement for Federal Employees – Executive Order 14043, October 1, 2021

n) Deputy Secretary of Defense Memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of DoD Civilian Employees", October 1, 2021

o) Under Secretary of Defense for Personnel and Readiness Memorandum, "Force Health Protection Guidance (Supplement 23) Revision 2 – Department of Defense Guidance for Coronavirus Disease 2019 Vaccination Attestation and Screening Testing for Unvaccinated Personnel," October 29, 2021

## 1. Background

On September 9, 2021, President Joseph R. Biden signed Executive Order 14043, mandating Coronavirus Disease 2019 (COVID-19) vaccination for all Federal employees, including Non-Appropriated Fund (NAF) employees. Due to the current and ongoing nationwide public health



emergency, President Biden determined that to halt the spread of COVID-19, including the B.1.617.2 (Delta) variant, and to promote the health and safety of the Federal workforce, and the health and safety of members of the public with whom they interact, and the efficiency of the civil service, it is necessary to require COVID-19 vaccination for all Federal employees, subject to exemptions, such as those based on medical or religious reasons, as required by law. Accordingly, the Department of the Navy (DON) is implementing a mandatory COVID-19 vaccination policy for civilians in accordance with E.O. 14043 and the DON's duty to provide and maintain a workplace that is free of known hazards. Not only will the vaccination requirement promote a safer workplace, it will also help to slow the spread of COVID-19 and assist in the prevention of infection from the highly contagious Delta variant or other emerging variants.

## 2. Applicability

DON civilian employees to include Foreign National (FN) employees in Bahrain, Cuba (Guantanamo Bay), and the British Indian Ocean Territory (Diego Garcia), must become fully vaccinated no later than **November 22, 2021**. Foreign national employees in other countries will not be subject to this policy until the conditions of a mandatory vaccination policy for their respective foreign labor systems have been negotiated with their host governments. Guidance for contract employees will be provided under separate cover.

DON employees on an extended leave of absence that is expected to continue beyond November 22, 2021, (e.g., utilizing annual leave, sick leave, donated annual leave, military leave, leave without pay, paid parental leave, unpaid leave under Family and Medical Leave, or workers compensation) are not required to be vaccinated by the November 22, 2021, deadline. Seasonal employees, student volunteers, interns and other employees who are on an extended break and are not expected to return to duty prior to November 22, 2021, are not required to be vaccinated by November 22, 2021. In such situations, employees must submit documentation establishing that they are fully vaccinated (or request a legally required exemption) prior to the employee returning to duty.

## 3. Vaccinations

Employees are considered fully vaccinated two weeks after completing the second dose of a two-dose COVID-19 vaccine or two weeks after receiving a single dose of a one-dose COVID-19 vaccine. Vaccines must be either fully licensed or authorized for emergency use by the U.S. Food and Drug Administration (e.g., Pfizer, Moderna, Johnson & Johnson); listed for emergency use on the World Health Organization (WHO) Emergency Use Listing (e.g., AstraZeneca/Oxford); or an approved clinical trial vaccine for which vaccine efficacy has been independently confirmed (e.g., Novavax). Evidence of COVID-19 anti-bodies as a result of previous infection(s) does not satisfy this vaccination requirement; these individuals must also be fully vaccinated. Absent an approved legally required exemption, employees who are on maximum telework or working remotely are not excused from this mandate.

    a.  COVID-19 vaccines are widely available. There are several ways employees can find vaccination providers within in the United States, including:



COVID-19 CIVILIAN MANDATORY VACCINATION PLAN

- Visit Vaccines.gov to find vaccination providers.
- Text ZIP code to 438829 or call 1-800-232-0233 to find the nearest vaccine locations in the United States.
- Check local pharmacy's website to see if vaccination appointments are available. Find out which pharmacies are participating in the Federal Retail Pharmacy Program.
- Contact state health departments to find additional vaccination locations.

b. Department of Defense (DoD) civilian employees are eligible to receive the COVID-19 vaccine at any DoD vaccination site, including military treatment facilities. Employees may also opt to receive the COVID-19 vaccine at other locations, to include retail stores, private medical practices, and/or local and state public health department sites. See Deputy Secretary of Defense Memorandum, "Coronavirus Disease 2019 Vaccine Guidance," December 7, 2020. Vaccine brand availability may vary based on employee location and other local conditions. The DON encourages employees to plan ahead and allow enough time to receive all required vaccine doses by the November 8, 2021, deadline listed below.

It is important to note that documented COVID-19 cases among immunized personnel are very infrequent and most cases have been mild to moderate. The rise of the highly transmissible Delta variant and the speed with which it transmits among individuals pose increased risks to our workforce and the DON's mission. Employees are encouraged to visit the CDC's website at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html to obtain information regarding the benefits of getting a COVID-19 vaccination.

