UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON PAYNE,

Plaintiff

Civil Action No. 21-3077 (JEB)

v.

JOSEPH R. BIDEN, Jr., *et al*

Defendants

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY BRIEFING ON SUMMARY JUDGMENT PENDING THE RESOLUTION OF THEIR MOTION TO DISMISS**

Introduction

The defendants have moved to stay briefing on the plaintiff's motion for summary judgment pending the resolution of the defendants' yet-unfiled motion to dismiss. ECF No. 10. For the reasons discussed below, the plaintiff believes the defendants' motion should be denied. Instead, the plaintiff proposes the court order the defendants to file a combined motion to dismiss and opposition to summary judgment by February 7, 2022; the plaintiff to file his combined opposition and reply by March 7, 2022; and the defendants to file their reply to the plaintiff's opposition by March 21, 2022.

Argument

This case presents two narrow questions, both of which can be addressed through a summary judgment motion. First, as is always the case, the court must

decide if there is jurisdiction. ECF No. 10 at 3. Second, the court must decide if there is constitutional authority for the federal civilian worker vaccine mandate. *See, e.g.,* ECF No. 1 ¶¶ 1, 61-72.

The undisputed material facts are fully summarized in ECF No. 10 at 1-2. No discovery is presently anticipated. This case presents a question of law and only a question of law. *See Am. Hosp. Ass'n v. Dep't of Health & Hum. Servs.*, Case No. 18-2112 (JDB), 2018 WL 5777397, at *2 (D.D.C. Nov. 2, 2018); *Nat. Fed'n of Indep. Bus. et al v. Dep't of Labor et al,* and *Ohio et al v. Dep't of Labor et al,* Order List: 595 U.S. ___, 21A244, 21A247 (2021) (stay deferred pending oral argument on Friday, January 7, 2022) https://www.supremecourt.gov/orders/courtorders/122221zr2_f20h.pdf; *Biden v. Missouri, et al,* and *Becerra et al v. Louisiana, et al,* Order List: 595 U.S. ___, 21A240, 21A241 (2021) (stay deferred pending oral argument on Friday, January 7, 2022) https://www.supremecourt.gov/orders/courtorders/122221zr1_d18e.pdf.

Additionally, the defendants have threatened to fire all federal civilian workers, including Mr. Payne, who have refused injection because of the health risks it presents to people with infection-acquired immunity and not because of religious or other medical concerns. *See* ECF No. 1 ¶¶ 38-39, 41-46, 49-55, 58. The defendants have not offered to maintain the status quo while this case is being litigated. Therefore, expedition is warranted.[1]

The cases cited by the defendants in ECF No. 10 as authority for a stay of summary judgment briefing are factually and procedurally inapposite, and therefore

[1] Of course, if the defendants will agree to pause any discipline and discharge while this case is being litigated, then the plaintiff will have more flexibility with respect to briefing schedules and deadlines.

neither controlling nor persuasive. For example, in *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55 (D.D.C. 2013), the defendants filed a joint motion to dismiss. After three extensions, the plaintiff filed an opposition. Then the defendants filed a reply. Then the plaintiff filed for summary judgment. Substantial additional motion practice followed. Thus, only after a year of litigation, 21 entries by the litigants on the docket, and hundreds of pages of briefing did Judge Collyer rule that, "Not needing more lawyers to spend more time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay and ordered that no additional pleadings could be filed without leave." 925 F. Supp. 2d at 59.

In *Daniels v. United States*, 947 F. Supp. 2d. 11 (D.D.C. 2013), the plaintiff filed his complaint. The government moved to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment. The plaintiff filed an amended complaint. The court then denied the pending motion to dismiss as moot, stayed the government's motion for summary judgment to allow it time to file a new motion challenging the justiciability of the plaintiff's claims against his command, and denied the plaintiff's motion for an extension of time to file a cross-motion for summary judgment. It stayed briefing and consideration of the government's motion for summary judgment pending resolution of the new motion to dismiss. 947 F. Supp. 2d at 15.

In *United States v. W. Elec. Co.*, 158 F.R.D. 211, 220 (D.D.C.), aff'd, 46 F.3d 1198 (D.C. Cir. 1995), the court rejected an attempt by a group of wireless companies to tie a motion by AT&T to "their own recently filed motions seeking broad and far-

ranging relief." Specifically, "AT&T's motion addresses a specific and narrow issue." *Id.* The other pending motions, in contrast, requested "broad and significant changes in the decree—one of the motions seeking to vacate the decree entirely. The Regional Companies cannot reasonably expect to fuse consideration of these broad requests by simply tagging onto AT&T's relatively discrete motion." *Id.*

In *Comm. on Ways & Means, U.S. House of Representatives v. U.S. Dep't of the Treasury*, No. 1:19-CV-01974 (TNM), 2019 WL 4094563, at *3 (D.D.C. Aug. 29, 2019), a congressional committee sought President Trump's tax records. In granting a stay of summary judgment briefing, the court noted that President Trump intended to seek discovery, and, importantly, "that by the time summary judgment is appropriate, this case might look very different. There may be new caselaw, new facts, and new parties." *Comm. on Ways & Means*, 2019 WL 4094563, at *3.

