UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOSEPH R. BIDEN, Jr., | ) |
| President of the United States, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 21-3077 (JEB)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**STATEMENT OF FACTS NOT IN DISPUTE**

Defendants Joseph R. Biden, Jr., President of the United States, and others, respectfully

submit this Response to Plaintiff's LCvR 7(h)(1) Statement of Material Facts, filed November

24, 2021.  ECF No. 4-1.

1.      The defendant President Joseph R. Biden, Jr. issued Executive Order 13,991, 86
Fed. Reg. 7045 (Jan. 25, 2021).

**RESPONSE TO NO. 1:**  Undisputed.

2.      Executive Order 13,991 created the defendant Safer Federal Workforce Task
Force ("Task Force").

**RESPONSE TO NO. 2:**  Undisputed.

3.      The defendant President Joseph R. Biden Jr. issued Executive Order 14,043, 86
Fed. Reg. 50,989 (Sept. 14, 2021).

**RESPONSE TO NO. 3:**  Undisputed.

4.      Section 2 of Executive Order 14,043 states: "Each agency shall implement, to
the extent consistent with applicable law, a program to requireCOVID–19 vaccination for all of
its Federal employees, with exceptions only as required by law. The Task Force shall issue
guidance within 7 days of the date of this order on agency implementation of this requirement for
all agencies covered by thisorder."

**RESPONSE TO NO. 4:**   Undisputed that Executive Order 14043 speaks for itself and is the

best evidence of its contents.  Disputed to the extent that the assertion in Paragraph 4 is

inconsistent with the Executive Order's text, meaning, or context.

5.      The defendant Task Force issued this guidance on September 13, 2021, and it is
published at Agency Model Safety Principles - September 13, 2021
(saferfederalworkforce.gov),
https://www.saferfederalworkforce.gov/downloads/updates%20to%20model%20safety%20princip
les%209.13.21.pdf.

**RESPONSE TO NO. 5:**   Undisputed that the Task Force issued a document titled "COVID-19

Workplace Safety: Agency Model Safety Principles" that can be accessed at the website

referenced in Paragraph 5.

6.      The defendant United States Office of Personnel Management issued hiring
guidance on October 1, 2021, and it is published at Guidance on Applying Coronavirus
Disease 2019 Vaccination Requirements to New Hires – Executive Order 14043 (opm.gov)
https://www.opm.gov/policy-data-oversight/covid-19/director-memo-on-hiring-guidance-
vaccine-requirements.pdf.

**RESPONSE TO NO. 6:**   Undisputed that the Office of Personnel Management issued a

Memorandum with the subject "Guidance on Applying Coronavirus Disease 2019 Vaccination

Requirements to New Hires – Executive Order 14043," dated October 1, 2021.

7.      The defendant United States Office of Personnel Management issued
enforcement guidance on or about October 1, 2021, and it is published at Guidance on
Enforcement of Coronavirus Disease 2019 Vaccination Requirement for Federal Employees –
Executive Order 14043 (opm.gov), https://www.opm.gov/policy-data-oversight/covid-
19/enforcement-guidance-faqs.pdf.

**RESPONSE TO NO. 7:**   Undisputed that the Office of Personnel Management issued a

Memorandum with the subject "Guidance on Enforcement of Coronavirus Disease 2019

Vaccination Requirement for Federal Employees -- Executive Order 14043," dated October 1,

2021.

8.      The defendant United States Department of Defense issued a memorandum mandating vaccination on October 1, 2021, and it is published at Mandatory Coronavirus Disease 2019 Vaccination of DoD Civilian Employees (defense.gov), https://media.defense.gov/2021/Oct/04/2002867430/-1/-1/0/MANDATORY-CORONAVIRUS-DISEASE-2019-VACCINATION-OF-DOD- CIVILIAN-EMPLOYEES-OSD008990-21-RESP-FINAL.PDF.

**RESPONSE TO NO. 8:**   Undisputed that the Department of Defense issued a Memorandum

with the subject "Mandatory Coronavirus Disease 2019 Vaccination of DoD Civilian

Employees," dated October 1, 2021.