## 4. Timelines

Employees are considered fully vaccinated two weeks after completing the second dose of a two-dose COVID-19 vaccine or two weeks after receiving a single dose of a one-dose COVID-19 vaccine. For example, those who are not currently fully vaccinated must meet the following deadlines in order to be fully vaccinated by November 22, 2021:

| Vaccine | 1st Dose Deadline | 2nd Dose Deadline |
|---|---|---|
| Moderna | October 11 | November 8 |
| Pfizer-BioNTech/Comirnaty | October 18 | November 8 |
| Johnson & Johnson/Janssen | November 8 | n/a |

FN employees who are fully vaccinated with a WHO-approved vaccine (e.g. AstraZeneca/Oxford), are considered to meet the requirements of this policy. A list of WHO-approved vaccines is available at: https://extranet.who.int/pqweb/vaccines/covid-19-vaccines.



COVID-19 CIVILIAN MANDATORY VACCINATION PLAN

### 5. Leave  - *Updated*

DON employees are not required to request leave to become vaccinated. To facilitate expeditious vaccination of the federal workforce, DON organizations must allow employees to undertake mandatory COVID-19 vaccination doses on regular duty time, during the course of their normally scheduled workday. In most circumstances, employees are authorized to take up to four hours to travel to the vaccination site, complete a vaccination dose, and return to work—for example, up to a total of eight hours of duty time for employees receiving two doses. (If an employee needs to spend less time getting the vaccine, only the needed amount of duty time should be granted.) DON organizations should require employees taking longer than four hours to document the reasons for the additional time (e.g., they may need to travel long distances to get the vaccine).

Since booster vaccinations are not required under the mandate, employees are not authorized to receive booster doses on duty time. However, to promote the safety of the Federal workforce and the public they serve, DON organizations must grant leave-eligible employees up to four hours of administrative leave to receive any authorized COVID-19 vaccine booster shot, if they are eligible to receive such a booster shot. Similarly, DON organizations must grant leave-eligible employees up to four hours of administrative leave to receive any authorized additional dose of COVID-19 vaccine. The administrative leave will cover the time it takes to travel to the vaccination site, receive the vaccination dose, and return to work.

If an employee needs to spend less time getting the vaccine booster shot or additional dose, only the needed amount of administrative leave should be granted. Employees should obtain advanced approval from their supervisor before using administrative leave for purposes of obtaining a COVID-19 vaccine booster shot or additional dose. Employees may not be credited with administrative leave or overtime work for time spent getting a booster vaccine shot or additional dose outside their tour of duty.

In the case of booster shots, this policy may be applied retroactively to the time when authorized booster shots became available (i.e., no earlier than September 22, 2021, when the Food and Drug Administration (FDA) amended the emergency use authorization for the Pfizer-BioNTech COVID-19 vaccine to allow for the use of a single booster dose). In the case of additional doses, this policy may be applied retroactively to the time when authorized additional doses became available (i.e., no earlier than August 12, 2021, when the FDA amended the emergency use authorization for the Pfizer-BioNTech and Moderna COVID-19 vaccines to allow for the use of an additional dose in certain immunocompromised individuals).

DON organizations should grant up to two workdays of administrative leave if an employee has an adverse reaction to a COVID-19 vaccination dose that prevents the employee from working (i.e., no more than two workdays for reactions associated with a single dose). If an employee requests more than two workdays to recover the employee may request an other appropriate leave (e.g. sick leave) to cover any additional absence. This policy on granting administrative leave is specific to the current COVID-19 pandemic situation and is designed to support agencies' missions by promoting the health and safety of the Federal workforce.



COVID-19 CIVILIAN MANDATORY VACCINATION PLAN

Based on the President's direction that the Federal government should work aggressively to maximize the number of people receiving the COVID-19 vaccination, the Administration has determined that, going forward, agencies must grant up to four hours of administrative leave per dose, including booster doses, for each family member the employee accompanies when receiving any dose of a COVID-19 vaccination. (If an employee needs to spend less time accompanying a family member who is receiving the COVID-19 vaccine, only the needed amount of administrative leave should be granted.) Employees should obtain advance approval from their supervisor before being permitted to use administrative leave for COVID-19 vaccination purposes. Employees may not be credited with administrative leave or overtime work for time spent outside their tour of duty helping a family member get vaccinated. This policy applies to covered vaccinations received after July 29, 2021. For this purpose, a "family member" is "any individual related by blood or affinity whose close association with the employee is the equivalent of a family relationship" (see 5 CFR 630.201).