The defendants' cases simply bear no similarity to the instant matter. *Am. Hosp. Ass'n,* 2018 WL 5777397, is a better and factually analogous authority, and it supports the plaintiff's position. There, as here, the plaintiffs filed concurrently with the complaint a motion for summary judgment focused on a narrow question of law, *id.* at *1; the government moved to stay briefing of the summary judgment motion until after the court had decided the government's yet-to-be-filed motion to dismiss raising "threshold" non-merits issues, *id.* at *1-2; and the potential jurisdictional issues the government flagged could be equally considered at the summary judgment stage, *id.* at * 3. n3. Judge Bates ruled:

> [P]ostponing summary judgment briefing pending the resolution of the government's anticipated motion to dismiss would not serve the orderly

> disposition of this case. Federal Rule of Civil Procedure 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b) (emphasis added). Although "in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading," Fed. R. Civ. P. 56 advisory committee's notes (2010 amendment), in APA cases early summary judgment motions are often appropriate, as "[t]he entire case on review is a question of law, and only a question of law," The line that divides the motion-to-dismiss stage of proceedings from summary judgment is therefore less clear.

2018 WL 5777397, at *2 (citations omitted); *accord Clean Water Action v. Pruitt,* No. 17-CV-0817 (KBJ), 2017 WL 8292486, at *1 (D.D.C. Aug. 4, 2017) ("in the interests of administrative efficiency" the court "permitted EPA to reassert its dismissal arguments in a consolidated cross-motion for summary judgment and brief in opposition to Plaintiffs' existing summary judgment motion").

The defendants seek to make much out of alleged "threshold" jurisdictional questions, *see* ECF No. 10 at 3-5, but the plaintiff believes that this court has jurisdiction, and that he will prevail on the merits. [2] The Supreme Court has never

[2] In *Rydie v. Biden,* the district court held:

> The President derives his authority to regulate the federal workforce from the Constitution, not from Congress's enactments. *See* U.S. Const. art. II, § 1, cl. 1. "[I]f any power whatsoever is in its nature Executive, it is the power of appointing, overseeing, and controlling those who execute the laws." *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 492 (2010) (quotation omitted). Although Congress can limit the scope of the President's discretion in this arena, it endorsed his action here. The civil service laws state that the President may "prescribe regulations for the conduct of employees in the executive branch," 5 U.S.C. § 7301, and terminate employees for cause, 5 U.S.C. § 7513(a). Those statutes also make clear that employees' fitness and health are relevant to their job performance. 5 U.S.C. § 3301(2).

*Rydie v. Biden*, No. CV DKC 21-2696, 2021 WL 5416545, at *3 (D. Md. Nov. 19, 2021). This reasoning is flawed. First, *Free Enter. Fund* does not at stand for the proposition cited. The case concerned executive officers not federal civilian civil service workers and relying on it for the vaccine mandate is unsupportable. Second, if the President derives authority to "regulate the federal workforce from the Constitution", then where does the Congress find authority to "limit the scope of the President's discretion in this arena"? Third, how did Congress "endorse" a vaccine mandate imposed by Executive Order and memorandum authorizing the Executive to issue "regulations for the conduct of employees"? And fourth, why did Judge Chasanow absolutely fail to analyze the cited foundations for the Executive Orders imposing the mandate? *Rydie* is simply not the sort of case the government should rely on.

held that the questions presented here are of the sort that must or should be channeled through the Merit Systems Protection Board. Among other things, this case does not require fact finding, and the plaintiff is not challenging the constitutionality of a federal statute administered by the defendant agencies, as in *Elgin v. Dep't of Treasury,* 567 U.S. 1, 20 (2012) (Thomas, J.). Rather, this case should belong in and be decided by an Article III court. 28 U.S.C. § 1331; *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.,* 561 U.S. 477, 490-91 (2010); *United States v. Fausto*, 484 U.S. 439, 455 (1980) (Blackmun, J., concurring). The court's power and responsibility to vindicate constitutional rights should not lightly be set aside.

Regardless, the material facts are few and undisputed and the legal issues exceedingly narrow and well-defined. The only argument is about the constitutional authority for the defendants' actions. Accordingly, there is no practical distinction between a 12(b) motion and a motion for summary judgment, *see, e.g., Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993), and no good reason for the court to eschew the efficiencies and time savings attendant to combined briefing.

Conclusion

ECF No. 10 should be denied, and combined briefing ordered in the interests of the efficient administration of justice. *Am. Hosp. Ass'n*, 2018 WL 5777397, at *3; *see also Clean Water Action,* 2017 WL 8292486, at *1.

Dated: December 23, 2021

Respectfully submitted,

/s/ *Reed D. Rubinstein*
REED D. RUBINSTEIN
D.C. Bar No. 400153
America First Legal Foundation
600 14th Street, N.W., Fifth Floor
Washington, D.C. 20005
(202) 964-3721
reed.rubinstein@aflegal.org
*Counsel for Plaintiff*

**Proof of Service**

I certify that I have served the Plaintiff's Opposition to the Defendants' Motion to Stay Briefing on Summary Judgment Pending the Resolution of their Motion to Dismiss on all counsel of record through the court's ECF system this 23rd day of December, 2021.

/s/ *Reed D. Rubinstein*
Counsel for the Plaintiff