9.      The defendant United States Department of Defense issued a vaccine mandate guidance on October 18, 2021, and it is published at Force Health Protection Guidance (Supplement 23) Revision 1, Department of Defense Guidance for Coronavirus Disease 2019 Vaccination Attestation, Screening Testing, and Vaccination Verification, https://media.defense.gov/2021/Oct/18/2002875550/-1/-1/1/FORCE-HEALTH-PROTECTION-GUIDANCE-SUPPLEMENT%2023- REVISION-1-DEPARTMENT-OF-DEFENSE-GUIDANCE-FOR-CORONAVIRUS- DISEASE-2019-VACCINATION-ATTESTATION-SCREENING-TESTING-AND- VACCINATION-VERIFICATION.PDF

**RESPONSE TO NO. 9:**   Undisputed that the Department of Defense issued a Memorandum

with the subject "Force Health Protection Guidance (Supplement 23) Revision 1 – Department of

Defense Guidance for Coronavirus Disease 2019 Vaccination Attestation, Screening Testing, and

Vaccination Verification," dated October 18, 2021.

10.     The defendant United States Department of Defense issued a revised vaccine mandate guidance on October 29, 2021, and it is published at Force Health Protection Guidance (supplement 23) Revision 2 Updated (defense.gov), https://media.defense.gov/2021/Nov/15/2002892852/-1/-1/0/FHP-GUIDANCE-(SUPPLEMENT-23)-REV-2-DOD-GUIDANCE-FOR-COVID-19-VACCINATION-ATTESTATION-SCREENING-TESTING-AND-VACCINATION-VERIFICATION-CORRECTED-COPY.PDF.

**RESPONSE TO NO. 10:**   Undisputed that the Department of Defense issued a Memorandum

with the subject "Force Health Protection Guidance (Supplement 23) Revision 2 – Department of

Defense Guidance for Coronavirus Disease 2019 Vaccination Attestation, Screening Testing, and

Vaccination Verification," dated October 29, 2021.

11.     The defendant United States Department of the Navy issued a vaccine mandate memorandum on November 5, 2021. An accurate and true copy of this memorandum is attached as ECF No. 1-9.

**RESPONSE TO NO. 11:**   Undisputed that the Department of the Navy issued a Memorandum

with the subject "Mandatory Coronavirus Disease 2019 Vaccination of Department of Navy

Civilian Employees," dated November 5, 2021.

12.     The plaintiff Jason Payne is a full-time federal civilian employee and have been since 2001. His title is Department Head, grade GS-15 equivalent, in the Office of Naval Research Global, within the Department of the Navy, within the Department of Defense. Prior to the Navy's vaccine requirement guidance, his expectation was that he would continue working in this Office. Affidavit of Jason Payne (Payne Aff.) at ¶ 4.

**RESPONSE TO NO. 12:**   Undisputed that Plaintiff is a full-time federal civilian employee who

currently holds the position of Supervisory General Engineer in the Office of Naval Research

Global with a duty location in Arlington, Virginia.  Defendants have no basis to doubt Plaintiff's

stated expectations prior to the Navy's vaccine requirement guidance.

13.     Mr. Payne was infected with COVID-19 in September 2020 and has fully recovered. Payne Aff. at ¶ 5.

**RESPONSE TO NO. 13:**   Defendants have no basis to doubt Plaintiff's assertion concerning

his COVID-19 infection and subsequent recovery.

14.     Mr. Payne is subject to Executive Order 14,043 and to the Department of Defense and Department of the Navy memoranda referenced above in paragraphs 8-11.

**RESPONSE TO NO. 14:**   The assertion in Paragraph 14 is not a statement of fact, but rather a

conclusion of law, and thus is inappropriately included in a statement of undisputed facts under

Local Civil Rule 7(h).  Defendants, however, do not contest the assertion in Paragraph 14.

15.     Under Executive Order 14,043, the Task Force guidance referenced above in paragraph 5, the Office of Personnel Management guidance for hiring and enforcement referenced above in paragraphs 6 and 7, and the Department of Defense and the Department of the Navy memoranda referenced above in paragraphs 8-11, Mr. Payne must be vaccinated for it is an explicit condition of his employment.

**RESPONSE TO NO. 15:**   The assertions in Paragraph 15 are not statements of fact, but rather conclusions of law, and thus are inappropriately included in a statement of undisputed facts under Local Civil Rule 7(h).  Defendants, however, do not contest the assertion in Paragraph 15.

16.     If Mr. Payne refuses to be vaccinated, then he will be progressively disciplined, ending with termination from the federal service.

**RESPONSE TO NO. 16:**   Undisputed that if Plaintiff is not in compliance with the applicable regulations and guidance concerning the vaccine requirement, he will be subject to discipline in accordance with such regulations and guidance.

17.     Mr. Payne has informed his supervisors he does not intend to submit to vaccination any presently foreseeable time. He has chosen to decline the medication because he believes he has already acquired infection-induced immunity, which he believes will protect himself and others, and because he believes the vaccine has been linked to serious, though rare, adverse side effects including myocarditis and pericarditis, Thrombosis with thrombocytopenia syndrome (TTS), and Guillain-Barré Syndrome (GBS). Additionally, he believes research indicates that vaccination presents a heightened risk of side effects in those who have already recovered from COVID-19. Payne Aff. at ¶¶ 10-12.