## 6. Documentation  *- Pending Additional Guidance - Updated*

DON civilian employees are required to affirm and officially attest to their vaccination status. DD Form 3175 "Civilian Employee Certification of Vaccination", will be used for documenting employees' vaccination and includes a Privacy Act statement. Employees with access to milConnect (https://milconnect.dmdc.osd.mil/) will complete the DD Form 3175 via milConnect; otherwise use of a hard copy is acceptable. Employees using a hard copy will provide the completed form to their supervisor.  The DD Form 3175 may be accessed at https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd3175.pdf.  DON civilian employees will be required to complete DD Form 3175 even if attestations (under previous guidance via a DD Form 3150 "Certification of Vaccination") have already been provided.

DoD civilian employees will complete Section A of DD Form 3175. They must indicate their status (checking all that apply):]

        3a. I am fully vaccinated.
        3b. I have received one or more doses, but I am not yet considered fully vaccinated.
        3c. I have submitted proof of vaccination to my supervisor.
        3d. I have not received any vaccination doses.
        3e. I have submitted a request for an exemption from vaccination and a decision is still pending.
        3f. I have an approved exemption from vaccination.

Supervisors should discuss vaccination status with each employee individually to determine when and if the employee will come into compliance with this mandate.

To comply with DD Form 3175, Section A, 3c , the employee will show proof of vaccination status to their supervisor.  **However, supervisors should not retain vaccination documentation at this time.  Employees will be asked to submit documentation of vaccination for collection at a later date.**  Supervisors are only required to keep the documentation long enough to examine the documentation provided by the employee to certify the DD Form 3175.



COVID-19 CIVILIAN MANDATORY VACCINATION PLAN

Supervisors will be required to review vaccination documentation to verify the employee's certification of vaccination on the DD Form 3175. For purposes of the verification requirement, "supervisor" includes authorized human resources officials.

Acceptable vaccination documentation will include:

- Record of immunization from a health care provider or pharmacy including employee's name;
- COVID-19 Vaccination Record Card, a copy of medical records documenting the vaccination;
- Immunization records from a public health or state immunization information system; and
- Any other official documentation containing required data points.

    *Required data points:*

    - Type of vaccine administered;
    - Number of doses received;
    - Date(s) of administration; and
    - Name of the health care professional(s) or clinic site(s) administering the vaccine(s).

Employees may provide a hard copy or digital copy of vaccination documentation, including, for example, a digital photograph, scanned image, or PDF of such a record that clearly and legibly displays the information outlined above. Employees who are not fully vaccinated must provide proof of vaccination to their supervisor upon receipt of each required dose. Employees will be required to certify that the documentation they have provided is true and correct. Employees may not be required to use their own personal equipment for the purpose of submitting proof of vaccination or DD Form 3175. Employees who submit proof of vaccination or the DD Form 3175 in an electronic format are encouraged to use encrypted email or password protected files with DoD SAFE file transfer (https://safe.apps.mil/).

In addition to verifying that an employee's proof of vaccination includes the required data points, supervisors will complete Section B of DD Form 3175. Supervisors with access to milConnect (https://milconnect.dmdc.osd.mil/) will complete the DD Form 3175 via milConnect using the employee's Employee Identification Number; otherwise use of a hard copy is acceptable.

DON is developing an automation tool to assist with uploading hard copy DD 3175 forms for data reporting purposes. More information on the tool, will be released as soon as possible.

## 7. Confidentiality of Information

Information about an employee's COVID-19 vaccination is considered confidential medical information under the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973, as amended, and 29 Code of Federal Regulations (CFR) 1630.14, Medical Examinations and Inquiries Specifically Permitted. The above regulation requires employers to maintain the confidentiality of



**COVID-19 CIVILIAN MANDATORY VACCINATION PLAN**

employee medical information, such as documentation or other confirmation of COVID-19 vaccination, and that such information must be stored securely and separately from the employee's personnel files. These confidentiality requirements apply regardless of where the employee gets the vaccination.

The Privacy Act permits disclosure within the agency to employees "who have a need for the record in the performance of their duties" [5 U.S.C. 552a(b)(1)]. An employee's vaccination status will only be shared with appropriate agency officials who have a need to know to ensure effective implementation of the safety protocols, which, in many cases, will include supervisors in the employee's chain of command.

## 8. Prior to Being Fully Vaccinated

DON employees who are not fully vaccinated must comply with all requirements for individuals who are not fully vaccinated, including those requirements related to masking, physical distancing, and restrictions on official travel, as applicable. Regular COVID-19 testing is not required prior to November 22, 2021.  After November 22, 2021, those DON employees who are not fully vaccinated, including those who have medical or religious exemptions (pending or granted), will be required to test weekly, once their Command has published guidance establishing processes and procedures for doing so (see number 17, Testing).

## 9. Hiring

New DON civilian employees who start their government service on or after November 22, 2021 must be fully vaccinated prior to their start date, except in limited circumstances that includes the following:

- An exemption based on a medical condition or circumstance;

- An exemption based on a sincerely held religious belief, practice, or observance; or

- A temporary exemption approved by the SECNAV or designee of up to 60 days for urgent, mission-critical hiring needs in circumstances in which the selectee could not have been fully vaccinated between the time the vacancy announcement closes and the selectee's start date.