**RESPONSE TO NO. 17:**   Undisputed that Plaintiff has informed his supervisors that he does not intend to comply with the vaccination requirement.  Defendants have no basis to doubt Plaintiff's assertions concerning his beliefs about whether the vaccine is safe and effective.

18.     Mr. Payne has suffered adverse workplace consequences and injury because he has refused vaccination. *Id.* at ¶¶ 13-16.

**RESPONSE TO NO. 18:**   Undisputed that the Navy has counseled Plaintiff regarding his noncompliance with the vaccine requirement.

19.     At no point in his twenty years of federal service was it ever suggested to Mr. Payne that the Government could force federal civilian employees, except for those deemed "emergency essential" for combat operations, to be vaccinated as a condition of federal employment, or that the Government could impose such a mandate simply by issuing a guidance memorandum. *Id.* at ¶ 16.

**RESPONSE TO NO. 19:**  Defendants have no basis to doubt Plaintiff's assertions concerning

what was or was not suggested to him during his tenure in federal service.

20.     Mr. Payne believes forced vaccination violates his privacy and his right to bodily integrity and is unconstitutional. *Id.* at ¶17.

**RESPONSE TO NO. 20:**  Whether the vaccination requirement violates an individual's

constitutional rights is a legal question, not a statement of fact, and thus is not appropriate for a

statement of material facts pursuant to Local Civil Rule 7(h).  Indeed, that is the legal question

that the parties have presented to the Court in this motion.  Plaintiff's beliefs concerning that

matter is not relevant to the Court's adjudication of the pending motions.

21.     The document "NIH Research Matters, Lasting immunity found after recovery from COVID-19 (Jan. 26, 2021)" that is published at https://www.nih.gov/news-events/nih-research-matters/lasting-immunity-found-after-recovery-covid-19 states "The results provide hope that people receiving SARS-CoV-2 vaccines will develop similar lasting immune memories after vaccination".

**RESPONSE TO NO. 21:**  Undisputed that the National Institutes of Health posted an article on

the agency's website titled "Lasting immunity found after recovery from COVID-19," dated

January 26, 2021.

22.     The document "Mahesh B. Shenai, et al, *Equivalency of Protection from Natural Immunity in COVID-19 Recovered Versus Fully Vaccinated Persons: ASystematic Review and Pooled Analysis,* medRxiv, 2, 18 (2021)" that is published at https://www.medrxiv.org/content/10.1101/2021.09.12.21263461v1.full.pdf+html states "natural immunity in COVID-recovered individuals is, at least, equivalent tothe protection afforded by full vaccination of COVID-naïve populations", "vaccinationof COVID-recovered individuals should be subject to clinical equipoise and individualpreference", and "National policy should reflect the need for clinical equipoise andrestraint in the decision to vaccinate [COVID-recovered] individuals by mandate.".

**RESPONSE TO NO. 22:**  Undisputed that a document authored by Mahesh B. Shenai, Ralph

Rahme, and Hooman Noorchashm titled "Equivalency of Protection from National Immunity in

COVID-19 Recovered Versus Vaccinated Persons: A Systematic Review and Pooled Analysis,"

dated September 21, 2021, appears on the website medrxiv.org.

23.     The document cited in paragraph 22, above, is cited by the Centers for Disease Control and Prevention in the document "Centers for Disease Control and Prevention, Science Brief: SARS-CoV-2 Infection-induced and Vaccine-induced Immunity at fn.79 (Oct. 29, 2021)" that is published at https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/vaccine-induced-immunity.html#print.

**RESPONSE TO NO. 22:**  Undisputed.

Dated:  February 25, 2022                    Respectfully submitted,

                                             MATTHEW M. GRAVES, D.C. Bar #481052
                                             United States Attorney

                                             BRIAN P. HUDAK
                                             Acting Chief, Civil Division

                                             _____/s/ *Paul Cirino*_____
                                             PAUL CIRINO, D.C. Bar #1684555
                                             Assistant United States Attorney
                                             Civil Division
                                             U.S. Attorney's Office for the District of Columbia
                                             555 4th Street, N.W.
                                             Washington, D.C.  20530
                                             Telephone: (202) 252-2529
                                             Facsimile: (202) 252-2599
                                             paul.cirino@usdoj.gov

                                             *Attorneys for Defendant*