New DON civilian employees who begin their government service before November 22, 2021 must comply with the requirement to be vaccinated by that date. Servicing Human Resources Offices (HROs) must ensure that selectees onboarding on or before November 22, 2021, have been fully vaccinated or will be fully vaccinated by November 22, 2021, as verified by the command, prior to the establishment of an entrance on duty date. Statements regarding the requirement to be vaccinated will be included in vacancy announcements and job offer letters. For hiring actions currently underway, revised tentative and final job offers must be provided to selectees.



*COVID-19 CIVILIAN MANDATORY VACCINATION PLAN*

## 10. Exemptions - *Pending Additional Guidance - Updated*

All DON employees are subject to the vaccination requirement, except as required by law. DON civilian employees may request an exemption on the basis of a medical condition or circumstance, or a sincerely held religious belief, practice, or observance. Exemptions will be granted in limited circumstances and only where legally required.

If employees would like to seek an exemption for medical or religious reasons, they may promptly submit a request. Employees seeking an exemption are asked to submit their request to the applicable supervisor or management official within their chain of command (typically, the employee's immediate supervisor) by November 8, 2021.

To make a request for exemption from vaccination, DON civilian employees must provide an official statement that describes the medical or religious reason the employee objects to vaccination against COVID-19. Generally, such requests should be submitted in writing.

   a. To request a medical exemption, employees will be asked to complete DD Form 3176.
   https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd3176.pdf

   b. To request a religious exemption, employees will be asked to complete DD Form 3177.
   https://www.esd.whs.mil/Portals/54/Documents/DD/forms/dd/dd3177.pdf

DON civilian employees who make oral requests may be provided a sample written request format and/or be interviewed to develop the basis for the request. While the use of the DD Form 3176 and DD Form 3177 is optional for DON civilian employees, when DON civilian employees make a request, they must provide the following information.

   c. Medical.
   - A description of the medical condition or circumstance that is the basis for the request for a medical exemption from the COVID-19 vaccination requirement;
   - An explanation of why the medical condition or circumstance prevents the employee from being safely vaccinated against COVID-19; If it is a temporary medical condition or circumstance, a statement concerning when it will no longer be a medical necessity to delay vaccination against COVID-19; and
   - Any additional information, to include medical documentation that addresses the employee's particular medical condition or circumstance, which may be helpful in resolving the employee's request for a medical exemption from the COVID-19 vaccination requirement.

   d. Religious.
   - A description of the religious belief, practice, or observance that is the basis for the request for a religious exemption from the COVID-19 vaccination requirement;
   - A description of when and how the DON civilian employee came to hold the religious belief or observe the religious practice;



- A description of how the DON civilian employee has demonstrated the religious belief or observed the religious practice in the past;
- An explanation of how the COVID-l9 vaccine conflicts with the religious belief, practice, or observance;
- A statement concerning whether the DON civilian ernployee has previously raised an objection to a vaccination, medical treatment, or a medicine based on a religious belief or practice. If so, a description of the circumstances, timing, and resolution of the matter; and
- Any additional information that may be helpful in resolving the DON civilian employee's request for a religious exemption from the COVID-l9 vaccination requirement.

DON civilian employees who have already submitted written requests do not need to resubmit their request using DD Form 3176 or 3177. However, they may be asked to supplement their request if any of the above information is missing from their request.

Upon receipt, supervisors must provide a copy of any completed exemption request documents to their servicing Equal Employment Opportunity (EEO) office for tracking purposes. Further guidance on processing exemptions will be forthcoming from the DON. In the meantime, DON organizations should take no action on any exemption requests received from employees or applicants until such guidance is received.


## 11. Enforcement

DON organizations may initiate enforcement action as soon as November 22, 2021, unless the employee has received an exemption or the agency is considering an exemption request from the employee.

Enforcement actions include, but are not limited to:

- A 5-day period of counseling and education followed by

- A short suspension without pay, of 14 days or less, with an appropriate notice period.  Senior Executive Service members may only be suspended for more than 14 days followed by

- Removal from Federal service for failing to follow a direct order.

By November 22, 2021, an employee must meet one of the three following conditions to avoid potential enforcement actions:

1) Employee has provided proof of vaccination and it has been validated by a supervisor or human resource representative;

2) Employee has an exemption request submitted pending a decision;

3) Employee has received an approved exemption to the vaccination requirement.



Failure to meet any of the conditions outlined above may result in disciplinary action up to and including removal or termination from federal service in accordance with SECNAVINST 12752.1A and/or other disciplinary instructions, as applicable. DON organizations should not initiate enforcement actions while an employee's exemption request is pending adjudication.

DON organizations are reminded that the objective of discipline is to correct deficiencies in employee conduct. Discipline can deter misconduct and correct situations interfering with the efficiency of civil service. While the law and adverse action regulations do not require progressive discipline, particularly when dealing with probationary employees, this is the preferred approach in addressing non-compliance with the requirement to be vaccinated for tenured employees. With this in mind, DON organizations are strongly encouraged to consider relevant aggravating and mitigating factors when determining an appropriate penalty, including whether lesser disciplinary penalties are adequate to encourage employees to be vaccinated.

If an employee provides appropriate documentation demonstrating that they have come partially or fully into compliance with the vaccination requirement during the course of the disciplinary process, DON organizations should consider, depending on the circumstances, holding actions in abeyance or ending the disciplinary process, as appropriate in consideration of this new information. Additional guidance regarding enforcement of the COVID-19 vaccination requirement may be found on the Office of Personnel Management's (OPM) website at https://chcoc.gov/content/guidance-enforcing-coronavirus-disease-2019-vaccination-requirement-federal-employees-%E2%80%93. Supervisors should contact their servicing HRO and Office of General Counsel to discuss options available to address individual situations regarding enforcement of this requirement.

## 12. Collective Bargaining

DON organizations should engage with exclusive representatives at their earliest opportunity regarding the requirement for agency employees to be vaccinated. The Safer Federal Workforce Task Force has published government-wide policy which covers specific implementation steps that agencies need to take, as well as a deadline for implementation. As such, agencies must implement Government-wide policy by the deadline; any bargaining that has not been completed by the time of implementation will be finished post-implementation.

Those unions with national consultation rights have been consulted on this policy.

DON organizations should engage with joint service and host nation representatives in Japan, Italy, Spain, Greece, South Korea, Singapore, Romania, and Poland at their earliest opportunity regarding the requirement for agency employees to be vaccinated. Foreign national employees in these countries will not be subject to this policy until the conditions of a mandatory vaccination policy for their respective foreign labor systems have been negotiated with their host governments.



COVID-19 Civilian Mandatory Vaccination Plan

## 13. Civilian Employee Assistance Program - *Updated*

DON employees who are experiencing any personal issues or concerns that may be affecting them and/or their ability to comply with this mandatory vaccination requirement may obtain confidential counseling through the DON Civilian Employee Assistance Program (DONCEAP). For information concerning CEAP, please call 1-844-366-2327 or visit www.magellanascend.com. For MCCS and NEXCOM NAF employees please call 1-844-424-5988 or visit www.magellanascend.com. For CNIC NAF Employee Assistance Program, please call 1-800-932-0034 or visit www.acispecialtybenefits.com/. Use of this program does not exempt employees from meeting the vaccination requirement.

## 14. Facilities

DON employees (including local national employees and Service members not on active duty who are DoD civilian employees) who refused to receive, who are pending an exemption, or who are exempted from COVID-19 vaccination and are entering a DON facility may be required to undergo COVID-19 screening testing pending release of DoD guidance.

Non-DoD individuals must be vaccinated or provide proof of a negative COVID-19 test in order to gain access to DON buildings or DON leased spaces in non-DON buildings in which official DON business takes place (referred to jointly from here on as "DON facilities"). This policy applies whether the non-DoD individual is seeking one-time or recurring access in association with the performance of official DON business (e.g., to attend a meeting).

Vaccination status for non-DoD individuals may be demonstrated by producing the type of documentation outlined in Section 6 of this document. Official visitors who are unvaccinated, or who decline to volunteer their vaccination status, must show an electronic or paper copy of negative results from a COVID-19 test, administered no earlier than three days prior to their visit. If an official visitor is unable to show a negative COVID- 19 test result, the visitor will be denied access to DON facilities.

This policy does not apply to individuals receiving ad hoc access to DON facilities (e.g., delivery personnel, taxi services); to individuals accessing DON facilities unrelated to the performance of DON business (e.g., residential housing); or to individuals accessing DON facilities to receive a public benefit (e.g., commissary; exchange; public museum; air show; Morale, Welfare, and Recreation resources).

Visitors seeking access to facilities located on DON installations but operated by other Federal agencies or entities will follow the policies and procedures of the organization controlling that space. The Services may publish supplemental instructions, as necessary, to ensure facility access requirements are met. They may also implement more restrictive procedures or delegate authority to implement more restrictive procedures to local Commanders.



COVID-19 CIVILIAN MANDATORY VACCINATION PLAN

## 15. Workers' Compensation - *Updated*

The Federal Employees' Compensation Act (FECA) covers injuries that occur in the performance of duty for DON appropriated fund employees. DON employees subject to the vaccination mandate who receive required COVID-19 vaccinations on or after September 9, 2021, be afforded coverage under the FECA for adverse reactions to the COVID-19 vaccination and injuries sustained as the direct result of receiving their mandated vaccination. Examples of such injuries include but are not limited to accidents while commuting a reasonable distance to and from the vaccination site and slip and fall injuries occurring at the vaccination site.

Because COVID-19 vaccination is a specific event occurring during a single day or work shift, any adverse reactions or injuries should be reported on Department of Labor Form CA-1, Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation. Where two vaccinations are required several weeks apart, reactions to each are considered separate claims. Employees seeking to file a claim under FECA should contact their supervisor and/or Injury Compensation Program Administrator (ICPA) in their servicing HRO.

NAF employees are covered by the Longshore and Harbor Workers' Compensation Act (LWHCA). Because COVID-19 vaccination is a specific event occurring during a single day or work shift, any adverse reactions or injuries for NAF employees should be reported on Department of Labor Form LS-202, Employer's First Report of Injury or Occupational Illness. Where two vaccinations are required several weeks apart, reactions to each are considered separate claims. Employees seeking to file a claim under LHWCA should contact their supervisor and/or their servicing HRO.

## 16. Travel to Obtain Required Vaccination

If a civilian employee is unable to obtain a required vaccination at a Military Treatment Facility (MTF), then the standard travel and transportation allowances in the Joint Travel Regulations Chapter 2 may be authorized. If travel is required to obtain the vaccine at a MTF, employees may be reimbursed for local travel or temporary duty travel, as necessary in the execution of the travel to obtain the vaccine at the nearest MTF.

## 17. Testing - *Pending Additional Guidance - New*

The DON is working on the logistics supply and procedures to establish a testing program. Commands will be responsible for establishing policies and procedures for weekly testing of applicable employees.  In the interim, commands/organizations should continue to implement safety protocols that have been in place throughout the pandemic.


POC: Questions should be referred to the DON Office of Civilian Human Resources.



## COVID-19 Civilian Mandatory Vaccination Plan

## Appendix A: DD Form 3176, Medical Exemption

CUI (when filled in)

| REQUEST FOR A MEDICAL EXEMPTION OR DELAY TO THE COVID-19 VACCINATION REQUIREMENT | OMB No. 0704-0619 Exp. 20220430 |
|---|---|

The public reporting burden for this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing the burden, to the Department of Defense, Washington Headquarters Services, at whs.mc-alex.esd.mbx.dd-dod-informationcollections@mail.mil. Respondents should be aware that notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information if it does not display a currently valid OMB control number.

### PRIVACY ACT STATEMENT

**Authority:** DoD is authorized to collect the information on this form pursuant to 29 U.S.C. 794, 42 U.S.C. Chapter 21, Subch. VI; Executive Order (E.O.) 14043, Requiring Coronavirus Disease 2019 Vaccination for Federal Employees; E.O. 13163, Increasing the Opportunities for Individuals with Disabilities to be Employed in the Federal Government; E.O. 13164, Requiring Federal Agencies to Establish Procedures to Facilitate the Provision of Reasonable Accommodation; 29 CFR 1614.203, Rehabilitation Act; DoD Directive 1020.1, Nondiscrimination on the Basis of Handicap in Programs and Activities Assisted or Conducted by the Department of Defense; as well as 10 U.S.C. 113, 10 U.S.C. 136, 10 U.S.C. 7013, 10 U.S.C. 8013, 10 U.S.C. 9013, 10 U.S.C. 2672, 5 U.S.C. chapter 79, and DoD Instruction 6200.03.

**Principal Purpose:** The information on this form is being collected so that DoD may determine whether to grant your request for a medical exemption from the COVID-19 vaccination requirement for federal employees, pursuant to Executive Order 14043 and in furtherance of COVID-19 workplace safety plans.

**Routine Use(s):** While the information requested on this form is intended to be used primarily for internal purposes, in certain circumstances it may be necessary to disclose this information externally. For example, disclosure of medical condition or history information to authorized government officials for the purpose of conducting an investigation into DoD's compliance with the Rehabilitation Act of 1973; disclosure of medical condition or history information to first aid and safety personnel in the event an employee's medical condition might require emergency treatment or special procedures; to Federal agencies/entities participating in the DoD Computer/Electronic Accommodations Program (CAP) to permit the agency to carry out its responsibilities under the program; A complete list of routine uses may be found in the applicable System of Records Notice (SORN) associated with the collection of this information: DoD 0007, Defense Reasonable Accommodations and Assistive Technology Records, 86 Fed. Reg. 38692 (July. 22, 2010) (available at https://www.govinfo.gov/content/pkg/FR-2021-07-22/pdf/2021-15601.pdf).

**Consequences of Failure to Provide Information:** Providing this information is voluntary and use of this form is optional. Failure to provide the information requested on this form may impact DoD's ability to evaluate or act upon a request for a medical exemption from the COVID-19 vaccination requirement. Any intentional misrepresentation to the Federal Government may result in legal consequences, including termination and removal from Federal Service.

**Instructions:** Part 1 is to be completed by DoD civilian employees. Part 2 is to be completed by a licensed health care provider. Provide narrative responses where applicable (Blocks 8-10, 15-17). If additional space is needed, proceed on the appropriate continuation block (Block 11 or 20) by annotating the Section and Line number and continue your narrative response. Signing this form constitutes a declaration that the information you provide is, to the best of your knowledge and ability, true and correct. Any intentional misrepresentation to the Federal Government may result in legal consequences, including removal from Federal Service.

### PART 1. TO BE COMPLETED BY THE DOD CIVILIAN EMPLOYEE

| 1. Employee Name *(Last, First, Middle Initial)* | 2. DoD ID Number |
|---|---|
| 3. Office Symbol | 4. Date of Request *(YYYYMMDD)* |

| 5. Position/Title | 6. Supervisor Name | 7. Supervisor Phone Number |
|---|---|---|

8. Please provide a description of the medical condition or circumstance that is the basis for the request for a medical exemption from the COVID-19 vaccination requirement.

9. Please provide an explanation of why the medical condition or circumstance prevents you from being vaccinated.

10. Please provide any additional information, that addresses your particular medical condition or circumstance, which may be helpful in resolving your request for a medical exemption or delay from the COVID-19 vaccination requirement. If you have medical documentation (in addition to Part 2 of this Form) that addresses your particular medical condition or circumstance you may submit the documentation to your supervisor along with this form.

**DD FORM 3176, OCT 2021**
PREVIOUS EDITION IS OBSOLETE.

CUI (when filled in)

Controlled by: OUSD(P&R)
CUI Category: HLTH, PRVCY, OPSEC
LDC: DL(DoD Only)
POC: dodhra.mc-alex.dhra-hq.mbx.forms@mail.mil

**Page 1 of 2**



COVID-19 Civilian Mandatory Vaccination Plan

CUI (when filled in)

**11. Continuation**

I declare to the best of my knowledge and ability that the foregoing is true and correct.

| **12. Date** *(YYYYMMDD)* | **13. Signature** |
|---|---|

**PART 2. COMPLETED BY EMPLOYEE'S HEALTH CARE PROVIDER**

**14. Employee Name**

**MEDICAL CERTIFICATION FOR COVID-19 VACCINE EXEMPTION OR DELAY**

Dear Health Care Provider:

The Department of Defense requires its employees to be fully vaccinated against COVID-19, pursuant to Executive Order of the President of the United States. As indicated in Part 1, the individual named above is seeking a medical exemption to the requirement for COVID-19 vaccination or a delay because of a temporary condition or medical circumstance. Please complete this form to assist the Department in its review process.

Please provide at least the following information, where applicable, and use the continuation block as needed:

**15. Please identify any contraindication(s) or precaution(s) for COVID-19 vaccination that are applicable to the individual, and for each contraindication or precaution, indicate:**
(a) whether it is recognized by the U.S. Centers for Disease Control and Prevention pursuant to its guidance; and
(b) whether it is listed in the package insert or Emergency Use Authorization fact sheet for each of the COVID-19 vaccines authorized or approved for use in the United States.

**16. Please provide a statement detailing how the individual's condition and medical circumstances are such that COVID-19 vaccination is not considered safe. Please explain the specific nature of the medical condition or circumstance that contraindicates immunization with a COVID-19 vaccine or might increase the risk for a serious adverse reaction.**

**17. Please provide any other medical information that would limit the employee from receiving any COVID-19 vaccine.**

| **18. The condition described above is:** | **19. If the employee is seeking a delay due to a temporary medical condition or circumstance, please indicate when the employee would be able to safely receive a COVID-19 vaccination - provide details if limited to specific COVID-19 vaccine(s) or type(s) of COVID-19 vaccine.** |
|---|---|
| ☐ Temporary | |
| ☐ Long-Term/Permanent | |

**20. Continuation**

**21. Health Care Provider Name/Title**

| **22. Date** *(YYYYMMDD)* | **23. Medical Provider Signature** |
|---|---|

**DD FORM 3176, OCT 2021**
PREVIOUS EDITION IS OBSOLETE.

CUI (when filled in)

**Page of**



COVID-19 CIVILIAN MANDATORY VACCINATION PLAN

## Appendix B: DD Form 3177, Religious Exemption

CUI (when filled in)

### REQUEST FOR A RELIGIOUS EXEMPTION TO THE COVID-19 VACCINATION REQUIREMENT

#### PRIVACY ACT STATEMENT

**Authority:** DoD is authorized to collect the information on this form pursuant to Executive Order (E.O.) 14043, Requiring Coronavirus Disease 2019 Vaccination for Federal Employees; 42 U.S.C. Chapter 21, Subchapter VI; 42 U.S.C. Chapter 21B; as well as 10 U.S.C. 113, 10 U.S.C. 136, 10 U.S.C. 7013, 10 U.S.C. 8013, 10 U.S.C. 9013, 10 U.S.C. 2672, 5 U.S.C. chapter 79, and DoD Instruction 6200.03.

**Principal Purpose:** The information on this form is being collected so that DoD may determine whether to grant your request for a religious exemption from the COVID-19 vaccination requirement for federal employees, pursuant to Executive Order 14043 and in furtherance of COVID-19 workplace safety plans. Consistent with the Religious Freedom Restoration Act of 1993, 42 U.S.C. Chapter 21B, and Title VII of the Civil Rights Act, 42 U.S.C. Chapter 21, Subchapter VI, individuals seeking a religious exemption from the vaccination requirement will submit to DoD supporting information about their religious beliefs or practices in order for DoD to evaluate the exemption request.

**Routine Use(s):** While the information requested on this form is intended to be used primarily for internal purposes, in certain circumstances it may be necessary to disclose this information externally. For example to disclose information to: a person, organization, or governmental entity as necessary and relevant to notify them of, respond to, or guard against a public health emergency or other similar crisis, including to comply with laws governing the reporting of communicable disease or other laws concerning health and safety in the work environment; adjudicative or administrative bodies or officials when the records are relevant and necessary to an adjudicative or administrative proceeding; contractors, grantees, experts, consultants, students, and others as necessary to perform their duties for the Federal government; agencies, courts, and persons as relevant in the course of litigation, and as necessary and in accordance with requirements for law enforcement; or to a person authorized to act on your behalf. A complete list of routine uses may be found in the applicable System of Records Notices (SORN) associated with the collection of this information: **DPR 39 DoD, DoD Personnel Accountability and Assessment System of Records**, 85 Fed. Reg. 17047 (Mar. 26, 2020) (also available at https://dpcld.defense.gov/Portals/49/Documents/Privacy/SORNs/OSDJS/DPR-39-DoD.pdf).

**Consequences of Failure to Provide Information:** Providing this information is voluntary and use of this form is optional. Failure to provide the information requested on this form may impact DoD's ability to evaluate or act upon a request for a religious exemption from the COVID-19 vaccination requirement. Any intentional misrepresentation to the Federal Government may result in legal consequences.

**Instructions:** To be completed by DoD civilian employees. Provide narrative responses where applicable (Blocks 8-11, 12.b, 12.c, 13). If additional space is needed, proceed on the continuation block (Block 14) by annotating the Section and Line number and continue your narrative response. Signing this form constitutes a declaration that the information you provide is, to the best of your knowledge and ability, true and correct. Any intentional misrepresentation to the Federal Government may result in legal consequences, including removal from Federal Service.

| 1. Employee Name *(Last, First, Middle Initial)* | | 2. DoD ID Number |
| --- | --- | --- |
| 3. Office Symbol | | 4. Date of Request *(YYYYMMDD)* |
| 5. Position/title | 6. Supervisor Name | 7. Supervisor Phone Number |

**8. Please describe the religious belief, practice, or observance that is the basis for your request for a religious exemption from the COVID-19 vaccination requirement.**

**9. Please describe when and how you came to hold the religious belief or observe the religious practice.**

**10. Please describe how you have demonstrated the religious belief or observed the religious practice in the past.**

**11. Please explain how the COVID-19 vaccines conflict with your religious belief, practice, or observance.**

**DD FORM 3177, OCT 2021**
PREVIOUS EDITION IS OBSOLETE.

CUI (when filled in)

Controlled by: OUSD(P&R)
CUI Category: HLTH, PRVCY, OPSEC
LDC: DL(DoD Only)
POC: dodhra.mc-alex.dhra-hq.mbx.forms@mail.mil

Page 1 of 2



COVID-19 CIVILIAN MANDATORY VACCINATION PLAN

CUI (when filled in)

| | |
|---|---|
| **12.a Have you previously raised an objection to a vaccination, medical treatment, or medicine based on a religious belief or practice.**<br>☐ Yes   ☐ No | |
| **12.b  If Yes, please provide a description of the circumstances, timing, and resolution of the matter.** | |
| **12.c If No, please provide an explanation as to why your objection is limited to the particular COVID-19 vaccines.** | |
| **13. Please provide any additional information that may be helpful in resolving your request for a religious exemption from the COVID-19 vaccination requirement. You may submit additional documentation in support of this request to your supervisor along with this form.** | |
| **14. Continuation** | |
| I declare to the best of my knowledge and ability that the foregoing is true and correct. | |

| **15. Date** *(YYYYMMDD)* | **16. Signature** |
|---|---|
| | |

**DD FORM 3177, OCT 2021**
PREVIOUS EDITION IS OBSOLETE.

CUI (when filled in)

Page  of